IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**KEITH LOWE,**

    *Plaintiff*,

 v.

**SUPERINTENDENT JOHN FRAME; COMMISSIONER WILLIAM MARSHALL; TIMOTHY THISTLETHWAITE, MD; and PSIMED CORRECTIONS, LLC,**

    **Defendants.**

Civil Action No. 2:25-cv-00272

Judge _____

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant PsiMed Corrections, LLC—with the consent of Defendant John Frame, Defendant William Marshall, and Defendant Timothy Thistlethwaite—hereby **REMOVES** this civil action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division. In support of such removal, Defendant PsiMed Corrections, LLC states:

**I.  NATURE OF REMOVED ACTION**

1. On April 17, 2025, Plaintiff Keith Lowe ("**Plaintiff**")—an inmate incarcerated at the Mount Olive Correctional Complex and Jail (the "**MOCC**") in Fayette County, West Virginia—filed a Verified Emergency Complaint for Injunctive Relief (the "**Complaint**") against Defendant John Frame, the Superintendent of the MOCC ("**Superintendent Frame**"); Defendant William Marshall, the Commissioner of the West Virginia Division of Corrections and Rehabilitation ("**Commissioner Marshall**"); Defendant PsiMed Corrections, LLC ("**PsiMed**"); and Defendant Timothy Thistlethwaite, M.D. ("**Dr. Thistlethwaite**," and, collectively, "**Defendants**"), in the Circuit Court of Kanawha County, West Virginia, styled *Keith Lowe v.*

1

*Superintendent John Frame, et al.*, Case No. 2025-C-513 (the "**Action**"). A copy of the Complaint is attached as **Exhibit A**. The single-count Complaint alleges a claim for deliberate indifference against each Defendant, pursuant to 42 U.S.C. § 1983. (*See* **Ex. A** [Compl.], ¶¶ 71–76.)

2. Upon information and belief, service of the Complaint has been made upon Superintendent Frame, Commissioner Marshall, and Dr. Thistlethwaite. To date, however, service of the Complaint has not been made upon PsiMed.[1] That notwithstanding, PsiMed obtained a copy of the Complaint on or about April 22, 2025, and, pursuant to Rule 81(c)(2)(A) of the Federal Rules of Civil Procedure, shall serve either a responsive pleading to the Complaint, or motion pursuant to Rule 12 of the Federal Rules of Civil Procedure, on or before May 13, 2025 (i.e., twenty-one days after its receipt of the Complaint).

3. In accordance with Local Rule 3.4(b), a copy of the docket sheet obtained from the Clerk of the Circuit Court of Kanawha County, West Virginia, on April 24, 2025, is attached as **Exhibit B**.

---

[1] PsiMed expressly preserves all defenses afforded to it under the Federal Rules of Civil Procedure, including, but not limited to: lack of subject-matter jurisdiction, *see* FED. R. CIV. P. 12(b)(1); lack of personal jurisdiction, *see* FED. R. CIV. P. 12(b)(2); improper venue, FED. R. CIV. P. 12(b)(3); insufficient process, *see* FED. R. CIV. P. 12(b)(4); insufficient service of process, *see* FED. R. CIV. P. 12(b)(5); failure to state a claim upon which relief can be granted, *see* FED. R. CIV. P. 12(b)(6); and failure to join an indispensable party, *see* FED. R. CIV. P. 12(b)(7).

In addition, PsiMed is under no obligation to respond to *Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction* (the "**Motion**"), which apparently was filed with the Circuit Court of Kanawha County, West Virginia, on April 17, 2025 (*see* **Ex. C** [State Court Record]), but has not been served upon PsiMed. *See* L.R. CIV. P. 7.1(a)(7) (directing "materials in response to motions shall be filed and served . . . within 14 days from the date of service of the motion" (emphasis added)); *cf. Pittman v. Grand Canyon Univ.*, No. CV-22-00254-PHX-DJH, 2022 WL 1797397, at *3 (D. Ariz. June 2, 2022) ("Plaintiff noted that he had requested temporary restraining order in his state court filings. . . . Plaintiff had not filed or served any notice of a pending motion for temporary restraining order, and therefore, the Court need not have considered it."). PsiMed will respond to the Motion if/when service of the Complaint and Motion are made upon it, or if/when an agreement to accept service of them is negotiated with the undersigned counsel, or, otherwise, on such a date as the Court might direct.

