# COVER SHEET

E-FILED | 4/17/2025 2:20 PM
CC-20-2025-C-513
Kanawha County Circuit Clerk
Cathy S. Gatson

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF KANAWHA COUNTY WEST VIRGINIA
**Keith Lowe v. Superintendent John Frame**

**First Plaintiff:**
- ☐ Business
- ☑ Individual
- ☐ Government
- ☐ Other

**First Defendant:**
- ☐ Business
- ☑ Individual
- ☐ Government
- ☐ Other

**Judge:** Carrie Webster

## COMPLAINT INFORMATION

**Case Type:** Civil          **Complaint Type:** Other

**Origin:** ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☐ Yes ☑ No    **Case will be ready for trial by:** _____

**Mediation Requested:** ☐ Yes ☑ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?
- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:   Lydia Milnes, 1029 UNIVERSITY AVE STE 100 , MORGANTOWN, WV 26505

EXHIBIT C

# SERVED PARTIES

**Name:** Superintendent John Frame

**Address:** Mt. Olive Correctional Complex 1 Mountainside Way, Mt. Olive WV 25185

**Days to Answer:** 30     **Type of Service:** Filer - Out of State Sheriff

---

**Name:** Commissioner William Marshall

**Address:** WV Division of Corrections 1409 Greenbrier Street, Charleston WV 25311

**Days to Answer:** 30     **Type of Service:** Filer - Private Process Server

---

**Name:** Timothy Thistlethwaite, MD

**Address:** PSIMED Corrections, LLC 1520 Kanawha Blvd East, Charleston WV 25311

**Days to Answer:** 30     **Type of Service:** Filer - Private Process Server

---

**Name:** PSIMED Corrections, LLC

**Address:** 1520 Kanawha Blvd East, Charleston WV 25311

**Days to Answer:** 30     **Type of Service:** Filer - Private Process Server

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**KEITH LOWE,**

      **Plaintiff,**

**v.**                                    **Case No: _____**

**SUPERINTENDENT JOHN FRAME,**
**COMMISSIONER WILLIAM MARSHALL[1],**
**TIMOTHY THISTLETHWAITE, MD,**
**and PSIMED CORRECTIONS, LLC,**

      **Defendants.**

## VERIFIED EMERGENCY COMPLAINT FOR INJUNCTIVE RELIEF

      Plaintiff Keith Lowe, by counsel Lydia C. Milnes and Lesley M. Nash and the law firm of Mountain State Justice, Inc., files this emergency complaint for injunctive relief. On April 6, 2025, after pleading for mental health treatment to no avail, Mr. Lowe attempted to commit suicide while in his solitary confinement cell at Mount Olive Correctional Complex and Jail. Fortunately, Mr. Lowe's unconscious body was discovered in time to resuscitate him. Plaintiff now seeks an emergency injunction to obtain access to the mental health treatment he needs to prevent another suicide attempt.

## PARTIES

      1.      Plaintiff Keith Lowe is an inmate at Mount Olive Correctional Complex and Jail ("MOCC"), located in Fayette County, West Virginia, where he has been held in solitary

---

[1] Plaintiff is aware that Defendant Marshall has recently been appointed to a national position with the Federal Bureau of Prisons. Upon information and belief, Defendant Marshall is still presently the Commissioner for the West Virginia Division of Corrections and Rehabilitation. Pursuant to Rule 25(d) of the West Virginia Rules of Civil Procedure, because Defendant Marshall is sued solely in his official capacity, his successor to the role of Commissioner of the West Virginia Division of Corrections and Rehabilitation will be automatically substituted for Defendant Marshall upon appointment.

confinement for the last twelve and a half years. Mr. Lowe has a history of serious mental illness dating back to his childhood, including diagnoses of paranoid schizophrenia, bi-polar disorder, post-traumatic stress disorder, depression, anxiety, and antisocial personality disorder.

2.      Defendant John Frame is the superintendent of MOCC. In that capacity, Mr. Frame is responsible for the care and wellbeing of all individuals incarcerated at MOCC. Among other things, Mr. Frame is required to ensure that all individuals confined in his facility are afforded at least the minimum level of healthcare—both physical and mental—required by the United States Constitution and the West Virginia Constitution. Mr. Frame is additionally responsible for ensuring adequate staff are available to perform necessary functions within the facility, and has ultimate authority over decisions regarding housing, security, transportation, and other daily operations of the facility.

3.      At all relevant times, Defendant John Frame was acting under the color of state law. Defendant Frame is named solely in his official capacity for the purposes of seeking declaratory and prospective injunctive relief.

4.      Defendant William Marshall is the Commissioner of the West Virginia Division of Corrections and Rehabilitation ("WVDCR"). WVDCR is the administrative division of the West Virginia Department of Homeland Security, tasked with administering and exercising direct and effective control over prisons and jails in West Virginia, including MOCC. As the Commissioner of WVDCR, Defendant Marshall is vested with executive authority and responsibility for the administration, operation, and control of all WVDCR facilities and employees. Defendant Marshall's duties include establishing, monitoring, and enforcing policy directives and procedures that ensure constitutional confinement and treatment of all people in the custody of the WVDCR. Among other things, Commissioner Marshall is charged with ensuring that inmates receive

appropriate medical and mental health treatment while housed in any West Virginia prison. Because WVDCR has delegated its obligation to provide medical and mental health care to private contractors, Defendant Marshall is responsible for ensuring those contractors meet their obligations of providing constitutionally adequate medical and mental health care to all individuals committed to WVDCR's care and custody.

5.      Defendant PsiMed Corrections, LLC, is a for-profit, West Virginia corporation chartered in Kanawha County, with its principal place of business located at 5514 Big Tyler Road, Suite 300, Cross Lanes, West Virginia. PsiMed Corrections, LLC ("PsiMed") is contracted to provide mental health and psychiatric services to people incarcerated in facilities run by the WVDCR. At all relevant times, PsiMed and its agents were and are acting under color of state law.

6.      Defendant Timothy Thistlethwaite, MD, is a psychiatrist employed by PsiMed to provide psychiatric services to all inmates in West Virginia. Dr. Thistlethwaite is Plaintiff Keith Lowe's treating psychiatrist at MOCC. Upon information and belief, Dr. Thistlethwaite resides and practices in Kanawha County, West Virginia.

7.      At all relevant times, Defendant Thistlethwaite was acting under the color of state law. Defendant Thistlethwaite is named solely in his official capacity for the purposes of seeking declaratory and prospective injunctive relief.

## FACTS

8.   Plaintiff Keith Lowe has been housed in solitary confinement within the Quilliams II Unit at MOCC since July 2012. Mr. Lowe has been placed on what is known as "3D" status, which is permanent administrative segregation. Thus, Mr. Lowe has no path to leaving segregation.

Mr. Lowe's Long, Well-Documented History of Mental Illness

9. Plaintiff Keith Lowe has a long history of severe mental illness. He was diagnosed at a young age with paranoid schizophrenia, and before being incarcerated, had been diagnosed with bi-polar disorder, psychotic disorder (NOS), post-traumatic stress disorder, borderline personality disorder, anti-social disorder, anxiety, and ADHD, in addition to paranoid schizophrenia.

10. Defendants are well-aware of Plaintiff's serious mental illness. Plaintiff is treated for his mental illness through prescription medications, which have changed over the years.

11. Currently, Defendants have diagnosed Mr. Lowe with Unspecified Depressive Disorder, Unspecified Anxiety Disorder, and antisocial personality disorder.

12. Mr. Lowe is currently prescribed Bupropion (an antidepressant), Risperidone (used to treat schizophrenia), Duloxetine (antidepressant and antianxiety), Abilify (used to treat bi-polar disorder), and Trihexyphenidyl (a/k/a Artane), which is needed to address stiffness, tremors, spasms, and poor muscle control that are side effects from some of the other medications. He is additionally prescribed Keppra, Gabapentin, and Levetiracetam for epilepsy.

13. Upon information and belief, many of these medications—including Bupropion, Risperidone, Artane, and Keppra—have the potential side effects of causing grogginess, confusion, drowsiness, and forgetfulness. Mr. Lowe experiences these side-effects when taking his prescribed medications. Moreover, Mr. Lowe believes that Abilify, in particular, causes grogginess, confusion, dizziness, and blurred vision. Mr. Lowe knows that Abilify helps to keep the voices in his head at bay, but the side effects are overwhelming.

14. Indeed, Federal Magistrate Dwayne L. Tinsley recently recognized Mr. Lowe's inability to represent himself as a result of the side effects of his medications and appointed the

undersigned counsel to represent Mr. Lowe in an ongoing federal civil case. *Lowe v. Ames*, 2:22cv434 (S.D.W. Va. Jan. 24, 2024) at Dkt. No. 32.

15. Because Mr. Lowe's medications, when taken as currently prescribed, cause serious negative side effects, Mr. Lowe sometimes refuses to take the medications, so that his mind will clear and he can engage in legal work, among other things.

16. Without the medications, however, Mr. Lowe begins to hear voices in his head, telling him that he is being targeted, followed, persecuted, and that he must escape or fight back.

17. Even taking his medications, Mr. Lowe suffers from depression and anxiety and regularly experiences panic attacks.

Solitary Confinement Exacerbates Mr. Lowe's Mental Illness

18. Mr. Lowe's conditions are made substantially worse by his being confined in isolation for so many years.

19. Courts around the country, including the Fourth Circuit Court of Appeals and the United States Supreme Court, have recognized the serious harm that can be caused to an individual by being kept in prolonged isolation. Such harm is even more extensive when the individual has serious mental illness. *See, e.g., Thorpe v. Clarke*, 37 F.4th 926, 936 (4th Cir. 2022) ("As far back as 1890, the Supreme Court recognized that prisoners subjected to such confinement exhibited a 'semi-fatuous condition' and 'violent insanity' and even died by suicide.", citing *In re Medley*, 134 U. S. 160, 172, 10 S. Ct. 384, 33 L. Ed. 835 (1890)); *see also Porter v. Clarke*, 923 F.3d 348, 357 (4th Cir. 2019) ("Of particular relevance, several courts have found—based on the empirical evidence set forth above—that solitary confinement poses an objective risk of serious psychological and emotional harm to inmates, and therefore can violate the Eighth Amendment", citing *Palakovic v. Wetzel*, 854

F.3d 209, 225-26 (3d Cir. 2017) ("acknowledg[ing] the robust body of legal and scientific authority recognizing the devastating mental health consequences caused by long-term isolation in solitary confinement"); *Ashker v. Brown*, No. C 09-5796, 2013 U.S. Dist. LEXIS 51148, 2013 WL 1435148, at \*4-5 (N.D. Cal. Apr. 9, 2013); *Wilkerson v. Stalder*, 639 F. Supp. 2d 654, 678-79 (M.D. La. 2007) ("it is obvious that being housed in isolation in a tiny cell for 23 hours a day for over three decades results in serious deprivations of basic human needs."); *McClary v. Kelly*, 4 F. Supp. 2d 195, 208 (W.D.N.Y. 1998) ("[T]hat prolonged isolation from social and environmental stimulation increases the risk of developing mental illness does not strike this Court as rocket science.")).

20. Mr. Lowe is locked alone in a six by ten foot cell for 23-24 hours a day.[2] During the one hour out of the cell—which he does not always receive—Mr. Lowe is allowed to shower or go outside into a small cage for "fresh air." The cage is located under a shelter, and thus even when outside, Mr. Lowe gets no direct sunshine. Frequently, the opportunity to leave his cell is offered late at night, when it is cold and dark outside.

21. Even when out for his one hour of "recreation," Mr. Lowe is not permitted to engage with other inmates or otherwise socialize.

Defendants Are Aware of Mr. Lowe's Mental Health Needs

22. Defendants are aware that Mr. Lowe has a history of self-harm, including prior suicide attempts.

23. For example, Defendants are aware that in January 2023, Mr. Lowe experienced what he describes as a psychotic break, in which he attempted suicide and used a razor to slice open

---

[2] Until recently, Mr. Lowe was also allowed out of his cell to perform janitorial work on his Pod. While this did not include interactions with other people, it did give him some additional time out of his cell each day.

his arm, face, top of his head, and genitalia. Mr. Lowe's self-harm was documented by Defendants.

24. Defendants are aware that Mr. Lowe regularly reports hearing voices in his head.

25. Throughout his nearly thirteen years of solitary confinement, Mr. Lowe has repeatedly informed Defendants of the detrimental effects that being in long-term solitary confinement was posing to his mental health.

26. Defendants are well-aware that Mr. Lowe is struggling; Mr. Lowe has requested relief from these conditions many, many times: he has filed countless written requests, written grievances, made verbal requests, and even filed lawsuits documenting his mental health struggles, his self-harm, his need for better mental health treatment, and his request to be removed from permanent solitary confinement.

27. Despite his pleas for help and clear need for more substantial mental health treatment, Mr. Lowe has not been placed in a clinical unit designed for care, instead remaining housed on a segregation unit that lacks appropriate clinical engagement and therapeutic programming.

## Defendants Ignore Obvious Need for Mental Health Treatment

28. In January 2025, Mr. Lowe met with Dr. Thistlethwaite, his psychiatrist through PsiMed, the DCR contractor for mental health care. At that time, he told Dr. Thistlethwaite that he was "doing fair" and that his mood was "OK, it keeps me from going over the edge I guess, keeps me from killing myself."

29. Per policy, Dr. Thistlethwaite scheduled a three month follow up with Mr. Lowe.

30. On February 5, 2025, Mr. Lowe met with a PsiMed therapist who performed a suicide risk assessment. The notes from that assessment indicate that "Inmate states that he always

thinks about harming himself but has no intent or plan to do so at this time. He states that if he did have a plan he wouldn't tell us."

31. When asked about suicidal thoughts, Mr. Lowe reported that "he stays depressed, states that he always has the thought but has no plan or intention to act."

32. The therapist further reported that "[d]uring conversation inmate appeared to be agitated, ruminated about his housing situation, & overall situation in general. Inmate voiced being depressed, stated that Mental Health doesn't help him. Inmate was difficult to engage with and would not discuss anything other than negative thoughts. Inmate reports losing [sic] at least 30 pounds due to not being able to eat the food at the facility. Inmate did state that he is drinking and eating commissary at times."

33. The evaluation then noted that Mr. Lowe had the following acute risk factors:

    a. Hopelessness/worthlessness/helplessness

    b. Severe depression or anxiety

    c. Agitation/Demanding/Argumentative/Hostile

    d. Homicidal ideation

    e. Highly impulsive behavior

    f. Negative view of future

    g. Perceived burden on family or others

34. The only follow up item tasked following this assessment, was to "see when next scheduled psych appointment is scheduled."

35. On March 29, 2025, Mr. Lowe refused to take some of his medications, including medications for his psychiatric conditions and seizure disorder (Keppra, Risperdal,

Artane). Mr. Lowe believes these three medications give him particularly problematic side effects.

