IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

KEITH LOWE,

      Plaintiff,

v.                                    Civ. Act. No: 2:25cv272

SUPERINTENDENT JOHN FRAME and
ACTING COMMISSIONER LANCE YARDLEY,

      Defendants.

## MOTION FOR ORDER TO FACILITATE THE RELEASE OF RECORDS IN RELATED MENTAL HYGIENE CASE

Plaintiff Keith Lowe, by counsel, respectfully moves this Court to enter an order regarding the relevance of certain records created in a mental hygiene case filed by Defendant Frame in the Circuit Court of Fayette County, West Virginia. Under section 27-3-1 of the West Virginia Code, such records are confidential except in certain circumstances, including when *any* court finds that such records are sufficiently relevant to a proceeding so as to outweigh the importance of maintaining confidentiality. W. Va. Code § 27-3-1(b)(3). For the reasons set forth herein, Plaintiff respectfully suggests that the records are directly relevant to the matter pending before this Court, and an order to that effect is appropriate under these circumstances.

This Court conducted a telephonic status conference on June 5, 2025. During that status conference, numerous representations were made to the Court by counsel for the parties regarding a recent probable cause mental hygiene hearing regarding Mr. Lowe; the parties have not, however, provided evidentiary support to the Court for such representations.

On June 6, 2025, counsel for Mr. Lowe submitted a motion to the Circuit Court of Fayette County, West Virginia, seeking to obtain the transcript of the mental hygiene probable cause hearing, as well as all related documents. On June 12, 2025, the Circuit Court of Fayette County

1

denied Plaintiff's motion because Mr. Lowe had failed to identify any of the exceptions in West Virginia Code § 27-3-1(b) that would permit disclosure of the otherwise confidential records.

West Virginia Code § 27-3-1 governs the confidentiality of mental health records generally, including records relating to both diagnosis and treatment. The statute requires that such records be maintained confidentially, except in certain circumstances. *Id.* One circumstance applies directly to the current situation; it permits disclosure "[p]ursuant to an order of any court based upon a finding that the information is sufficiently relevant to a proceeding before the court to outweigh the importance of maintaining the confidentiality established by this section." *Id.* at 27-3-1(b)(3).

Here, Defendant Frame filed the petition to civilly commit Plaintiff in response to this Court's Order requiring the transfer of Mr. Lowe to an in-patient psychiatric hospital for treatment. The undersigned counsel was not Plaintiff's counsel in the civil commitment probable cause hearing and thus do not have access to the documents filed in that matter, nor the ability to obtain the transcript of the proceeding, which is sealed. The undersigned counsel has been informed of statements made at that hearing by both Defendant Frame and Assistant Attorney General Gail Lipscomb, who appeared before this Court at the June 5, 2025, status conference as counsel for the West Virginia Department of Health Facilities, but who, upon information and belief, appeared at the mental hygiene hearing as counsel for Defendant Frame. Based on the reports the undersigned counsel has received regarding what was said in that hearing, the undersigned has serious concerns that Defendant Frame failed and refused to follow this Court's order and instead sought to prevent the transfer of Mr. Lowe for inpatient treatment. The transcript of that hearing is necessary to make that determination, as well as to understand Ms. Lipscomb's apparent dual roles representing both the Division of Corrections and the Department of Health Facilities.

As of the date of this filing, Mr. Lowe remains confined along in a single cell for twenty-four hours a day at the Mount Olive Correctional Complex and has not been transferred for inpatient treatment at a psychiatric facility. Mr. Lowe's mental health continues to deteriorate. Despite numerous mental health providers evaluating Mr. Lowe and finding that he is suicidal and in need of inpatient treatment (including the psychologist who evaluated Mr. Lowe for his probable cause hearing), the West Virginia Bureau of Health Facilities has, without any evaluation of Mr. Lowe itself, determined that it is not capable of providing him with treatment and refuses to accept Mr. Lowe for treatment in its forensic treatment facility. As a result, this Court's Order is not being effectuated.

WHEREFORE, the undersigned counsel respectfully suggests that the proceedings before the mental hygiene commissioner are directly relevant to the proceedings in this Court, and their relevance outweighs any potential concerns regarding confidentiality.[1] Accordingly, the undersigned moves this Court for entry of an Order finding that the recording and/or transcript of the probable cause hearing in the matter of *In RE: Involuntary Commitment of Keith William Lowe,* Case No. 25-MH-25-PC, filed in the Circuit Court of Fayette County, West Virginia, and all related documents, are directly relevant to this proceeding, and the relevance outweighs the importance of maintaining confidentiality in this situation.

Respectfully Submitted,
KEITH LOWE,
By his counsel:

/s/ Lydia C. Milnes
Lydia C. Milnes (WV Bar No. 10598)
Lesley M. Nash (WV Bar No. 14158)
Mountain State Justice, Inc.

---

[1] The undersigned counsel further states that Plaintiff Lowe has represented orally to the undersigned that he desires the release of this recording/transcript and related documents and waives any right of confidentiality thereto.

1029 University Ave., Ste. 101
Morgantown, WV 26505
Phone: (304) 326-0188
Fax: (304) 326-0189
lydia@msjlaw.org
*Counsel for Plaintiff*