IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH LOWE,

      Plaintiff,

v.                                       Case No. 2:25-cv-000272

SUPERINTENDENT JONATHAN FRAME and
COMMISSIONER DAVID KELLY,

      Defendants.

**SUPERINTENDENT JONATHAN FRAME AND COMMISSIONER DAVID KELLY'S
RESPONSE TO MOTION FOR MENTAL HYGIENE RECORDS**

Comes now defendants Jonathan Frame, in his official capacity as Superintendent of Mt. Olive Correctional Complex, and David Kelly, Commissioner of the West Virginia Division of Corrections and Rehabilitation ("WVDCR"), with their response to Plaintiff's motion to facilitate the release of records in Plaintiff's associated Fayette County Circuit Court mental hygiene case. ECF No. 46.

Defendant Frame opposes any notion that he has failed to make good faith efforts to effectuate the relief ordered by this Court. ECF No. 40 at 26. Defendant Frame filed a mental hygiene petition in Fayette County Circuit Court pursuant to West Virginia Code § 27-5-2(b), and the mental hygiene commissioner found probable cause to grant said petition.[1] Defendant Frame's testimony at the mental hygiene hearing was consistent with the position he has maintained during the pendency in this matter, which includes his testimony before this Court at the preliminary injunction hearing. Defendant Frame's position has not changed, and he cannot

---

[1] The final commitment hearing in the mental hygiene case is presently set for June 30, 2025.

testify untruthfully under oath. Regardless of his own position, Defendant Frame has complied with the Court's Order. He has taken the necessary steps within his authority to effectuate the relief ordered by the Court, and any allegation that he attempted to undermine this Court's Order is meritless.

Turning to Plaintiff's requested relief, it has already been denied once. Plaintiff asked the Circuit Court of Fayette County for a copy of the transcript of the mental hygiene probable cause hearing, "as well as all related documents." Pl.'s Mot., pp. 1-2 (ECF 46). According to Plaintiff, the Circuit Court denied his motion because he "failed to identify any of the exceptions in West Virginia Code § 27-3-1(b) that would permit disclosure of the otherwise confidential records." Pl.'s Mot., pp. 1-2 (ECF 46). Plaintiff does not disclose whether he provided the Circuit Court with the same reasoning for his request that he is presenting now. And he does not explain why, if his reasoning has changed, he is not renewing his motion before the Circuit Court, rather than simply asking this Court to rule differently.

The confidentiality statute permits disclosure "[p]ursuant to an order of any court based upon a finding that the information is sufficiently relevant to a proceeding before the court to outweigh the importance of maintaining the confidentiality established by this section[.]" W. Va. Code § 27-3-1(b)(3). To show relevance, Plaintiff relies on two allegations, both of which are based entirely on hearsay. First, Plaintiff's counsel has "serious concerns that Defendant Frame failed and refused to follow this Court's order and instead sought to prevent the transfer of Mr. Lowe for inpatient treatment." Pl.'s Mot., p. 2 (ECF 46). Plaintiff's other allegations belie his counsel's concerns. Plaintiff acknowledges that "Defendant Frame filed the petition to civilly commit Plaintiff in response to this Court's Order requiring the transfer of Mr. Lowe to an in-patient psychiatric hospital for treatment." Pl.'s Mot., p. 2 (ECF 46). That is true. Defendant

Frame did exactly as this Court ordered. He effectuated Plaintiff's transfer by filing an application for his commitment under the mental hygiene statute. And not only did Defendant Frame file the application, but the Circuit Court found probable cause for Plaintiff's commitment, as evidenced by the upcoming final commitment hearing.

Because of Defendant Frame's actions, Plaintiff is in the mental hygiene process. That shows compliance with, not "refusal to follow," this Court's Order. And Plaintiff's counsel's review of a transcript of Defendant Frame's testimony will not alter that compliance. After all, this Court did not order Defendant Frame to testify under oath in any particular way, and certainly did not order Defendant Frame to testify untruthfully.

Second, Plaintiff argues that an assistant Attorney General representing the Department of Health Facilities appeared as counsel for Defendant Frame. Pl.'s Mot., p. 2 (ECF 46). Plaintiff claims a transcript is necessary "to understand Ms. Lipscomb's dual roles representing both the Division of Corrections and the Department of Health Facilities." Pl.'s Mot., p. 2 (ECF 46). Whether an attorney represents a client in one matter and represents another client in a separate matter has no bearing on Plaintiff's case. While Ms. Lipscomb did appear at the hearing, Defendant Frame was not under the belief that Ms. Lipscomb was acting as his counsel, despite how it may have been perceived by the mental hygiene commissioner. Regardless, Plaintiff's apparent disapproval of Ms. Lipscomb's appearance at a hearing in a Circuit Court proceeding is not evidence to support a transcript's relevance to *this* proceeding.

Having said that, the defendants do not have a direct interest in the privacy and confidentiality of the mental hygiene records, and do not wish to interfere with either the interests of the Plaintiff or Fayette County Circuit Court. The defendants respond to Plaintiff's Motion to refute his allegations of impropriety and to point out the pertinent law. So while the

defendants take no position as to whether disclosure of Plaintiff's mental hygiene records should be made to his counsel, the defendants deny Plaintiff's allegations of impropriety. And because those allegations are incorrect, they do not provide a basis for "relevance" in the balancing test outlined in West Virginia Code § 27-3-1(b)(3)..

The Supreme Court of Appeals of West Virginia has held that a court may release confidential records "only if it finds that it sufficiently relevant to a proceeding before the court to outweigh the importance of maintaining the confidentiality established by W. Va. Code, 27-3-1(a)[.]" *State ex rel. McMahon v. Hamilton*, 198 W. Va. 575, 586 (1996). To that end, if the Court finds that Plaintiff has plausibly alleged some relevance, the mental hygiene records should be reviewed *in camera* to determine their relevance.

SUPERINTENDENT JONATHAN
FRAME and COMMISSIONER DAVID
KELLY,

By Counsel

JOHN B. McCUSKEY
ATTORNEY GENERAL

/s/ *Jonathan M. Calhoun*
_____
Jonathan M. Calhoun, W.Va. Bar No. 11134
Assistant Attorneys General
1900 Kanawha Blvd, East
Building 1, Room 400-West
Charleston, WV 25301
Phone: (304) 558-6828
Email: jcalhoun@wvago.gov

IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH LOWE,

      Plaintiff,

v.                                     Case No. 2:25-cv-000272

SUPERINTENDENT JONATHAN FRAME and
COMMISSIONER DAVID KELLY,

      Defendants.

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan M. Calhoun, Assistant Attorney General, hereby certify that, on June 26, 2025, I electronically filed the foregoing "SUPERINTENDENT JONATHAN FRAME AND COMMISSIONR DAVID KELLY'S RESPONSE TO MOTION FOR MENTAL HYGIENE RECORDS" via the CM/ECF system, which will send notification to CM/ECF participants to the following:

                          Lydia C. Milnes, Esq.
                          Lesley M. Nash, Esq.
                          *Counsel for the Plaintiff*

                          /s/ *Jonathan M. Calhoun*

                          _____
                          Jonathan M. Calhoun, W.Va. Bar No. 11134
                          Assistant Attorney General
                          1900 Kanawha Blvd, East
                          Building 1, Room E-26
                          Charleston, WV 25301
                          Phone: (304) 205-6830
                          Email: jcalhoun@wv.gov