## II.  EXISTENCE OF FEDERAL QUESTION JURISDICTION

4. This Action is removable, pursuant to 28 U.S.C. § 1441(a), because this Court possesses original jurisdiction over this Action, pursuant to 28 U.S.C. § 1331, as the sole claim alleged in the Complaint arises under the Constitution and laws of the United States, namely, the Eighth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.  (*See* **Ex. A** [Compl.], ¶¶ 71–76.)

## III.  COMPLIANCE WITH STATUTORY REMOVAL PROCEDURES

5. This Notice of Removal ("**Notice**") is properly filed in the United States District Court for the Southern District of West Virginia, Charleston Division, pursuant to 28 U.S.C. § 1441(a), because that is the "district and division embracing the place" where the Action "is pending."

6. This Notice is timely, pursuant to 28 U.S.C. § 1446(b)(1), because it is filed "within 30 days after the receipt by" PsiMed "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which" the Action "is based."

7. In accordance with 28 U.S.C. § 1446(a), this Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  To date, PsiMed has not been served, and, therefore, has no copies of "process, pleadings, and orders" to include with this Notice, pursuant to 28 U.S.C. § 1446(a).  However, copies of "all records and proceedings" filed with the Clerk of the Circuit Court of Kanawha County, West Virginia, as of April 24, 2025, are attached as **Exhibit C**, as contemplated by 28 U.S.C. § 1447(b).

8. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice, the undersigned shall provide "written notice" of this Notice to Plaintiff and shall file this Notice with the Clerk of the Circuit Court of Kanawha County, West Virginia.

9. Superintendent Frame, Commissioner Marshall, and Dr. Thistlethwaite consent to the removal of this Action, pursuant to 28 U.S.C. § 1446(b)(2)(A), as verified by the signature of the undersigned counsel below. *See Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013) (holding "a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal").

**WHEREFORE**, Defendant PsiMed Corrections, LLC **HEREBY REMOVES** the case styled *Keith Lowe v. Superintendent John Frame, et al.*, Case No. 2025-C-513, now pending before the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division.

**Dated: April 24, 2025**          **DEFENDANT PSIMED CORRECTIONS, LLC,**

**By Counsel,**

/s/ *J. Ben Shepard*
Tamela J. White-Farrell, Esquire (WVSB No. 6392)
J. Ben Shepard, Esquire (WVSB No. 13261)
**FARRELL & FARRELL PLLC**
P.O. Box 6457
Huntington, WV 25772-6457
Phone: (304) 522-9100 / Fax: (304) 522-9162
tjw@farrell3.com / jbs@farrell3.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**KEITH LOWE,**

    **Plaintiff**,

 v.

**SUPERINTENDENT JOHN FRAME; COMMISSIONER WILLIAM MARSHALL; TIMOTHY THISTLETHWAITE, MD; and PSIMED CORRECTIONS, LLC,**

    **Defendants.**

Civil Action No.   2:25-cv-00272

Judge _____

## CERTIFICATE OF SERVICE

I, the undersigned counsel for Defendant PsiMed Corrections, LLC, hereby certify that on this **24th day of April, 2025**, the foregoing "**Notice of Removal**" was served upon the following counsel of record **via e-mail and U.S. Mail, postage prepaid**, and was filed with the Court using the CM/ECF system, which will serve/send notification of such filing to CM/ECF counsel of record:

Lydia C. Milnes, Esq.
Lesley M. Nash, Esq.
**MOUNTAIN STATE JUSTICE, INC.**
1029 University Ave., Suite 101
Morgantown, WV 26505
lydia@msjlaw.org
lesley@msjlaw.org
*Counsel for Plaintiff*

Jonathan M. Calhoun, Esq.
**ASSISTANT ATTORNEY GENERAL**
1900 Kanawha Boulevard East
Building 1, Room E-26
Charleston, WV 25301
jcalhoun@wvago.gov
*Counsel for Superintendent John Frame and Commissioner William Marshall*

Michael J. Del Giudice, Esq.
**CICCARELLO, DEL GIUDICE & LAFON**
1219 Virginia Street, East, Suite 100
Charleston, WV 25304
mikedel@cdlwv.com
*Counsel for Defendant Timothy Thistlethwaite, MD*

/s/ *J. Ben Shepard*
Tamela J. White-Farrell, Esquire (WVSB No. 6392)
J. Ben Shepard, Esquire (WVSB No. 13261)
**FARRELL & FARRELL PLLC**
P.O. Box 6457

Huntington, WV 25772-6457
Phone: (304) 522-9100 / Fax: (304) 522-9162
tjw@farrell3.com / jbs@farrell3.com