36. On that same day, Mr. Lowe began having panic attacks.

37. On or about March 29, 2025, Mr. Lowe asked to be able to meet with his PsiMed therapist. His request was denied.

38. Over the next several days, Mr. Lowe continued to experience panic attacks and repeatedly asked to meet with his therapist. The requests were ignored or denied.

39. Notably, Mr. Lowe's regular psychiatric appointment had been scheduled for April 6, 2025. For unknown reasons, on April 2, 2025—even as Mr. Lowe was decompensating and begging to meet with his therapist—that appointment was rescheduled to April 8, 2025.

40. On or about April 3, 2025, after Mr. Lowe again asked to meet with his therapist, stressing how important it was, he was told that his therapist would meet with him the following day, Friday, April 4, 2025.

41. On Friday, April 4, 2025, Mr. Lowe's therapist informed him that they would not be able to meet after all, because prison administrators had informed her that they were "short-staffed" and could not accommodate the request.

42. Mr. Lowe was aware that there was no mental health practitioner available over the weekend, and thus there was no chance of being able to actually talk with someone from mental health until the following Monday.

Mr. Lowe's Very Recent Suicide Attempt

43. On Sunday, April 6, 2025, Mr. Lowe attempted suicide by overdose at approximately 1:45 p.m.

44. About an hour later, a nurse and two officers who were passing out medication in the Quilliams II unit discovered the unconscious Mr. Lowe in his cell.

45. Specifically, upon reaching Mr. Lowe's cell, the correctional officer knocked several times, and did not get a response. When he looked through the window, he saw Mr. Lowe in a slumped position. He was unresponsive and his breathing was very slow and shallow.

46. The nurse noted that "he wasn't really breathing" and asked to be let into the cell. Upon entry, the nurse noted that Mr. Lowe did not respond to a sternum rub, his lips were cyanotic, and respirations were approximately 10.

47. The staff then called medical and administered Narcan twice to Mr. Lowe. Upon reviving, Mr. Lowe admitted that he had taken the drugs in an attempt to commit suicide.

48. Mr. Lowe was placed on oxygen and transported to Montgomery General Hospital, in Raleigh County, West Virginia, but returned to MOCC without being seen by a physician.

Placement on Suicide Watch

49. Following this event, Mr. Lowe was placed on Level 1, or constant, suicide watch in the MOCC medical unit.

50. The next day, April 7, 2025, a PsiMed employee met with Mr. Lowe to do a suicide risk assessment. The notes from that assessment show that Mr. Lowe told the employee that "he got any pills he could get from other inmates in the pod, then took them all to go to sleep. Inmate states that at the time he overdosed on pill he was suicidal."

51. The PsiMed therapist further recorded that Mr. Lowe, when asked if he currently wished he were dead or wished he could go to sleep and not wake up, stated, "Yes, I wish I could go to sleep and not wake up."

52. The therapist noted that his reported mood was anxious and agitated, and his observed mood was irritable. His stream of thought was "rambling."

53. As a result, she reduced Mr. Lowe's status to suicide watch Level II, which requires that the individual be observed at least every fifteen minutes.

54. Upon information and belief, on April 8, 2025, less than two days after Mr. Lowe almost killed himself, PsiMed employee Eric Shrewsberry removed Mr. Lowe from suicide watch Level II, and Mr. Lowe was returned to his segregation cell.

55. Upon information and belief, once back on segregation, Mr. Lowe was continued on a lessened suicide watch.

56. Later that day, Dr. Thistlethwaite met with Mr. Lowe by video for his regular three month check-up. He noted that Mr. Lowe's affect was "blunted," that he had "retrogressed," and increased Mr. Lowe's dosage of Risperdal.

57. Upon information and belief, this was the last time that Mr. Lowe has met with a mental health provider. His placement on suicide watch was discontinued several days later.

58. His current placement in segregation lacks direct visibility into his cell and does not allow for continuous observation.

59. Upon being returned to the segregation unit, Mr. Lowe has continued to feel hopeless and depressed and continues to have panic attacks. He has begged to meet with his PsiMed therapist.

60. Mr. Lowe reports that one day following his suicide attempt, after he begged to meet with someone from mental health, a PsiMed employee came down and asked if he was suicidal. Mr. Lowe said he was not, but said that he was experiencing panic attacks and needed to

talk with someone. The PsiMed employee then chastised Mr. Lowe, saying "panic attacks won't kill you" and "you brought me down just for that?"

61. Upon information and belief, Mr. Lowe was scheduled for a mental health appointment with his therapist on Friday, April 11, 2025, at 1 p.m.

62. Once again, however, the Defendants cancelled the appointment due to allegedly not having enough staff.

Punishment for Suicide Attempt Exacerbates Mental Health Concerns

63. As a result of Mr. Lowe's severe mental health crises resulting in attempted suicide, he has been punished by Defendants.

64. On April 6, 2025, the day of the attempted suicide, a member of the nursing staff filled out a "Inmate Health Services Request Form" on Mr. Lowe's behalf, stating that he needed assistance with an "overdose" and charging him three dollars—what inmates are charged when they request medical assistance.

65. As a result of the overdose, Mr. Lowe was issued a disciplinary report, charging him with possession of drugs.

66. Mr. Lowe has never had a due process hearing on the allegations, as required by MOCC and DCR policy.

67. Nevertheless, Defendants have removed all of Mr. Lowe's "privileges," as punishment for his severe mental illness. Specifically, Defendants have taken Mr. Lowe's TV, headphones, and radio from his cell. They have further fired him from his prison job of being the Pod Janitor for his segregation unit.

68. Upon information and belief, Defendants are alleging staffing concerns as a pretext to deny Mr. Lowe necessary mental health treatment, and thus withholding mental health treatment as another form of punishment.

69. As a result of Defendants' punitive actions, Mr. Lowe's depression and anxiety has worsened, as have his panic attacks.

70. Mr. Lowe is in danger of attempting suicide again and requires immediate access to mental health treatment and changes to the condition of his confinement.

**COUNT I**
**VIOLATIONS OF THE UNITED STATES CONSTITUTION**
**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED**
**(42 U.S.C. § 1983)**

71. Plaintiff hereby incorporates and re-alleges, by reference, the allegations of the previous paragraphs of this complaint.

72. Defendants, while acting under the color of law, have—and continue to—violate Mr. Lowe's Eighth Amendment right to be free from cruel and unusual punishment by acting with deliberate indifference to his serious medical needs.

73. Specifically, Defendants have violated Mr. Lowe's federal constitutional rights, as described and identified here, by authorizing, committing, condoning, or failing to remedy their deliberate indifference to Plaintiff's serious mental health needs while housing him in segregation at MOCC.

74. As described herein, Defendants are aware that Mr. Lowe faces a substantial risk of serious harm if he is not provided with necessary mental health treatment.

75. Defendants are acting with deliberate indifference to the rights of Mr. Lowe, who requires meaningful mental health treatment to prevent another suicide attempt.

76. Accordingly, the Defendants' conduct as alleged in the Complaint violates the Eighth Amendment to the United States Constitution.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter an order awarding the following relief:

(a)    A declaration that Defendants are violating Mr. Lowe's constitutional rights by acting with deliberate indifference to his serious medical needs;

(b)    An injunction requiring Defendants to transfer Mr. Lowe to a state psychiatric facility for treatment and stabilization, until such time as he is no longer suicidal;

(c)    An injunction requiring Defendants to provide appropriate mental health care to Mr. Lowe upon his return to WVDCR custody, including but not limited to continuing him on any medication regime implemented by the psychiatric facility; and providing frequent, regular therapy sessions with a qualified mental health provider;

(d)    An injunction forbidding Defendants from continuing to house Mr. Lowe in a segregation unit;

(e)    An injunction ordering that Mr. Lowe's personal possessions, including his TV, radio, and headphones, be restored to his possession upon return to MOCC;

(f)    Attorney's fees and costs, pursuant to 42 U.S.C. § 1988; and

(g)    Any other equitable relief that this Court deems appropriate.

<div style="text-align:right">

Respectfully submitted,
**KEITH LOWE,**
**By Counsel,**

</div>

/s/ Lydia C. Milnes
Lydia C. Milnes (WVSB #10598)
Lesley M. Nash (WVSB #14158)
Mountain State Justice, Inc.
1029 University Ave., Suite 101

Morgantown, WV 26505
(304) 326-0188
(304) 326-0189 (facsimile)
*lydia@msjlaw.org*



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lydia Milnes
lydia@msjlaw.org

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Keith Lowe v. Superintendent John Frame

CC-20-2025-C-513

The following complaintwas FILED on 4/17/2025 2:20:33 PM

Notice Date:     4/17/2025 2:20:33 PM

Cathy S. Gatson

CLERK OF THE CIRCUIT COURT

Kanawha County

P.O. Box 2351

CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Commissioner William Marshall
WV Division of Corrections
1409 Greenbrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following complaintwas FILED on 4/17/2025 2:20:33 PM

Notice Date: 4/17/2025 2:20:33 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Timothy Thistlethwaite, MD
PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following complaintwas FILED on 4/17/2025 2:20:33 PM

Notice Date:     4/17/2025 2:20:33 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following complaintwas FILED on 4/17/2025 2:20:33 PM

Notice Date:     4/17/2025 2:20:33 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Superintendent John Frame
Mt. Olive Correctional Complex
1 Mountainside Way
Mt. Olive, WV 25185

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following complaintwas FILED on 4/17/2025 2:20:33 PM

Notice Date:     4/17/2025 2:20:33 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lesley Marie Nash
lesley@msjlaw.org

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following complaintwas FILED on 4/17/2025 2:20:33 PM

Notice Date:     4/17/2025 2:20:33 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440

# SUMMONS

E-FILED | 4/17/2025 2:20 PM
CC-20-2025-C-513
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Keith Lowe v. Superintendent John Frame

Service Type:   Filer - Private Process Server

NOTICE TO:   Commissioner William Marshall, WV Division of Corrections, 1409 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Lydia Milnes, 1029 UNIVERSITY AVE STE 100, , MORGANTOWN, WV 26505

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 4/17/2025 2:20:33 PM | /s/ Cathy S. Gatson |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____ , someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Keith Lowe v. Superintendent John Frame

Service Type:   Filer - Private Process Server

NOTICE TO:   Commissioner William Marshall, WV Division of Corrections, 1409 Greenbrier Street, Charleston, WV 25311

Lydia Milnes, 1029 UNIVERSITY AVE STE 100, , MORGANTOWN, WV 26505

SERVICE:

| | |
|---|---|
| 4/17/2025 2:20:33 PM | /s/ Cathy S. Gatson |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to
_____, someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| | |
|---|---|
| _____ | _____ |
| Date | Server's Signature |

### CC-20-2025-C-513
### Keith Lowe v. Superintendent John Frame

# SERVICE RETURN

# SUMMONS

E-FILED | 4/17/2025 2:20 PM
CC-20-2025-C-513
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Keith Lowe v. Superintendent John Frame

Service Type:    Filer - Private Process Server

NOTICE TO:    Timothy Thistlethwaite, MD, PSIMED Corrections, LLC, 1520 Kanawha Blvd East, Charleston, WV 25311
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR
DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Lydia Milnes, 1029 UNIVERSITY AVE STE 100, , MORGANTOWN, WV 26505

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 4/17/2025 2:20:33 PM | /s/ Cathy S. Gatson |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to
_____ , someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

**Case Number:**

CC-20-2025-C-513

---

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Keith Lowe v. Superintendent John Frame

Service Type:   Filer - Private Process Server

NOTICE TO:   Timothy Thistlethwaite, MD, PSIMED Corrections, LLC, 1520 Kanawha Blvd East, Charleston, WV 25311

Lydia Milnes, 1029 UNIVERSITY AVE STE 100, , MORGANTOWN, WV 26505

---

SERVICE:

4/17/2025 2:20:33 PM                    /s/ Cathy S. Gatson
_____          _____
Date                                                Clerk

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to
_____ , someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

_____          _____
Date                                       Server's Signature

### CC-20-2025-C-513
### Keith Lowe v. Superintendent John Frame

# SERVICE RETURN

# SUMMONS

E-FILED | 4/17/2025 2:20 PM
CC-20-2025-C-513
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Keith Lowe v. Superintendent John Frame

Service Type:     Filer - Private Process Server

NOTICE TO:   PSIMED Corrections, LLC, 1520 Kanawha Blvd East, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Lydia Milnes, 1029 UNIVERSITY AVE STE 100, , MORGANTOWN, WV 26505

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| | |
|---|---|
| 4/17/2025 2:20:33 PM | /s/ Cathy S. Gatson |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to

_____, someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| | |
|---|---|
| _____ | _____ |
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
## Keith Lowe v. Superintendent John Frame

Service Type:     Filer - Private Process Server

NOTICE TO:     PSIMED Corrections, LLC, 1520 Kanawha Blvd East, Charleston, WV 25311

Lydia Milnes, 1029 UNIVERSITY AVE STE 100, , MORGANTOWN, WV 26505

SERVICE:

| 4/17/2025 2:20:33 PM | /s/ Cathy S. Gatson |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to
_____ , someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

## CC-20-2025-C-513
## Keith Lowe v. Superintendent John Frame

# SERVICE RETURN

# SUMMONS

E-FILED | 4/17/2025 2:20 PM
CC-20-2025-C-513
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Keith Lowe v. Superintendent John Frame

Service Type:     Filer - Out of State Sheriff

NOTICE TO:   Superintendent John Frame, Mt. Olive Correctional Complex, 1 Mountainside Way, Mt. Olive, WV 25185

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Lydia Milnes, 1029 UNIVERSITY AVE STE 100, , MORGANTOWN, WV 26505

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 4/17/2025 2:20:33 PM | /s/ Cathy S. Gatson |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to
_____ , someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

**Case Number:**

CC-20-2025-C-513

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
**Keith Lowe v. Superintendent John Frame**

Service Type:    Filer - Out of State Sheriff

NOTICE TO:    Superintendent John Frame, Mt. Olive Correctional Complex, 1 Mountainside Way, Mt. Olive, WV 25185

Lydia Milnes, 1029 UNIVERSITY AVE STE 100, , MORGANTOWN, WV 26505

SERVICE:

4/17/2025 2:20:33 PM                    /s/ Cathy S. Gatson
_____          _____
Date                                              Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to
_____ , someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

_____          _____
Date                                              Server's Signature

**CC-20-2025-C-513**
**Keith Lowe v. Superintendent John Frame**

# SERVICE RETURN

## VERIFICATION

I, Keith Lowe, state under penalty of perjury that I have personal knowledge of the factual allegations made in the above complaint. I declare under penalty of perjury that I have reviewed the factual allegations of this complaint, and that those allegations are true, except insofar as they are stated to be upon information and belief, and that if they are stated to be upon information and belief, I believe them to be true.

_4/17/25_
Date

_[signature]_
Keith Lowe

I, _Beverly A. Yonax_, hereby certify that Keith Lowe, signed, subscribed and sworn to before me, a Notary Public in and for the County and State aforesaid, on this _17_ day of _April_, 2025.

My commission expires: _Oct. 11. 2027_

_[signature]_
NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Beverly A. Young
MOUNT OLIVE CORRECTIONAL
1 Mountainside Way
Mount Olive, WV 25185
My Commission Expires Oct. 11, 2027



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lydia Milnes
lydia@msjlaw.org

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following supporting documents was FILED on 4/17/2025 2:30:00 PM

Notice Date:     4/17/2025 2:30:00 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Superintendent John Frame
Mt. Olive Correctional Complex
1 Mountainside Way
Mt. Olive, WV 25185

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Keith Lowe v. Superintendent John Frame

CC-20-2025-C-513

The following supporting documents was FILED on 4/17/2025 2:30:00 PM

Notice Date:     4/17/2025 2:30:00 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Commissioner William Marshall
WV Division of Corrections
1409 Greenbrier Street
Charleston, WV 25311

# NOTICE OF FILING

### IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following supporting documents was FILED on 4/17/2025 2:30:00 PM

Notice Date:    4/17/2025 2:30:00 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Timothy Thistlethwaite, MD
PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following supporting documents was FILED on 4/17/2025 2:30:00 PM

Notice Date:     4/17/2025 2:30:00 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following supporting documents was FILED on 4/17/2025 2:30:00 PM

Notice Date:     4/17/2025 2:30:00 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lesley Marie Nash
lesley@msjlaw.org

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Keith Lowe v. Superintendent John Frame

CC-20-2025-C-513

The following supporting documents was FILED on 4/17/2025 2:30:00 PM

Notice Date:     4/17/2025 2:30:00 PM

Cathy S. Gatson

CLERK OF THE CIRCUIT COURT

Kanawha County

P.O. Box 2351

CHARLESTON, WV 25301

(304) 357-0440

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**KEITH LOWE,**

      **Plaintiff,**

v.                                **Case No: 25-C-513**

**SUPERINTENDENT JOHN FRAME,**
**COMMISSIONER WILLIAM MARSHALL,**
**TIMOTHY THISTLETHWAITE, MD,**
**and PSIMED CORRECTIONS, LLC,**

      **Defendants.**

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**
**& PRELIMINARY INJUNCTION**

COMES NOW Plaintiff Keith Lowe, by counsel, and respectfully move this Court for a temporary restraining order and preliminary injunction pursuant to Rule 65 of the *West Virginia Rules of Civil Procedure*. Plaintiff brings this action under the Eighth Amendment to the United States Constitution. Because Plaintiff will suffer irreparable harm in the absence of immediate relief, this Court should grant Plaintiff's motion for a temporary restraining order and preliminary injunction pending resolution Plaintiff's underlying constitutional claims.

As fully set forth in the accompanying Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff is likely to prevail on the merits of his claim and will face irreparable harm in the absence of an injunction. Plaintiff therefore seeks a temporary restraining order and preliminary relief as follows:

1. An injunction requiring Defendants to file a petition to transfer Mr. Lowe to a state psychiatric facility for treatment and stabilization, until such time as he is no longer suicidal, pursuant to West Virginia Code § 27-5-2(b);

1

2. An injunction requiring Defendants to provide appropriate mental health care to Mr. Lowe upon his return to WVDCR custody, including but not limited to continuing him on any medication regime implemented by the psychiatric facility; and providing frequent, regular therapy sessions with a qualified mental health provider;

3. An injunction forbidding Defendants from continuing to house Mr. Lowe in a segregation unit; and

4. Any other equitable relief that this Court deems appropriate.

WHEREFORE, for the reasons set forth in the accompanying memorandum of law, Plaintiff respectfully requests that the Court enter the requested temporary restraining order and preliminary injunction until such time as this Court can implement permanent injunctive and declaratory relief.

<div align="right">

**Respectfully Submitted,**
**KEITH W.R. LOWE,**
**By Counsel,**

</div>

s/ *Lydia C. Milnes*
Lydia C. Milnes (WVSB #10598)
Lesley M. Nash (WVSB #14158)
Mountain State Justice, Inc.
1029 University Ave., Ste. 101
Morgantown, WV 26505
Telephone: (304) 326-0188
Facsimile: (304) 326-0189
lydia@msjlaw.org
lesley@msjlaw.org

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

KEITH LOWE,

      **Plaintiff,**

**v.**                                **Case No: 25-C-513**

**SUPERINTENDENT JOHN FRAME,**
**COMMISSIONER WILLIAM MARSHALL,**
**TIMOTHY THISTLETHWAITE, MD,**
**and PSIMED CORRECTIONS, LLC,**

      **Defendants.**

## PLAINTIFF'S EMERGENCY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR <u>TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION</u>

    COMES NOW Plaintiff Keith Lowe, by counsel, and respectfully move this Court for a temporary restraining order and preliminary injunction pursuant to Rule 65 of the West Virginia Rules of Civil Procedure. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations under the Eighth Amendment to the United States Constitution. Because Plaintiff will suffer irreparable harm in the absence of immediate relief, this Court should grant Plaintiff's motion for a temporary restraining order and preliminary injunction pending the resolution Plaintiff's underlying constitutional claim.

    Mr. Lowe has a long and well-documented history of severe mental illness, including diagnoses of bi-polar disorder, psychotic disorder (NOS), post-traumatic stress disorder, borderline personality disorder, anti-social disorder, anxiety, and ADHD, in addition to paranoid schizophrenia. He has been housed in solitary confinement within the Quilliams II Unit at MOCC since approximately 2011. As courts around the country have recognized, prolonged isolation can cause serious harm to individuals, particularly those who, like Mr. Lowe, suffer from serious mental illnesses. On Sunday, April 6, 2025, Mr. Lowe attempted suicide by overdose. He was

1

discovered unresponsive approximately an hour after his attempt and was transported to Montgomery General Hospital, in Raleigh County, West Virginia.

Mr. Lowe was returned to MOCC the same day and, two days later, Mr. Lowe was returned to his segregation cell. The week following his suicide attempt, he begged to meet with his PsiMed therapist, but his appointment was cancelled by Defendants due to allegedly not having enough staff. Defendants have punished Mr. Lowe for his mental health crisis, including issuing him disciplinary write-ups and taking away his privileges. Mr. Lowe's depression and anxiety have worsened, as have his panic attacks. Mr. Lowe is in danger of attempting suicide again and requires immediate access to mental health treatment and changes to the condition of his confinement.

Pursuant to West Virginia Rule of Civil Procedure 65(b), and based on the Verified Complaint filed herewith, Plaintiff moves the Court for a temporary restraining order and preliminary injunction as follows:

1. An injunction requiring Defendants to transfer Mr. Lowe to a state psychiatric facility for treatment and stabilization, until such time as he is no longer suicidal;

2. An injunction requiring Defendants to provide appropriate mental health care to Mr. Lowe upon his return to WVDCR custody, including but not limited to continuing him on any medication regime implemented by the psychiatric facility, and providing frequent, regular therapy sessions with a qualified mental health provider;

3. An injunction forbidding Defendants from continuing to house Mr. Lowe in a segregation unit; and

4. Any other equitable relief that this Court deems appropriate.

Undersigned counsel verifies that Defendants Commissioner William Marshall and PsiMed Corrections, LLC, are being provided notice of the Complaint and this Motion through personal service, and undersigned counsel is working to obtain service on Defendants Frame and Thistlethwaite. Undersigned counsel will notify counsel for Defendants of any hearing or conference scheduled, so as to afford them the ability appear. *See* W. Va. R. Civ. P. 65(b).

## STATEMENT OF FACTS

The following facts are taken from the Plaintiffs' Verified Complaint.

Plaintiff Keith Lowe has been housed in solitary confinement within the Quilliams II Unit at MOCC since July 2012. Mr. Lowe has been placed on permanent administrative segregation and, therefore, has no path to leaving segregation. Plaintiff also has a long and well-documented history of severe mental illness, including diagnosis at a young age with paranoid schizophrenia. Prior to his incarceration, he was diagnosed with bi-polar disorder, psychotic disorder (NOS), post-traumatic stress disorder, borderline personality disorder, anti-social disorder, anxiety, and ADHD, in addition to paranoid schizophrenia. *Exhibit 1, Expert Declaration of Dr. Sofia Sami*, at 1.

Defendants are well-aware of Mr. Lowe's serious mental illness. Mr. Lowe is currently prescribed Bupropion (an antidepressant), Risperidone (used to treat schizophrenia), Duloxetine (antidepressant and antianxiety), Abilify (used to treat bi-polar disorder), and Trihexyphenidyl (a/k/a Artane), which is needed to address stiffness, tremors, spasms, and poor muscle control that are side effects from some of the other medications. He is additionally prescribed Keppra, Gabapentin, and Levetiracetam for epilepsy. *See Exhibit 2, Medical Records of Keith Lowe*, at 61-62.

Because Mr. Lowe's medications, when taken as currently prescribed, cause serious negative side effects, Mr. Lowe sometimes refuses to take the medications, so that his mind will

clear and he can engage in legal work, among other things. Without the medications, however, Mr. Lowe begins to hear voices in his head, telling him that he is being targeted, followed, persecuted, and that he must escape or fight back. Even taking his medications, Mr. Lowe suffers from depression and anxiety and regularly experiences panic attacks.

Mr. Lowe's conditions are made substantially worse by his being confined in isolation for so many years. Both medical experts and courts around the country, including the Fourth Circuit Court of Appeals and the United States Supreme Court, have recognized the serious harm that can be caused to an individual by being kept in prolonged isolation. Such harm is even more extensive when the individual has serious mental illness. *See, e.g., Thorpe v. Clarke*, 37 F.4th 926, 936 (4th Cir. 2022) (citing *In re Medley*, 134 U. S. 160, 172, 10 S. Ct. 384, 33 L. Ed. 835 (1890)); *see also Ex. 1* at 1. Mr. Lowe is locked alone in a six by ten foot cell for 23-24 hours a day. During the one hour out of the cell, Mr. Lowe is allowed to shower or go outside into a small cage for "fresh air" (though this cage is located under a shelter and receives no direct sunlight). Frequently, the opportunity to leave his cell is offered late at night, when it is cold and dark outside. Even when out for his one hour of "recreation," Mr. Lowe is not permitted to engage with other inmates or otherwise socialize. Recently, Mr. Lowe has begun refusing to leave his cell, since doing so requires him to display his genitalia and spread his buttocks for correctional officers, which is degrading and humiliating.

Defendants are aware that Mr. Lowe has a history of self-harm, including prior suicide attempts. In January 2023, Mr. Lowe engaged in serious self-harm, attempting suicide and using a razor to slice open his arm, face, top of his head, and his genitalia. Throughout his nearly thirteen years of solitary confinement, Mr. Lowe has repeatedly informed Defendants of the detrimental effects that being in long-term solitary confinement was posing to his mental health. *See generally*

*Exhibit 3, Keith Lowe Grievances*. Despite Mr. Lowe's pleas for help and clear need for more substantial mental health treatment, Mr. Lowe has not been placed in a clinical unit designed for care, instead remaining housed on a segregation unit that lacks appropriate clinical engagement and therapeutic programming.

In January 2025, Mr. Lowe met with Dr. Thistlethwaite, his psychiatrist through PsiMed, WVDCR's mental healthcare subcontractor. At that time, he told Dr. Thistlethwaite that he was "doing fair" and that his mood was "OK, it keeps me from going over the edge I guess, keeps me from killing myself." *Ex. 2* at 53. On February 5, 2025, Mr. Lowe met with a PsiMed therapist who performed a suicide risk assessment. The notes from that assessment indicate that "Inmate states that he always thinks about harming himself but has no intent or plan to do so at this time. He states that if he did have a plan he wouldn't tell us." *Id.* at 55. When asked about suicidal thoughts, Mr. Lowe reported that "he stays depressed, states that he always has the thought but has no plan or intention to act." *Id.* at 55-56.

During this encounter in February 2025, the therapist further reported, "Inmate voiced being depressed, stated that Mental Health doesn't help him. Inmate was difficult to engage with and would not discuss anything other than negative thoughts." *Id.* at 56. The evaluation then noted that Mr. Lowe had a number of acute risk factors, including but not limited to hopelessness/worthlessness/helplessness; severe depression or anxiety; and a negative view of future. The only follow up item tasked following this assessment, was to "see when next scheduled psych appointment is scheduled." *Id.*

On March 29, 2025, Mr. Lowe refused to take some of his medications, including medications for his psychiatric conditions and seizure disorder (Keppra, Risperdal, Artane). *Id.* at 66. Mr. Lowe believes these three medications give him particularly problematic side effects. On

that same day, Mr. Lowe began having panic attacks. On or about March 29, 2025, Mr. Lowe asked to be able to meet with his therapist. His request was denied. Over the next several days, Mr. Lowe continued to experience panic attacks and repeatedly asked to meet with his therapist. The requests were ignored or denied. Notably, Mr. Lowe's regular three-month psychiatric appointment with Dr. Thistlethwaite had been scheduled for April 6, 2025. For unknown reasons, on April 2, 2025—even as Mr. Lowe was decompensating and begging to meet with his therapist—that appointment was rescheduled to April 8, 2025. *Id.* at 41, 44.

On or about April 3, 2025, after Mr. Lowe again asked to meet with his therapist, stressing how important it was, he was told that his therapist would meet with him the following day. The next day, on Friday, April 4, 2025, Mr. Lowe's therapist informed him that they would not be able to meet after all, because prison administrators had informed her that they were "short-staffed" and could not accommodate the request.

On Sunday, April 6, 2025, Mr. Lowe attempted suicide by overdose at approximately 1:45 p.m. About an hour later, a nurse and two officers who were passing out medication in the Quilliams II unit discovered the unconscious Mr. Lowe in his cell. *Ex. 2* at 69-70; 72-73. The nurse noted that "he wasn't really breathing" and asked to be let into the cell. The staff then called medical and administered Narcan twice to Mr. Lowe. Upon reviving, Mr. Lowe admitted that he had taken the drugs in an attempt to commit suicide. Mr. Lowe was placed on oxygen and transported to Montgomery General Hospital, in Raleigh County, West Virginia, but returned to MOCC without being seen by a physician. *Id.* at 70.

Following this event, Mr. Lowe was placed on Level 1, or constant, suicide watch, in the MOCC medical unit. The next day, April 7, 2025, a PsiMed employee met with Mr. Lowe to do a suicide risk assessment. The PsiMed therapist recorded that Mr. Lowe, when asked if he currently

wished he were dead or wished he could go to sleep and not wake up, stated, "Yes, I wish I could go to sleep and not wake up." *Id.* at 57. Following this encounter, she reduced Mr. Lowe's status to suicide watch Level II, which requires that the individual be observed at least every fifteen minutes. *Id.* at 58.

Upon information and belief, on April 8, 2025, less than two days after Mr. Lowe almost killed himself, PsiMed employee Eric Shrewsberry removed Mr. Lowe from suicide watch Level II, and Mr. Lowe was returned to his segregation cell. *Id.* at 45. Upon information and belief, once back on segregation, Mr. Lowe was continued on a lessened suicide watch. On that same day, Dr. Thistlethwaite met with Mr. Lowe for his regular three month check-up. He noted that Mr. Lowe's affect was "blunted," that he had "retrogressed," and increased Mr. Lowe's dosage of Risperdal. *Id.* at 59-60. When Mr. Lowe attempted to discuss his symptoms leading to his suicide attempt, Dr. Thistlethwaite told Mr. Lowe he was only there to talk about his medications. Mr. Lowe's suicide watch was discontinued several days later.

Since being returned to the segregation unit, Mr. Lowe continues to feel hopeless and depressed and continues to have panic attacks. He has begged to meet with his PsiMed therapist. Upon information and belief, Mr. Lowe was scheduled for a mental health appointment with his therapist on Friday, April 11, 2025. Once again, however, the Defendants cancelled the appointment due to allegedly not having enough staff. About a week after his suicide attempt, after begging to meet with someone from mental health, a PsiMed employee who was not Mr. Lowe's therapist, came to the segregation unit and asked if Mr. Lowe if he was suicidal. Mr. Lowe said he was not, but that he was experiencing panic attacks and needed to talk with someone. The PsiMed employee then chastised Mr. Lowe, saying "panic attacks won't kill you" and "you brought me down just for that?"

As a result of Mr. Lowe's severe mental health crises resulting in attempted suicide, he has been punished by Defendants. He was charged three dollars for requiring nurse assistance as a result of his suicide attempt. *Id.* at 64. He has also received two disciplinary write-ups for possession of drugs, relating to the overdose. Mr. Lowe has lost his personal possessions, including his TV and radio, and his access to prison commissary. As a result of Defendants' punitive actions, Mr. Lowe's depression and anxiety has worsened, as have his panic attacks. Mr. Lowe is in danger of attempting suicide again and requires immediate access to therapeutically appropriate mental health treatment and changes to the condition of his confinement. Absent injunctive relief from this Court, Mr. Lowe will continue to suffer irreparable harm caused by Defendants' deliberate indifference to his severe medical need. He is highly likely to once again attempt suicide and fears he may finally be successful. The Court's intervention is urgently needed.

## LEGAL STANDARD

Rule 65 of the West Virginia Rules of Civil Procedure and section 53-5-8 of the West Virginia Code permit this Court to enter a temporary injunction to require Defendants to transfer Mr. Lowe to a state psychiatric facility for treatment and stabilization, until such time as he is no longer suicidal; to require Defendants to provide appropriate mental health care to Mr. Lowe upon his return to WVDCR custody; and to prohibit Defendants from continuing to house Mr. Lowe in a segregation unit. Such temporary restraining order may be entered without notice to the opposing party if immediate and irreparable injury will result. *See* W. Va. R. Civ. P. 65(b); *Camden-Clark Mem'l Hosp. Corp. v. Turner*, 212 W. Va. 752, 757, 575 S.E.2d 362, 367 (2002).

West Virginia courts "apply th[e] same four-factor methodology [as federal courts] when weighing the granting or refusal of a preliminary injunction." *Morrisey v. W. Virginia AFL-CIO*, 239 W. Va. 633, 638, 804 S.E.2d 883, 888 (2017). To obtain a preliminary injunction, the moving

8

party must show "a reasonable likelihood of the presence of irreparable harm; the absence of any other appropriate remedy at law; and the necessity of a balancing of hardship test." *Ne. Nat. Energy LLC v. Pachira Energy LLC*, 243 W.Va. 362, 366, 844 S.E.2d 133, 137 (2020). The balancing of hardship test includes the following four prongs:

> Under the balance of hardship test the [lower] court must consider, in "flexible interplay," the following four factors in determining whether to issue a preliminary injunction: (1) the likelihood of irreparable harm to the plaintiff without the injunction; (2) the likelihood of harm to the defendant with an injunction; (3) the plaintiff's likelihood of success on the merits; and (4) the public interest.

*Camden-Clark Mem'l Hosp. Corp.*, 212 W. Va. at 756, 575 S.E.2d at 366. The Court retains the discretion to set bond or waive any security requirement under Rule 65(c).

## ARGUMENT

### I. Plaintiff Is Likely to Succeed on the Merits of His Claim for Deliberate Indifference to Serious Medical Needs.

Plaintiff is likely to succeed on the merits on his sole claim, which arises under the Eighth Amendment to the United States Constitution. As the West Virginia Supreme Court has recognized, "deliberate indifference to the serious medical needs of prisoners constitute unnecessary and wanton infliction of pain which is proscribed by the prohibition on cruel and unusual punishment in the Federal and State Constitutions." *Damron v. PrimeCare Med. of W. Va.*, No. 20-0862, 2022 W. Va. LEXIS 456, *12, 2022 WL 2078178 (June 9, 2022) (citing *Syl. Pt. 4, Nobles v. Duncil*, 202 W. Va. 523, 505 S.E.2d 442 (199*)) (cleaned up).

To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate "must objectively show that the deprivations suffered or injury inflicted was sufficiently serious" and "must show that the defendant acted with deliberate indifference to his serious medical need." *Ballard v. Delgado*, 241 W. Va. 495, 510, 826 S.E.2d 620, 635 (2019) (citing *Germain v. Metheny*, 539 F. App'x 108, 109 (4th Cir. 2013)) (cleaned up). Mr. Lowe

suffers from a medical need that requires treatment. Defendants had actual knowledge of the risk of harm to Mr. Lowe and knew that their "actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." *Delgado*, 241 W. Va. at 510, 826 S.E.2d at 635.

First, Mr. Lowe can clearly meet the objective criteria and show that he suffers from a sufficiently serious medical condition. Under Fourth Circuit and West Virginia Supreme Court of Appeals precedent, "[a] sufficiently seriously medical need is one that requires medical treatment." *Germain*, 539 Fed. Appx. at 109 (citations omitted); *see also Delgado*, 241 W. Va. at 510. As stated above and laid out in more detail in Mr. Lowe's Verified Complaint, Mr. Lowe suffers from several severe mental illnesses, for which he has been receiving treatment for much of his life. *See, e.g., Ex. 2* at 74. Mr. Lowe currently receives a variety of medications for his medical needs, including medications intended to treat depression, schizophrenia, anxiety, and bi-polar disorder. *Id.* at 61-62; *see also Ex. 1* at 1 ("Mr. Lowe indisputably qualifies as an individual with serious mental illness (SMI)").

Second, Mr. Lowe can clearly meet the subjective criteria and show that Defendants were deliberately indifferent to his serious medical need. In this context, a showing of deliberate indifference requires that (1) the defendant "must have actual knowledge of the risk of harm to the inmate" and (2) must "have recognized that his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." *Delgado*, 241 W. Va. at 510 (citing *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

Defendants have actual knowledge of the risk of harm to Mr. Lowe from his serious medical needs. Defendant Thistlethwaite is Mr. Lowe's treating psychiatrist. He met with Mr. Lowe approximately two months prior to and two days after Mr. Lowe's most recent suicide attempt, and Mr. Lowe has been a patient under his care for years prior to this most recent attempt, including

during Mr. Lowe's attempted suicide in 2023. Defendant PsiMed is Defendant Thistlethwaite's employer and is the mental health subcontractor for WVDCR, providing mental healthcare services to all WVDCR prisons and jails. Defendant PsiMed has been charged with providing Mr. Lowe's mental healthcare for over ten years, if not more. Likewise, Defendant Frame has long been in a supervisory role at MOCC. Though he is currently the Superintendent of the facility, he was previously the Acting Superintendent and held various other positions of authority. Mr. Lowe is well-known to Defendant Frame. Mr. Lowe has regularly requested help from not only medical staff at MOCC but also security staff—including Defendant Frame specifically—regarding his mental health and the detrimental effects of his long-term placement on solitary, segregated confinement. Likewise, multiple of Mr. Lowe's grievances requesting help and making clear that his serious mental illnesses were being made worse by his placement on solitary, segregated confinement were appealed first to the MOCC Superintendent, and then to the WVDCR Commissioner. *See generally Ex. 3.* In November 2022, Mr. Lowe wrote a grievance about the detrimental effects of solitary confinement on his mental health, including his history of serious mental illness. *Id.* at 8. In responding, Defendant Frame referenced a prior response from the Commissioner of WVDCR to a similar grievance filed by Mr. Lowe, which stated, "Mr. Lowe, your actions have placed you in this situation, and only your actions can get you out … Maintain good behavior and hope for better results in the future." *Id.* at 9.

Defendants also knew that their actions were insufficient to mitigate the risk of harm to Mr. Lowe from his serious medical needs. First, following his suicide attempt of April 6, 2025, Defendants failed to follow WVDCR Policy Directive 410.18 on Suicide Prevention and Intervention. This policy required Defendants to provide ongoing observation in an environment designed to prevent further self-harm as well as appropriate housing decisions made in

collaboration with clinical personnel. *Ex. 1* at 3. *See, e.g.*, *Delgado*, 241 W. Va. at 510 (finding that failure to follow a DOC policy "arguably supplied" recognition by Defendants that their actions were insufficient). Rather than being maintained on a unit where he was subject to regular and close observation, Mr. Lowe was returned to segregation after only two days, and his suicide observation was terminated completely several days after that. *Ex. 1* at 2. ("This level of contact is insufficient and clinically inappropriate for someone with [Plaintiff's] recent history and known psychiatric vulnerabilities").

Defendant Frame was well aware that his actions were insufficient to mitigate the risk of harm to Mr. Lowe. The April 6, 2025, attempt was Mr. Lowe's second attempt at suicide in the past three years. Several months prior to Mr. Lowe's attempt in April 2025, he sent a letter directly to Defendant Frame, once again explaining the detrimental effect that his long placement on solitary confinement was having on his already serious mental health conditions. This contact was preceded by conversations where Mr. Lowe "told John Frame … in detail what this long-term solitary confinement has [*sic*] did, and is doing to me." *Ex. 3* at 2. Mr. Lowe made constant requests over years of his confinement in solitary segregated housing, stating that his mental health was insufficient; that mental health staff were not able to meet with him due to staff shortages; and that "I tell them NO, NO I'm not okay and all that happens is they say 'well, keep on hanging in there.' … I need <u>real</u> mental health help." *Id*. at 12. Despite his repeated and escalating requests for help and deteriorating mental health conditions, Defendant Frame maintained Mr. Lowe's placement on segregation, in solitary housing.

Dr. Thistlethwaite and PsiMed were well aware that their actions were insufficient to mitigate a risk of harm to Mr. Lowe. Two months prior to Mr. Lowe's suicide attempt of April 6, 2025, he informed PsiMed mental health staff that "he always thinks about harming himself" and

that "if he did have a plan he wouldn't tell us." *Ex. 2* at 55. In a consult with PsiMed staff the day after his suicide attempt, Mr. Lowe stated, "I wish I could go to sleep and not wake up." *Id.* at 57. In the notes to this consult, PsiMed staff reiterated Mr. Lowe's February 2025 statement that he would not inform mental health staff if he did have a plan to commit suicide. *Id.*; *see also Ex. 1* at 1 ("This is a clinically significant statement: individuals who openly express their intent to conceal suicidal planning should be considered at heightened risk and require placement in a unit designed for active monitoring and therapeutic intervention").

Defendant Thistlethwaite also spoke with Mr. Lowe two days following his suicide attempt. Though he increased Mr. Lowe's Risperdal dosage, he did not order more active monitoring, nor did he request that Mr. Lowe be placed in a location where he would receive appropriate therapeutic intervention. Furthermore, while meeting, Mr. Lowe informed Dr. Thistlethwaite that he felt he was no longer able to control his impulsivity, which he believes was a large factor in his recent inability to prevent himself from attempting suicide. In response to this clear cry for more clinically appropriate medical intervention, Defendant Thistlethwaite told Mr. Lowe that they were only meeting to discuss his medications. Defendants Psi Med and Thistlethwaite's placement and retention of Mr. Lowe on solitary segregated housing "following a suicide attempt ... places him at **foreseeable risk**." *Ex. 1* at 3. (emphasis in original). Dr. Sofia Sami, a licensed physician and board-certified psychiatrist who routinely evaluates suicide risk in both civil and forensic settings and who reviewed Mr. Lowe's records in this matter, stated that Mr. Lowe's current placement "does not reflect acceptable psychiatric practice and should be corrected immediately." *Id.*

Accordingly, Plaintiff has demonstrated a high likelihood of success on the merits of his deliberate indifference to medical necessity.

## II.    Irreparable Harm Is Likely to Occur in the Absence of Preliminary Relief.

Without injunctive relief, Defendants will maintain Plaintiff's placement on solitary confinement and Plaintiff is highly likely to once again attempt suicide. He may be successful. Defendants clearly have no intention of relieving Mr. Lowe's conditions, despite his well-known serious mental illness and his multiple pleas for relieve from the harm caused by his placement on solitary confinement in segregation. *See generally Ex. 3.* As noted in Dr. Sofia Sami's expert declaration, "Simply returning Mr. Lowe to segregation without meaningful intervention does nothing to reduce his acute risk [of suicide]." *Ex. 1* at 2. Absent a restraining order prior to adjudication of their claims, Mr. Lowe will suffer "immediate and irreparable injury, loss, or damage" through Defendants' maintenance of his placement on segregation, where he will remain "at high risk of another, upcoming, potentially lethal suicide attempt." *See Camden-Clark Mem'l Hosp. Corp.*, 212 W. Va. at 757, 575 S.E.2d at 367; *Ex. 1.* at 2.

Given his known serious mental illness, very recent and serious suicide attempt, and the well-recognized dangers of long-term solitary confinement (particularly for those suffering, as Plaintiff does, from serious mental illnesses), Mr. Lowe faces immediate and irreparable harm from his continued confinement on segregation. Given the immediate and life-threatening harm facing Plaintiff, he has no other remedy at law other than the injunctive and declaratory relief his seeks. An action at law provides no suitable, efficacious remedy to protect Plaintiff from the serious and foreseeable risk that his continued confinement on segregated solitary confinement poses to his safety and, indeed, his life.

## III.    The Balance of Equities and Public Interest Favor Preliminary Relief.

The balance of equities and the public interest weigh heavily in favor of an injunction. Mr. Lowe suffers from well-documented, serious mental illnesses, which, combined with his long placement on solitary segregated confinement, have placed him at serious risk of not merely

attempting suicide, but eventually succeeding. Mr. Lowe is totally reliant on Defendants to provide

him with sufficient, appropriate mental health treatment and to house him in a setting that permits

appropriate psychiatric care and meaningful clinical intervention. Despite Mr. Lowe's severe

mental illnesses, he has continued to ask for help. That such help has been denied to him is no fault

of his. Whereas Plaintiff will suffer grave—and potentially fatal—harm in the absence of an

injunction, Defendants will suffer no injury at all from such an injunction. William R. Sharpe, Jr.

Hospital contains a forensic unit in which criminal defendants and individuals convicted of

crimes—including serious crimes such as murder—are regularly housed for various lengths of

time. West Virginia law explicitly directs WVDCR facilities superintendents to seek transfer of

mentally ill inmates who the prison facility is unable to adequately treat. W. Va. Code § 27-5-2(b).

Thus, the West Virginia Legislature has already considered, and approved, of a transfer of a

seriously mentally ill inmate in just this circumstance. *Id.*

Moreover, a temporary restraining order and preliminary injunctive relief clearly support

the public interest, since it will potentially avoid an unnecessary and preventable death in state

custody and will promote constitutional conditions of confinement in our state's carceral facilities.

The balance of equities significantly tips in the favor of the Plaintiff, and the public interest clearly

favors preliminary relief in this matter.

**IV.   No Bond Should Be Required of Plaintiff.**

The Court has the discretion to dispense with the requirement of a bond:

Despite the strict statutory requirement of an injunctive bond, for all intents and
purposes the final determination of whether an injunction bond will be required of
a certain party in a specific case is dependent upon the prerogative of the enjoining
court. Our judicial interpretation of that standard recognizes that there will
occasionally be cases in which the facts and circumstances simply do not compel
the posting of an injunctive bond, i.e., where "good cause" has been shown. In

determining whether a bond should be required in a given case, the enjoining court should consider the reason for requiring the posting of an injunctive bond.

*Kessel v. Leavitt*, 204 W. Va. 95, 160, 511 S.E.2d 720, 785 (1998) ; *see also Kessel v. Leavitt*, 204 W. Va. 95, 160, 511 S.E.2d 720, 785 (1998) (noting that there will be cases "in which the facts and circumstances simply do not compel the posting of an injunctive bond," such as where the defendant would not be harmed by the issuance of a temporary injunction). Here, Defendants—a state agency, its contractor, and employees thereof—would not be damaged by an injunction should the final resolution reveal the issuance of the temporary restraining order was in error. Plaintiff is incarcerated in the custody of the state and Defendants are already required to provide him with and pay for his necessary medical care. On the other hand, a bond would work substantial hardship on the incarcerated Plaintiff, who is completely reliant on Defendants for access to any healthcare. Accordingly, Plaintiff respectfully requests that the Court dispense with the bond requirement as to any Defendant. *See generally Collins v. Stewart*, No. 11-0056, 2012 WL 2924133, at *6 (W. Va. Feb. 14, 2012) (affirming circuit court's finding that no bond was necessary).

## CONCLUSION

Plaintiff respectfully requests the Court enter a temporary restraining order requiring Defendants to file a petition to transfer Mr. Lowe to William R. Sharpe, Jr. Hospital for treatment and stabilization. Plaintiff further requests a hearing be set at a time and place convenient to the Court and the Parties, at which time the Parties may address the allegations raised in the verified Complaint to determine whether a permanent injunction and declaratory relief should be granted.

By virtue of counsel's signature on this motion, counsel certifies the veracity of the above representations. *See* W. Va. R. Civ. P. 65(b).

**Respectfully Submitted,**
**KEITH W.R. LOWE,**

16

**By Counsel,**

s/ *Lydia C. Milnes*
Lydia C. Milnes (WVSB #10598)
Lesley M. Nash (WVSB #14158)
Mountain State Justice, Inc.
1029 University Ave., Ste. 101
Morgantown, WV 26505
Telephone: (304) 326-0188
Facsimile: (304) 326-0189
lydia@msjlaw.org
lesley@msjlaw.org

17

E-FILED | 4/17/2025 2:37 PM
CC-20-2025-C-513
Kanawha County Circuit Clerk
Cathy S. Gatson

# EXHIBIT 01

**EXPERT DECLARATION OF DR. SOFIA SAMI, MD**

I, Dr. Sofia Sami, am a licensed physician and board-certified psychiatrist, licensed to practice in the state of Illinois. I am providing this expert opinion at the request of Mr. Lowe's legal team. I am a contracted psychiatrist at Elgin Mental Health Center, a medium-security forensic hospital. I routinely evaluate suicide risk in both civil and forensic settings, including court-ordered treatment contexts and psychiatric hospitalization determinations.

I have not personally evaluated Mr. Keith Lowe. My opinion is based on a review of his recent medical records, documentation provided by his legal team, and their most recent communication with Mr. Lowe, and prior forensic evaluations.

## Clinical Summary

Mr. Lowe is a 51-year-old man with longstanding, serious mental illness. His diagnostic formulation has varied over time and includes consideration of an underlying manic or depressive disorder, a psychotic disorder, and a trauma-related disorder. He has documented and corroborated histories of early and persistent childhood sexual and physical abuse, as well as extensive early-onset substance use. Taken together, these factors reflect that Mr. Lowe indisputably qualifies as an individual with serious mental illness (SMI).

Despite this, Mr. Lowe has spent the past 13 years in segregation at Mount Olive Correctional Complex, rather than in a designated mental health treatment unit. It is deeply concerning that someone with this degree of psychiatric complexity has not been placed in a clinical unit designed for care.

Segregation is known to significantly increase the risk of suicide among incarcerated individuals, particularly those with SMI. The lack of therapeutic programming, social interaction, and regular clinical engagement in segregation environments exacerbates psychiatric decompensation. By contrast, mental health treatment units within correctional facilities are explicitly designed to mitigate these risks. They typically offer more frequent mental health contact, structured observation, access to therapeutic programming, and environmental modifications tailored to suicide prevention. That Mr. Lowe was never placed in such a unit, despite meeting clear criteria, is unacceptable.

On April 6, 2025, Mr. Lowe was found unresponsive in his cell with shallow respirations and cyanosis (blue or gray discoloration of the skin and appearance). He was revived only after receiving two doses of Narcan. He later told staff this was a suicide attempt, stating that he ingested tranquilizers and crushed Suboxone. He has also made clear to staff that if he were to plan another suicide attempt, he would not disclose it in advance. This is a clinically significant statement: individuals who openly express their intent to conceal suicidal planning should be considered at heightened risk and require placement in a unit designed for active monitoring and therapeutic intervention.

Following the suicide attempt, Mr. Lowe was placed on Level 1 suicide precautions with likely direct observation and was housed briefly in the infirmary. Within two days, his observation level was lowered and returned to his segregation cell. His current housing and staffing lacks direct visibility into his cell. Although there are security cameras on the unit, they do not allow for continuous observation of his behavior. He is no longer on suicide precautions or close observation, and is likely receiving only weekly segregation rounds, which consist of brief clinical check-ins at cell front. This level of contact is insufficient and clinically inappropriate for someone with his recent history and known psychiatric vulnerabilities.

## Clinical Concerns and Suicide Risk

In psychiatric risk formulation, we differentiate between **chronic risk** and **imminent (or acute) risk of suicide**. Chronic risk refers to long-standing, non-modifiable predispositions such as serious mental illness, early trauma, and a history of suicide attempts. Imminent or acute risk is dynamic and refers to the current or near-term likelihood of suicide based on recent events, statements, symptoms, or behavior. Both types of risk must be considered when making clinical and placement decisions. In addition, suicide risk factors are commonly divided into:

- **Static risk factors**: unchangeable historical factors such as Mr. Lowe being male, White, having a history of suicide attempts, psychiatric diagnoses, early childhood trauma, and a legal history.

- **Dynamic risk factors**: modifiable clinical or situational elements such as hopelessness, insomnia, recent loss, access to means, interpersonal conflict, impulsivity, or active psychiatric symptoms.

Mr. Lowe demonstrates significant multiple static risk factors that inform his chronic risk of suicide, including male sex, White race, a history of trauma and suicide attempts, physical abuse, sexual abuse and long-term psychiatric illness. He also presents with dynamic risk factors including recent suicide attempt, ongoing isolation, impulsivity, hopelessness, lack of therapeutic engagement, and statements indicating he may conceal future suicidal intent. These dynamic elements are clinically actionable and must be addressed. Effective suicide prevention must therefore target **modifiable dynamic risk factors**. Simply returning Mr. Lowe to segregation without meaningful intervention does nothing to reduce his acute risk. A short-term transfer to a psychiatric treatment unit should not be viewed as a passive holding measure, but as an opportunity to:

- Address hopelessness and dysregulation,
- Provide trauma-informed care,
- Reassess medication and treatment,

- Reduce environmental stressors, and
- Rebuild therapeutic alliance.
- Prevention of harm by increased observation and decreased means

Without this focused intervention, imminent risk remains elevated, meaning **he remains at high risk of another, upcoming, potentially lethal suicide attempt, in an environment where he is not under close or sufficiently routine observation.**

## Deviation from Standards of Care

The West Virginia Division of Corrections and Rehabilitation Suicide Prevention and Intervention Policy (PD 410.18) outlines minimum standards that were not met in Mr. Lowe's case. These include:

- Ongoing observation in an environment designed to prevent further self-harm
- Appropriate housing decisions made in collaboration with clinical personnel

National correctional health standards, including those from the National Commission on Correctional Health Care (NCCHC) and the American Psychiatric Association (APA), also affirm that individuals who attempt suicide while incarcerated must not be returned to the same environment without **meaningful clinical intervention** and **transfer to a higher level of psychiatric care**.

The standard of care in such cases is to **refer and transfer** the individual to a therapeutic setting that allows for short-term stabilization, reassessment, and engagement in treatment. This step is not optional, but essential for actively treating modifiable risk factors and meaningfully reducing imminent suicide risk. Mr. Lowe's return to segregation without such care is deeply alarming and increases the risk of future suicidal behavior.

## Recommendations

Mr. Lowe must be transferred to a **focused mental health treatment unit**, either within the current facility or, preferably, to an external forensic psychiatric hospital such as William R. Sharpe Jr. Hospital. Such a setting would allow:

- Intensive suicide risk monitoring
- In-person psychiatric reassessment
- Trauma-informed, multidisciplinary care
- Appropriate medication management and follow-up
- Reduction of modifiable dynamic risk factors in a supportive clinical setting

Returning Mr. Lowe to his prior housing setting following a serious suicide attempt—in the absence of such care—places him at **foreseeable risk**. His current placement does not reflect acceptable psychiatric practice and should be corrected immediately.

**Respectfully submitted,**

Sofia Sami, MD

E-FILED | 4/17/2025 2:37 PM
CC-20-2025-C-513
Kanawha County Circuit Clerk
Cathy S. Gatson

# EXHIBIT 02
## (Filed under Seal)

E-FILED | 4/17/2025 2:37 PM
CC-20-2025-C-513
Kanawha County Circuit Clerk
Cathy S. Gatson

# EXHIBIT 03

WVDCR Policy Directive 335.00
15 February 2020
Attachment #2
GENERAL DISTRIBUTION

OCT 20 2020

**WVDCR Inmate Grievance Form**   Grievance No: 20 MOCC Q² - 1086

Keith W.E. Lowe    #3320501    10/19/20    1509   1346
**Inmate Name**    **OID #**    **Date of Grievance**

State Nature of Grievance / Issue to be addressed (Note: 1 issue per grievance be concise file with Director of Inmate Services.
**NO WRITING ON BACK):**

Im grieving in violation of my State & Federal Constitutional Right to be free from Cruel and Unusual punishment, due to my past and present Conditions of Confinement, which have created and creating a substantial risk of severe psychological and emotional harm, to me, including ex acerbating the myriad of mental illnesses I've already been diagnosed with, and suffer from, such as,

Relief Sought (state what you want):

Please somebody HELP please take a minute and do the research on Mental health illnesses & long term confinement, there is a robust amount of information and, Court Cases; US Supreme Court rulings on what this long term confinement is doing to inmates, who suffer from Mental illness (e.g. Look up, Porter v. Clark, No. 18-6957 (4th cir 2019.
**Inmate's Signature** _(The inmate may attach one 8.5 x 11 sheet if necessary, at this level only)_  The 4th cir. did an unprecedented and so thorough ruling on this issue,
****************************************************************************************
Director of Inmate Services Response (attach additional sheet if needed)

Accepted ✓    Rejected____    Reason for rejection: _____    Date: 27 Oct 2020

Response on Merits if accepted:
The confinement that you have been under is within WVDCR Policy + procedures. All of your confinement issues are due to your failure to follow the rules set forth to you upon your incarceration.

Capt fuch
**Signature**
****************************************************************************************
Resolved: _____ (if so initial and give copy to Director of Inmate Services)    Appealed to Superintendent KL (initial) Date: 10/22/20

If no response at initial level is included the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

_____    _____
**Inmate's Signature**    **Date**
****************************************************************************************
Action by Superintendent:
Accepted ____    Rejected____    Reason for rejection: _____    Date: ____

Response on Merits if accepted: ___ Remand to Unit for further action  ✓ Affirm unit and/or deny grievance  ___ Grant the Grievance as specified
Comments You are housed appropriately according to your custody level + escape attempts.

N.-C    NOV 0 4 2020 (attach additional sheet if necessary)
**Superintendent's Signature**    **Date**
****************************************************************************************
Resolved: _____ (if so initial and give copy to Director of Inmate Services)    Appealed to Commissioner KL. (initial) 11/9/20

If no response at Superintendent's level is included, the inmate certifies that he/she has tendered this grievance as indicated above and a response has been issued at that level within the time frames set forth in Policy Directive 335.00.

_____    _____
**Inmate's Signature**    **Date**
****************************************************************************************
Action by Commissioner:
Accepted ✓    Rejected____    Reason for    Affirmed    Date: 19 Nov 2020
Response on Merits if accepted: ____ Affirm Sup    Grievance Denied    Other, memo attached
Central Office    SCANNED
Grievance Review

WARDEN MOCC OCT 3 2020 RECEIVED

1.) Paranoid schizophrenia; 2.) Bipolar disorder; 3.) Psychotic disorder (Nos)
4.) Post Traumatic Stress Disorder; 5.) Borderline Personality disorder;
6.) Anti-social disorder; 7.) Manic Depression (chronic type); and 8.) Anxiety
These above listed diagnosis are <u>well</u> documented, long before I even came
to prison, all the way back to my teenage years and adolecence, thereby
despite the above stated <u>facts</u>, and Knowledge, Capt. Toney, John Frame,
Josh Ward, Donnie Ames & Betsy Jividen are deliberately indifferent to
that risk, and the obvious damage and deterioration of my mental health
that this long term, indefinite solitary confinment, is causing.

   For the record, I've even personally told John Frame, Josh Ward,
Jason Collins and Steve Caudill, in detail what this long-term solitary
confinement has did, and is doing to me. Literally told them that "It
is Killing me", causing me irreparable harm and making me much worse
than I ever was before, making my head all messed up.... . Even further
I ask Mr. Frame if he could do just (24) hrs in a cell like I have for over
8 years and he said "No-way" and that he did not Know how I did it,
also on that day (Oct. 2. 2020) after telling him that, It's Killing me, he simply
stated, that he could "tell and that he "noticed" that I had "lost 15-20 lbs". I
also ask Steve Caudill on Sept 7, 2020, if he could do (24) hrs in a cell, like I've
lived in for over 8 years, and he unequivically stated "NO", he could not, yet
none of them have any problem, confining me to over 8 years of it, when
they openly admit, they could not do a day, not one (1) day; therefore,
I believe Steve Caudill is also, liable, and deliberate indifferent, because
he is in a position of authority who could stop this never ending, "Misery-
go-round" of the "No touch torture", that I'm being subjected to, on a daily basis.

**ONE STAPLE ONLY**

OCT 27 2020

**WVDCR Inmate Grievance Form**

Grievance No. 20 mcc P2 1176

Inmate Name: KEITH W.R LOWE

OID # 3320501

Date of Grievance: 10/26/20

1209  1395

State Nature of Grievance / Issue to be addressed (Note: 1 issue per grievance be concise file with Director of Inmate Services.

**NO WRITING ON BACK):**

I am grieving that O.P. 324 as written & applied violates my due process, pmredurally and substantively.

**Relief Sought (state what you want):**

I want the QOL program to be gone, and banned from use anymore in the state of W.V.

Inmate's Signature

(The inmate may attach one 8.5 x 11 sheet if necessary, at this level only)

*********************************************************************************************

Director of Inmate Services Response (attach additional sheet if needed)

Accepted ✓   Rejected____   Reason for rejection: _____   Date: 02 NW 2020

Response on Merits if accepted:

Signature

*********************************************************************************************

Resolved: _____ (if so initial and give copy to Director of Inmate Services)   Appealed to Superintendent KL (initial) Date: 11/4/20

If no response at initial level is included the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

Inmate's Signature _____   Date _____

*********************************************************************************************

Action by Superintendent:

Accepted ✓   Rejected____   Reason for rejection: _____   Date: _____

Response on Merits if accepted: ___ Remand to Unit for further action ✓ Affirm unit and/or deny grievance ___ Grant the Grievance as specified
Comments QOL is per policy and approved by the DCR. It will stay until legislation says it has to go.

Superintendent's Signature   NOV 0 3 2020 Date (Attach additional sheet if necessary)

*********************************************************************************************

Resolved: _____ (if so initial and give copy to Director of Inmate Services)   Appealed to Commissioner KL (initial) 11/13/20

If no response at Superintendent's level is included, the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

Inmate's Signature _____   Date _____

*********************************************************************************************

Action by Commissioner:

Accepted ✓   Rejected____   Reason for rejectio
Response on Merits if accepted: _____   Affirm Superintenc

Affirmed
Grievance Denied
Central Office
Grievance Review

Date: _____
Other, memo attached.

WARDEN

RECEIVED

NOV

SCANNED

3                          CONFIDENTIAL                          WVDCR000249

OCT 15 2020

WVDCR Inmate Grievance Form

G.WILLIAMS 2

WVDCR Policy Directive 335.00
15 February 2020
Attachment #2
GENERAL DISTRIBUTION

Grievance No. 20 MOC QA .1062

KEITH W.R. Lowe
**Inmate Name**

3380501
**OID #**

10/15/20
**Date of Grievance**

1509  1290

**State Nature of Grievance / Issue to be addressed (Note: 1 issue per grievance be concise file with Director of Inmate Services. NO WRITING ON BACK):**

I am grieving and challenging the Legality of O.P. 324 (Jan.2020)" Quality of Life Program (QOL). The legislative has specifically and only granted sole authority to the WVDCR Commissioner of Corrections to promulgate disciplinary procedures to govern inmates behavior [Conduct] in accordance there with. See W.Va. Code § 33-5-27 (f) 1984 (Rep.Vol. 2001) Whic

**Relief Sought (state what you want):**

I want the QOL program taken out of this place, just as it has in many other States, because it is unequivocally unconstitutional, and despite you trying to convince me other wise, I do have a constitutional right, both state and federal to due process. I'm eager for the Courts to decide QOL's fate & dismantlement.
Kw.v.R~ Lowe
**Inmate's Signature**

(The inmate may attach one 8.5 x 11 sheet if necessary, at this level only)

*********************************************************************************************

**Director of Inmate Services Response (attach additional sheet if needed)**

Accepted ✓    Rejected____   Reason for rejection: _____    Date: 19 Oct 2020

**Response on Merits if accepted:**

Your behavior dictates where you are housed. You have proven time and time again you have to be housed in a secure environment. Your history of 3 escape attempts at MOCC+J clune shows your intent.
Capt fuh? E
**Signature**

*********************************************************************************************

Resolved: _____ (if so initial and give copy to Director of Inmate Services)    Appealed to Superintendent K.L (initial) Date: 10/25/20

If no response at initial level is included the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

**Inmate's Signature** _____ **Date** _____

*********************************************************************************************

**Action by Superintendent:**

Accepted ✓    Rejected____   Reason for rejection: _____    Date: _____

Response on Merits if accepted: __ Remand to Unit for further action  ✓ Affirm unit and/or deny grievance  __ Grant the Grievance as specified
Comments You will remain on the QOL and the QOL program will remain until the division change
policy
_____
**Superintendent's Signature**       OCT 2 7 2020  **Date**   (Attach additional sheet if necessary)

*********************************************************************************************

Resolved: _____ (If so initial and give copy to Director of Inmate Services)    Appealed to Commissioner K.L (initial) 11/1/20

If no response at Superintendent's level is included, the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

**Inmate's Signature** _____ **Date** _____

*********************************************************************************************

**Action by Commissioner:**

Accepted ✓    Rejected____   Reason _____
Response on Merits if accepted: _____ Affirm

Affirmed
Grievance Denied
Central Office
Grievance Review

Date: 16 NOV 20 (np)    Other, memo attached.

WARDEN'S OFFICE MOCC OCT 2 2020 RECEIVED SCANNED

CONFIDENTIAL    WVDCR000253

ONE STAPLE ONLY
RECEIVED
AUG 02 2021

AUG ?? 202?

WVDCR Inmate Grievance Form
QUILLIAMS 2

WVDCR Policy Directive 335.00
15 February 2020
Attachment #2
GENERAL DISTRIBUTION

By Grievance No. 21 MCC Q2 910

| Mr. Keith W.R. Lowe | 3380501 | July 33,2021 | 1229  1181 |
|---|---|---|---|
| Inmate Name | OID # | Date of Grievance | |

**State Nature of Grievance / Issue to be addressed (Note: 1 issue per grievance be concise file with Director of Inmate Services. NO WRITING ON BACK):**

At the request of and advice from my attorney, and for Litigation purposes, I am filing this grievance against PSI-MEDS, Carey Rogers to extinguish my administrative remedies prior to filing suit, based on the following reasons:

+ Please See Attached —

**Relief Sought (state what you want):**

I respectfully request that PSI MEDS/Wexful' acknowledge, document and provide me with the appropriate treatment for my Serious mental Issues and diagnosis. Move me to mental health unit.

Keith W.R. Lowe
Inmate's Signature

(The inmate may attach one 8.5 x 11 sheet if necessary, at this level only)

*********************************************************************************

**Director of Inmate Services Response (attach additional sheet if needed)**

Accepted_____  Rejected_____  Reason for rejection: _____ Date: 8-5-21

Response on Merits, if accepted:
Per Rita Pauley, MH Past treatment records have been uploaded to your medical chart, Case Consultation Scheduled to review records and therapy Services are available upon request

MClf
Signature

*********************************************************************************

Resolved: _____ (if so initial and give copy to Director of Inmate Services)  Appealed to Superintendent KM (initial) Date: 8/3/21

If no response at initial level is included the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

_____  _____
Inmate's Signature  Date

*********************************************************************************

**Action by Superintendent:**
Accepted ✓  Rejected_____  Reason for rejection: _____ Date: _____

Response on Merits if accepted: __ Remand to Unit for further action  ✓ Affirm unit and/or deny grievance  __ Grant the Grievance as specified
Comments See Office response

_____  _____
Superintendent's Signature  Date

(Attach additional sheet if necessary)

*********************************************************************************

Resolved: _____ (if so initial and give copy to Director of Inmate Services)  Appealed to Commissioner KL (initial)

If no response at Superintendent's level is included, the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

_____
Inmate's Signature

*********************************************************************************

**Action by Commissioner:**
Accepted_____  Rejected_____
Response on Merits if accepted: _____ Affirm Superintendent and deny grievance (Affix final stamp) _____ Other, memo attached

Affirmed
Grievance Denied
Central Office
Grievance Review
West Virginia Division of Corrections Date:

SCANNED
CONFIDENTIAL

RECEIVED
WARDEN'S OFFICE MCC
AUG 1? 202?

5

WVDCR000417

— Attachment —

Since I arrived at Mocc in October 2023, I have provided Mac officials, specifically, but not limited to, "PSI-MED'S, [Wexford], with an abundant amount of documentation and information in the form of Mental Health Records, such as, numerous mental health evaluations, records from multiple mental health psych wards, and hospitals that I've been committed to since I was a teenager, and many other documents regarding my mental health and diagnosis.

To be sure, I have been diagnosed with: 1) Paranoid Schizophrenia; 2) Post Traumatic Stress Disorder; 3) Bipolar; 4) Psychotic Disorder; 5) Borderline Personality Disorder; 6) Anti-Social Disorder; 7) Manic Depression, and I have provided PSI-MED's documentation and records to support and confirm these diagnosis. I have a long, well-documented history of serious mental illness and mental defects which predate my incarceration. Numerous well-qualified and well-respected psychiatrists and psychologist, including multiple psych Doctors from W.Va, have reached the same conclusions and diagnosis and I have had many conversations with Greg Rogers about these diagnosis. I've even personally handed him my mental health records and psych evaluations so he could so first hand what my diagnosis are, yet he never even placed them in my Mocc/PSI MEDS, mental health files, rather he simply ignored them.

As such, despite being made well aware of (the fact) that I suffer from a myriad of "serious mental disorders", PSI MEDs/Wexford, collectively, but namely Greg Rogers, will not, and simply refuse to acknowledge any of my diagnosis, or at least even document them in my mental health file/record here at Mocc. I am unable to understand why they won't recognize my diagnosis, which you think they would want to know about in order to properly and appropriately treat me. How can they properly provide me treatment for my serious mental illnesses, when they refuse to know about, frankly don't want to, or made no attempt to, learn about my mental health history and past documentation of (past) mental health records.

WVDCR000418

ONE STAPLE ONLY

NOV 2 6 2022

**WVDCR Inmate Grievance Form**   Grievance No. 22.MDCCP2.1333

1414
12

Inmate Name KEHH W.R. LOWE   OID # 3380501   Date of Grievance 11/23/22   ☑ ADA-related

**State Nature of Grievance / Issue to be addressed (Note: 1 issue per grievance be concise file with Unit Manager. NO WRITING ON BACK):**

Capt. I been requesting mental health for weeks, I've even wrote directly to Mr. Greg Rogers, but no response, I visited all weekend, [Sat 19 i Sun 20ᵗʰ] closure they said no-one's here from mental Health on weekend. Then on Mon. 21ˢᵗ of Nov. I ask for mental health was told there not enough staff on unit. Tuesday, nobody came, so I'm filing this grievance. I'm really struggling here. I wake up every day now wishing I would die. I'm having voices telling me that you guys r coming to kill me, having real bad panic attacks, feels like I'm having a heart attack, I'm become ungovernable. I need

**Relief Sought (state what you want):** serious mental health help, real help, NOT crossword puzzle and a door visit. I need to be seen by a real mental health professional, a psychologist or psychiatrist a

Inmate's Signature Kmth W.R. Lowe   (The inmate may attach one 8.5 x 11 sheet, if necessary, at this level only)

************************************************************************

**Unit Manager Response (attach additional sheet if needed)**

Accepted ✓   Rejected ____   Reason for rejection: _____   Date: 11-29-22

**Response on Merits if accepted:** Per Mental Health you were seen on 11-25-22

Signature

************************************************************************

Resolved: ____ (if so initial and give copy to Unit Manager)   Appealed to Superintendent K (initial) Date: 12/1/22

If no response at initial level is included the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued it that level within the time frames set forth in Policy Directive 335.00.

Inmate's Signature _____   Date _____

************************************************************************

**Action by Superintendent:**

Accepted ✓   Rejected ____   Reason for rejection: _____   Date: ____

Response on Merits if accepted: ____ Remand to Unit for further action   ✓ Affirm unit and/or deny grievance ____ Grant the Grievance as specified

Comments You have since been seen by qualified Mental health staff.

Superintendent's Signature   08 Dec 2022 (Attach additional sheet if necessary)   Date

************************************************************************

Resolved: ____ (if so initial and give copy to Unit Manager)   Appealed to Commissioner K.L. (initial)

If no response at Superintendent's level is included, the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

Inmate's Signature _____

************************************************************************

Affirmed
Grievance Denied
Central Office
Grievance Review

**Action by Commissioner:**
Accepted ____   Rejected ____
Response on Merits if accepted: ____  / Affirm Superintendent and deny grievance (Affix final stamp)   Date: ____   ____ Other, memo attached.

SUPERINTENDENT'S OFFICE OCC&J DEC 08 2022 RECEIVED

7   CONFIDENTIAL   WVDCR000435

**ONE STAPLE ONLY**

RECEIVED

NOV 04 2022

WVDCR Policy Directive 335.00
27 May 2022
Attachment #2
**GENERAL DISTRIBUTION**

WVDCR Inmate Grievance Form S 2   Grievance No. 22 MOC 02 -120

KEITH W.R. LOWE       3380501       11/3/22       ☑ ADA-related   1399
**Inmate Name**                    **OID #**       **Date of Grievance**

State Nature of Grievance / Issue to be addressed (Note: 1 issue per grievance be concise file with Unit Manager. NO WRITING ON BACK)

In grieving that holding me in solitary confinement / Adseg in the QRL program @ year after is cruel and unusual punishment, a violation of the Constitution. I suffer from (1) Bipolar schizoph (2) Bipolar, (3) P.T.S.D.; (4) Psychotic Disorder; (5) Borderline personality disorder; (6) Anti-Social disorder; (7) depression, and Anxiety, which is all well documented. Keeping me in sol. confinement despite knowing that I suffer from such serious mental illness; is deliberately indifferent to my mental health.

**Relief Sought (state what you want):**

Release me to the yard

~~Inmate's Signature~~           (The inmate may attach one 8.5 x 11 sheet, if necessary, at this level only)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Unit Manager Response (attach additional sheet if needed)**

Accepted ✓      Rejected____   Reason for rejection: _____   Date: 11 NOV 22

Response on Merits if accepted: YOUR CONCERNS WILL BE FORWARDED TO MHU - GREG ROGERS TO INSURE YOU ARE RECEIVING ADEQUATE TREATMENT

**Signature**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Resolved:____ (if so initial and give copy to Unit Manager)      Appealed to Superintendent KL (initial) Date: 11/15/22

If no response at initial level is included the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

_____          _____
**Inmate's Signature**                **Date**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Action by Superintendent:**

Accepted ✓      Rejected____   Reason for rejection: _____   Date: _____

Response on Merits if accepted: __ Remand to Unit for further action  ✓ Affirm unit and/or deny grievance   __ Grant the Grievance as specified
Comments This issue has already been addressed by the Central Office Grievance Review in the form of a memo responding to a letter that you wrote. See attached memo.

(Attach additional sheet if necessary)

_____          _____
**Superintendent's Signature**        **Date**              11/2/22

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Resolved:____ (if so initial and give copy to Unit Manager)      Appealed to Commissioner KL (initial)

If no response at Superintendent's level is included, the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

_____
**Inmate's Signature**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*          Affirmed                 \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Action by Commissioner:**                              Grievance Denied
                                                          Central Office
Accepted ____      Rejected____                          Grievance Review                         Date: _____
Response on Merits if accepted: ____  Affirm Superintendent and deny grievance (Affix final stamp)  ____ Other, memo attached.

SUPERINTENDENT'S OFFICE   RECEIVED




## STATE OF WEST VIRGINIA
#### DEPARTMENT OF HOMELAND SECURITY
# DIVISION OF CORRECTIONS
## AND REHABILITATION

**BRAD DOUGLAS**
**ACTING COMMISSIONER**

**JEFF S. SANDY, CFE, CAMS**
**CABINET SECRETARY**

Office of the Commissioner
1409 Greenbrier Street
304-558-5367 – Fax

TO:     Keith Lowe, 3380501

THRU:   Mr. John Frame, Acting Superintendent
        Mount Olive Correctional Complex and Jail

FROM:   Central Office Grievance Review

DATE:   15 November 2022

RE:     Ad-Seg Appeal

Mr. Lowe, your actions have placed you in this situation, and only your actions can get you out. It takes a long time to build a trust, even in prison. Maintain good behavior and hope for better results in the future.

CONFIDENTIAL

WVDCR000438

RECEIVED

WVDCR Policy Directive 335.00
08 October 2021
Attachment #2
GENERAL DISTRIBUTION

MAY 20 2022

**WVDCR Inmate Grievance Form**     Grievance No. 22-Mac-D2,543

644

KEITH W. QUILLIAMS 2 #338060I         5/18/22     689

**Inmate Name**          **OID #**          **Date of Grievance**     DIS SCANNED

State Nature of Grievance / Issue to be addressed (Note: 1 issue per grievance be concise file with Unit Manager. **NO WRITING ON BACK**):

Capt. respectfully, I must grieve the fact that on the 13th of May 2022, the Mental Health Staff informed me that they were denied their request to provide the Mental health therapy i treatment based on staff-shortage (i.e. not enough staff) on the unit. This grievance is filed on the advice of counsel and documentated purposes. Thank you

**Relief Sought (state what you want):**

Enough staff to run the unit adequately and safely. Please don't turn mental health during-when they come to help us treat me.

_Kuhwe Joaue_
**Inmate's Signature**          (The inmate may attach one 8.5 x 11 sheet, if necessary, at this level only)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Unit Manager Response (attach additional sheet if needed)

Accepted ✓     Rejected____     Reason for rejection: _____     Date: 20 MAY 22

Response on Merits if accepted:
DID YOU HAVE A SICK CALL SLIP FOR THIS? I'M ATTACHING A SICK CALL SLIP FOR MHU

**Signature**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Resolved:____ (if so initial and give copy to Unit Manager)     Appealed to Superintendent KL (initial) Date: 5/22/22

If no response at initial level is included the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

_____          _____
**Inmate's Signature**          **Date**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Action by Superintendent:**
Accepted ✓     Rejected____     Reason for rejection: _____     Date: _____

Response on Merits if accepted: ___ Remand to Unit for further action ✓ Affirm unit and/or deny grievance ___ Grant the Grievance as specified
Comments: Sick call slips need to be submitted, and emergency situations will be dealt with. Additionally, efforts are made on a daily basis to bring staff into the facility.

MAY 2 5 2022 (Attach additional sheet if necessary)
**Superintendent's Signature**          **Date**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Resolved:____ (if so initial and give copy to Unit Manager)     Appealed to Commissioner ____ (initial)

If no response at Superintendent's level is included, the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

_____          Affirmed
**Inmate's Signature**          Grievance Denied

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*          Central Office     \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**Action by Commissioner:**          Grievance Review          Date: _____
Accepted ✓     Rejected____          Affirm Superintendent and deny grievance (Affix final stamp)     Other, memo attached.
Response on Merits if accepted: ✓

SUPERINTENDENT MOCC
MAY 25 2022
RECEIVED

10          CONFIDENTIAL          WVDCR000473

ONE STAPLE ONLY

*Recieved 2/8/23*

FEB 07 2023

**WVDCR Inmate Grievance Form**

Grievance No. 23 - merc - G2 - 117

Inmate Name: KEITH W.R. LOWE

OID # 3380501

Date of Grievance 2/6/22

ADA-related ☑

**State Nature of Grievance / Issue to be addressed (Note: 1 issue per grievance be concise file with Unit Manager. NO WRITING ON BACK):**

Im grieving that after asking and requesting mental health for weeks, I couldn't get any help and because of PSI meds deliberak indifference to my serious mental health needs I cut my arm my testicles, my face and my head on Mon Jan 23, 2023

**Relief Sought (state what you want):**

Plz provide me with adequate mental health treatment

Inmate's Signature: Keith will Lowe

(The inmate may attach one 8.5 x 11 sheet, if necessary, at this level only)

*****************************************************************************************

**Unit Manager Response (attach additional sheet if needed)**

Accepted ✓    Rejected____    Reason for rejection: _____    Date: 2/9/23

Response on Merits if accepted: Mental Health have recieved no requests for services. Assigned therapist will follow-up at earliest opportunity.

Signature: Stephanie B

*****************************************************************************************

Resolved:____ (if so initial and give copy to Unit Manager)    Appealed to Superintendent KL (initial) Date: 2/13/23

If no response at initial level is included the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

Inmate's Signature _____    Date _____

*****************************************************************************************

**Action by Superintendent:**

Accepted ✓    Rejected____    Reason for rejection: _____    Date: ___

Response on Merits if accepted: ____ Remand to Unit for further action  ✓ Affirm unit and/or deny grievance ____ Grant the Grievance as specified

Comments: See above response from Therapist. Additionally, if you are in need of mental health services then submit a request or alert a staff member. You was seen on 14 Feb 23 and 16 Feb 23.

Superintendent's Signature _____    Date 20 Feb 2023    (Attach additional sheet if necessary)

*****************************************************************************************

Resolved:____ (if so initial and give copy to Unit Manager)    Appealed to Commissioner KL (initial) 2/24/23

If no response at Superintendent's level is included, the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

Inmate's Signature _____

*****************************************************************************************

**Action by Commissioner:**

Accepted ✓    Rejected____

Response on Merits if accepted: ____ Affirm Superintendent and deny grievance (Affix final stamp) ____ Other, memo attached.

**Affirmed**
Grievance Denied
Central Office
Grievance Review

Date: MAR 2 2023

SUPERINTENDENT'S OFFICE C&J    RECEIVED

Received 1/19/23 SB

WVDCR Policy Directive 335.00
27 May 2022
Attachment #2
GENERAL DISTRIBUTION

59.

**WVDCR Inmate Grievance Form**   Grievance No. 23-Noc-QR-54

KEHH W.R. LOWE    3380501    1/16/23

Inmate Name    OID #    Date of Grievance

ADA-related ☑

83
122

**State Nature of Grievance / Issue to be addressed (Note: 1 issue per grievance be concise file with Unit Manager. NO WRITING ON BACK):** → I've tried for 3 weekends straight to get mental health on the weekends, but nobody ever comes. Capt. sorry to bother you but my mental health is deteriorating. I'm really struggling I can't get the pain and the voices to stop. I've tried to get a psychologist or psychiatrist to come down and see me but all I can get is crossword puzzles and a 5 min door visit from someone asking me is I'm okay. I tell them NO, NO I'm not okay and all that happens is they well keep on hanging in there. Then I file grievances and the response is u were seen by

**Relief Sought (state what you want):** mental health on --- referring to the ladies that walk around from mental health but I need real mental health help, not crossword puzzles

I need mental health by a professional qualified and licensed Psychiatrist. These needs to be somebody here with those credentials on the weekends because my and a hello goodbye door visit

Kwy W.R. Lowe

**Inmate's Signature**   (The inmate may attach one 8.5 x 11 sheet, if necessary, at this level only) mental health crisis can't just pause and wait till Monday.

Thank you

**Unit Manager Response (attach additional sheet if needed)**

Accepted ✓   Rejected___   Reason for rejection: _____   Date: 1/20/23

Response on Merits if accepted: On-call services are provided throughout weekend for mental health emergencies

Signature

JAN 18 20__

Resolved:____ (if so initial and give copy to Unit Manager)    Appealed to Superintendent KL (initial) Date: 1/21/23

If no response at initial level is included the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

Inmate's Signature    Date

**Action by Superintendent:**

Accepted ✓   Rejected___   Reason for rejection: _____   Date:

Response on Merits if accepted: ___ Remand to Unit for further action ✓ Affirm unit and/or deny grievance ___ Grant the Grievance as specified

Comments On-Call mental services are available for emergencies. If you feel that you are in need, please alert a staff member.

25 Jan 2023   (Attach additional sheet if necessary)

**Superintendent's Signature**    Date

SUPERINTENDENT'S OFFICE RECEIVED
MOCC&J

Resolved:____ (if so initial and give copy to Unit Manager).   Appealed to Commissioner KL (initial) 1/27/23

If no response at Superintendent's level is included, the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

Inmate's Signature

**Action by Commissioner:**

Accepted ✓   Rejected___

Response on Merits if accepted: ___

**Affirmed**
Grievance Denied
Central Office
Grievance Review

Affirm Superintendent and deny grievance (Affix final stamp) ___ Other, memo attached.

Date: FE___



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lydia Milnes
lydia@msjlaw.org

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following motion was FILED on 4/17/2025 2:37:08 PM

Notice Date: 4/17/2025 2:37:08 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Superintendent John Frame
Mt. Olive Correctional Complex
1 Mountainside Way
Mt. Olive, WV 25185

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following motion was FILED on 4/17/2025 2:37:08 PM

Notice Date:     4/17/2025 2:37:08 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Commissioner William Marshall
WV Division of Corrections
1409 Greenbrier Street
Charleston, WV 25311

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following motion was FILED on 4/17/2025 2:37:08 PM

Notice Date:     4/17/2025 2:37:08 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

**To:** Timothy Thistlethwaite, MD
PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following motion was FILED on 4/17/2025 2:37:08 PM

Notice Date:     4/17/2025 2:37:08 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following motion was FILED on 4/17/2025 2:37:08 PM

Notice Date:     4/17/2025 2:37:08 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lesley Marie Nash
lesley@msjlaw.org

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following motion was FILED on 4/17/2025 2:37:08 PM

Notice Date:     4/17/2025 2:37:08 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**KEITH LOWE,**

      **Plaintiff,**

**v.**                              **Case No: 25-C-513**

**SUPERINTENDENT JOHN FRAME,**
**COMMISSIONER WILLIAM MARSHALL,**
**TIMOTHY THISTLETHWAITE, MD,**
**and PSIMED CORRECTIONS, LLC,**

      **Defendants.**

### PLAINTIFF'S MOTION TO FILE MEDICAL RECORDS UNDER SEAL

COMES NOW Plaintiff Keith Lowe, by counsel, and respectfully requests that this Court order that medical records submitted as Exhibit 2 in support of his Emergency Motion for Temporary Restraining Order and Preliminary Injunction be filed under seal.

The documents requested to be filed under seal are highly sensitive medical records relating to Mr. Lowe. This Court has held that, while there is a presumption that court records and filing are open and available to the public, records may be sealed under certain circumstances.

> The qualified public right of access to civil court proceedings guaranteed by Article III, Section 17 of the Constitution of West Virginia is not absolute and is subject to reasonable limitations imposed in the interest of the fair administration of justice or other compelling public policies. In performing this analysis, the trial court first must make a careful inquiry and afford all interested parties an opportunity to be heard. The trial court must also consider alternatives to closure. Where the trial court closes proceedings or seals records and documents, it must make specific findings of fact which are detailed enough to allow appellate review to determine whether the proceedings or records are required to be open to the public by virtue of the constitutional presumption of access.

Syl. Pt. 6, *State ex rel. Garden State Newspapers, Inc. v. Hoke*, 205 W.Va. 611, 520 S.E.2d 186

(1999). Medical records are generally considered among some of the most sensitive personal

1

information, and courts routinely seal medical records of parties. *See, e.g., D.C. v. Wayne Cnty. Bd. of Educ.,* 2012 WL 2924132 *3 at n. 1 (W. Va., February 14, 2012).

Here, the medical records at issue involve Mr. Lowe's mental health diagnoses and treatment. These records are not voluminous (approximately 75 pages) and do not contain any information which would be of particular importance to the public. Given the highly sensitive nature of these records, Mr. Lowe respectfully requests that the medical records designated as Exhibit 2 be sealed.

**Respectfully Submitted,**

**KEITH W.R. LOWE,**
**By Counsel,**

s/ *Lydia C. Milnes*
Lydia C. Milnes (WVSB #10598)
Lesley M. Nash (WVSB #14158)
Mountain State Justice, Inc.
1029 University Ave., Ste. 101
Morgantown, WV 26505
Telephone: (304) 326-0188
Facsimile: (304) 326-0189
lydia@msjlaw.org
lesley@msjlaw.org



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lydia Milnes
lydia@msjlaw.org

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following motion was FILED on 4/17/2025 2:48:13 PM

Notice Date:     4/17/2025 2:48:13 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Superintendent John Frame
Mt. Olive Correctional Complex
1 Mountainside Way
Mt. Olive, WV 25185

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following motion was FILED on 4/17/2025 2:48:13 PM

Notice Date:     4/17/2025 2:48:13 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Commissioner William Marshall
WV Division of Corrections
1409 Greenbrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following motion was FILED on 4/17/2025 2:48:13 PM

Notice Date:     4/17/2025 2:48:13 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Timothy Thistlethwaite, MD
PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following motion was FILED on 4/17/2025 2:48:13 PM

Notice Date:      4/17/2025 2:48:13 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following motion was FILED on 4/17/2025 2:48:13 PM

Notice Date:     4/17/2025 2:48:13 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lesley Marie Nash
lesley@msjlaw.org

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following motion was FILED on 4/17/2025 2:48:13 PM

Notice Date:     4/17/2025 2:48:13 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440

# SUMMONS

E-FILED | 4/22/2025 9:04 AM
CC-20-2025-C-513
Kanawha County Circuit Clerk
Cathy S. Gatson

CC-20-2025-C-513

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Keith Lowe v. Superintendent John Frame

Service Type:    Filer - Private Process Server

NOTICE TO:    Commissioner William Marshall, WV Division of Corrections, 1409 Greenbrier Street, Charleston, WV 25311

Lydia Milnes, 1029 UNIVERSITY AVE STE 100, , MORGANTOWN, WV 26505

SERVICE:

| | |
|---|---|
| 4/17/2025 2:20:33 PM | /s/ Cathy S. Gatson |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☑ I certify that I personally delivered a copy of the Summons and Complaint to _____
_Olivia Blethen_      _Olivia Blethen_

☑ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to
_____ , someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

04/17/2025
Date

_Brandon Williams_
Server's Signature

### CC-20-2025-C-513
### Keith Lowe v. Superintendent John Frame

# SERVICE RETURN



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lydia Milnes
lydia@msjlaw.org

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following service return was FILED on 4/22/2025 9:04:03 AM

Notice Date:     4/22/2025 9:04:03 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Superintendent John Frame
Mt. Olive Correctional Complex
1 Mountainside Way
Mt. Olive, WV 25185

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following service return was FILED on 4/22/2025 9:04:03 AM

Notice Date:    4/22/2025 9:04:03 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Commissioner William Marshall
WV Division of Corrections
1409 Greenbrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following service return was FILED on 4/22/2025 9:04:03 AM

Notice Date:    4/22/2025 9:04:03 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Timothy Thistlethwaite, MD
PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following service return was FILED on 4/22/2025 9:04:03 AM

Notice Date:    4/22/2025 9:04:03 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following service return was FILED on 4/22/2025 9:04:03 AM

Notice Date:     4/22/2025 9:04:03 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lesley Marie Nash
lesley@msjlaw.org

# NOTICE OF FILING

### IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following service return was FILED on 4/22/2025 9:04:03 AM

Notice Date:     4/22/2025 9:04:03 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440

# SUMMONS

E-FILED | 4/22/2025 9:04 AM
CC-20-2025-C-513
Kanawha County Circuit Clerk
Cathy S. Gatson
CC-20-2025-C-513

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Keith Lowe v. Superintendent John Frame

Service Type:   Filer - Private Process Server

NOTICE TO:   Timothy Thistlethwaite, MD, PSIMED Corrections, LLC, 1520 Kanawha Blvd East, Charleston, WV 25311

Lydia Milnes, 1029 UNIVERSITY AVE STE 100, , MORGANTOWN, WV 26505

SERVICE:

| 4/17/2025 2:20:33 PM | /s/ Cathy S. Gatson |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☑ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to
*Megan Schoffner* _____, someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| 4/21/2025 | *Branslay Williams* |
|---|---|
| Date | Server's Signature |

### CC-20-2025-C-513
### Keith Lowe v. Superintendent John Frame

# SERVICE RETURN



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lydia Milnes
lydia@msjlaw.org

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following service return was FILED on 4/22/2025 9:04:48 AM

Notice Date:    4/22/2025 9:04:48 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Superintendent John Frame
Mt. Olive Correctional Complex
1 Mountainside Way
Mt. Olive, WV 25185

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following service return was FILED on 4/22/2025 9:04:48 AM

Notice Date:    4/22/2025 9:04:48 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Commissioner William Marshall
WV Division of Corrections
1409 Greenbrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following service return was FILED on 4/22/2025 9:04:48 AM

Notice Date:     4/22/2025 9:04:48 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Timothy Thistlethwaite, MD
PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following service return was FILED on 4/22/2025 9:04:48 AM

Notice Date:    4/22/2025 9:04:48 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following service return was FILED on 4/22/2025 9:04:48 AM

Notice Date:   4/22/2025 9:04:48 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lesley Marie Nash
lesley@msjlaw.org

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following service return was FILED on 4/22/2025 9:04:48 AM

Notice Date:    4/22/2025 9:04:48 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440

/s/ Carrie Webster
Circuit Court Judge
Ref. Code: 25R04ZS9X

E-FILED | 4/22/2025 4:26 PM
CC-20-2025-C-513
Kanawha County Circuit Clerk
Cathy S. Gatson

## In the Circuit Court of Kanawha County, West Virginia

**Keith Lowe,**
Plaintiff,

v.

Case No. CC-20-2025-C-513
Judge Carrie Webster

**Superintendent John Frame,**
**Commissioner William Marshall,**
**Timothy Thistlethwaite, MD,**
**PSIMED Corrections, LLC,**
Defendants

### ORDER GRANTING PLAINTIFF'S MOTION TO FILE MEDICAL RECORDS UNDER SEAL

Pending before this Court is Plaintiff's Motion to File Medical Records Under Seal. This Court has reviewed the Plaintiff's Motion and the Exhibit at issue. Because medical records are generally considered among some of the most sensitive personal information, and courts routinely seal medical records of parties, *See, e.g., D.C. v. Wayne Cnty. Bd. of Educ.*, 2012 WL 2924132 *3 at n. 1 (W. Va., February 14, 2012), the Court **GRANTS** Plaintiff's Motion to File Medical Records Under Seal.

Wherefore, the court **DIRECTS** the Clerk to file Exhibit 2 to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Relief under seal. The Court **further DIRECTS** the Clerk to provide Judge Webster with a copy of the documents under seal in this case.

**/s/ Carrie Webster**
Circuit Court Judge
8th Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.

**Prepared by:**

*/s/Lydia C. Milnes*
Lydia C. Milnes (WVSB #10598)
Lesley M. Nash (WVSB #14158)
Mountain State Justice, Inc.
1029 University Ave., Ste. 101
Morgantown, WV 26505



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lesley Marie Nash
lesley@msjlaw.org

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following order - case was FILED on 4/22/2025 4:26:16 PM

Notice Date:    4/22/2025 4:26:16 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440


CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lydia Chrystine Milnes
lydia@msjlaw.org

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Keith Lowe v. Superintendent John Frame

CC-20-2025-C-513

The following order - case was FILED on 4/22/2025 4:26:16 PM

Notice Date:     4/22/2025 4:26:16 PM

Cathy S. Gatson

CLERK OF THE CIRCUIT COURT

Kanawha County

P.O. Box 2351

CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Superintendent John Frame
Mt. Olive Correctional Complex
1 Mountainside Way
Mt. Olive, WV 25185

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following order - case was FILED on 4/22/2025 4:26:16 PM

Notice Date:    4/22/2025 4:26:16 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

**To:** Commissioner William Marshall
WV Division of Corrections
1409 Greenbrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following order - case was FILED on 4/22/2025 4:26:16 PM

Notice Date:     4/22/2025 4:26:16 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Timothy Thistlethwaite, MD
PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Keith Lowe v. Superintendent John Frame

CC-20-2025-C-513

The following order - case was FILED on 4/22/2025 4:26:16 PM

Notice Date:     4/22/2025 4:26:16 PM

Cathy S. Gatson

CLERK OF THE CIRCUIT COURT

Kanawha County

P.O. Box 2351

CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** PSIMED Corrections, LLC
1520 Kanawha Blvd East
Charleston, WV 25311

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following order - case was FILED on 4/22/2025 4:26:16 PM

Notice Date:    4/22/2025 4:26:16 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**KEITH LOWE,**

    **PLAINTIFF,**

**VS.**                       **CIVIL ACTION NO. 25-C-513**

**Superintendent John Frame,**
**Commissioner William Marshall,**
**Timothy Thistlethwaite, MD,**
**PSIMED Corrections, LLC,**

    **DEFENDANTS.**

### NOTICE OF APPEARANCE

    Now comes Michael J. Del Giudice and the law firm of Ciccarello, Del Giudice & LaFon and notices their appearance as retained counsel on behalf of Defendants, PSIMED Corrections, LLC and Timothy Thistlewaite, M.D. All future correspondence and pleadings should be directed to them at their address below.

                       **PSIMED CORRECTIONS, LLC and**
                       **TIMOTHY THISTLEWAITE, M.D.,**

                       **By Counsel,**

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/Michael J. Del Giudice
    Michael J. Del Giudice (WV #982)
    1219 Virginia Street, East, Suite 100
    Charleston, West Virginia 25301
    Phone: (304) 343-4440
    Attorney for PSIMED Corrections, LLC and
    Timothy Thistlewaite, M.D.

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

KEITH LOWE,

    PLAINTIFF,

VS.                                 **CIVIL ACTION NO. 25-C-513**

SUPERINTENDENT JOHN FRAME,
COMMISSIONER WILLIAM MARSHALL,
TIMOTHY THISTLETHWAITE, MD,
PSIMED CORRECTIONS, LLC,

    DEFENDANTS.

## CERTIFICATE OF SERVICE

I, Michael J. Del Giudice, do hereby certify that the foregoing **"Notice of Appearance"**

has been served upon the Plaintiff via E-Filing with the West Virginia E-Filing System on the 23rd

day of April, 2025 as follows:

> Lydia C. Milnes, Esquire
> Lesley M. Nash, Esquire
> Mountain State Justice, Inc.
> 1029 University Ave., Suite 101
> Morgantown, West Virginia 26505

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/Michael J. Del Giudice
    Michael J. Del Giudice (WV #982)
    Attorney for PSIMED Corrections, LLC and
    Timothy Thistlewaite, M.D.

S:\Non PI Cases\Clients\Psimed\Lowe, Keith\2025-4-23 - Notice of Appearance.docx



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Michael Del Giudice
mikedel@cdlwv.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following notice of appearance was FILED on 4/23/2025 2:42:36 PM

Notice Date:    4/23/2025 2:42:36 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Superintendent John Frame
Mt. Olive Correctional Complex
1 Mountainside Way
Mt. Olive, WV 25185

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following notice of appearance was FILED on 4/23/2025 2:42:36 PM

Notice Date:     4/23/2025 2:42:36 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

**To:** Commissioner William Marshall
WV Division of Corrections
1409 Greenbrier Street
Charleston, WV 25311

---

# NOTICE OF FILING

---

### IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following notice of appearance was FILED on 4/23/2025 2:42:36 PM

Notice Date:     4/23/2025 2:42:36 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



**To:** Lesley Marie Nash
lesley@msjlaw.org

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following notice of appearance was FILED on 4/23/2025 2:42:36 PM

Notice Date:     4/23/2025 2:42:36 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lydia Chrystine Milnes
lydia@msjlaw.org

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Keith Lowe v. Superintendent John Frame

CC-20-2025-C-513

The following notice of appearance was FILED on 4/23/2025 2:42:36 PM

Notice Date:     4/23/2025 2:42:36 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**KEITH LOWE,**

        **Plaintiff,**

**v.**
                                          **Civil Action No. 25-C-513**
                                          **Judge Carrie Webster**

**SUPERINTENDENT JONATHAN FRAME,**
**COMMISSIONER WILLIAM K. MARSHALL, III,**
**and PSIMED CORRECTIONS, LLC,**

        **Defendants.**

### <u>NOTICE OF APPEARANCE</u>

        Please take notice that Jonathan M. Calhoun, Assistant Attorney General for the State of West Virginia, enters his notice of appearance as counsel of record for Defendants Superintendent Jonathan Frame and Commissioner William K. Marshall, III, in the above-styled matter. Please direct any further correspondence, notices, orders, or other documents to the undersigned counsel at the address below.

        Dated this 24th day of April, 2025

                                          Respectfully submitted,

                                          SUPERINTENDENT JONATHAN FRAME, and COMMISSIONER WILLIAM K. MARSHALL, III,

                                          By counsel,

JOHN B. MCCUSKEY
ATTORNEY GENERAL

*Jonathan M. Calhoun*
_____
Jonathan M. Calhoun, W.Va. Bar No. 11134
Assistant Attorney General
1900 Kanawha Blvd, East
Building 1, Room E-26
Charleston, WV 25301
Phone: (304) 558-6828
Email: jcalhoun@wvago.gov

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**KEITH LOWE,**

      **Plaintiff,**

**v.**
                                              **Civil Action No. 25-C-513**
                                              **Judge Carrie Webster**

**SUPERINTENDENT JONATHAN FRAME,**
**COMMISSIONER WILLIAM K. MARSHALL, III,**
**and PSIMED CORRECTIONS, LLC,**

      **Defendants.**

## CERTIFICATE OF SERVICE

    I, Jonathan M. Calhoun, Assistant Attorney General for the State of West Virginia and counsel for Respondent West Virginia Department of Homeland Security, hereby certifies that a true and accurate copy of the foregoing ***Notice of Appearance*** was served via electronic filing on the following counsel of record this 24th day of April, 2025:

                    Lydia C. Milnes, Esq.
                    Lesley M. Nash, Esq.
                    *Counsel for Plaintiff*

Jonathan M. Calhoun, W.Va. Bar No. 11134
Assistant Attorney General
1900 Kanawha Blvd., East
Building 1, Suite E-26
Charleston, WV 25305
Telephone: (304) 558-6828



CC-20-2025-C-513

Judge: Carrie Webster

**To:** Jonathan Calhoun
jcalhoun@wvago.gov

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Keith Lowe v. Superintendent John Frame

CC-20-2025-C-513

The following notice of appearance was FILED on 4/24/2025 9:26:46 AM

Notice Date:     4/24/2025 9:26:46 AM

Cathy S. Gatson

CLERK OF THE CIRCUIT COURT

Kanawha County

P.O. Box 2351

CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-513

Judge: Carrie Webster

**To:** Lesley Marie Nash
lesley@msjlaw.org

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following notice of appearance was FILED on 4/24/2025 9:26:46 AM

Notice Date: 4/24/2025 9:26:46 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

**To:** Lydia Chrystine Milnes
lydia@msjlaw.org

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following notice of appearance was FILED on 4/24/2025 9:26:46 AM

Notice Date:     4/24/2025 9:26:46 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

**To:** Michael J. Del Giudice
mikedel@cdlwv.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Keith Lowe v. Superintendent John Frame
CC-20-2025-C-513

The following notice of appearance was FILED on 4/24/2025 9:26:46 AM

Notice Date:    4/24/2025 9:26:46 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440