IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**KEITH LOWE,**

    **Plaintiff,**

v.                                                            **Civ. Act. No: 2:25cv272**
                                                                       **Judge Thomas Johnston**

**SUPERINTENDENT JOHN FRAME and
COMMISSIONER DAVID KELLY[1],**

    **Defendants.**

**REPLY IN SUPPORT OF MOTION FOR ORDER TO FACILITATE THE RELEASE
OF RECORDS IN RELATED MENTAL HYGIENE CASE**

        Plaintiff Keith Lowe, by counsel, replies in support of his motion for order to facilitate the release of records in a related mental hygiene case. Dkt. No. 46. In his motion, Plaintiff moved this Court to enter an order regarding the relevance of certain records created in a mental hygiene case filed by Defendant Frame in the Circuit Court of Fayette County, West Virginia. Under section 27-3-1 of the West Virginia Code, such records are confidential except in certain circumstances, including when *any* court finds that such records are sufficiently relevant to a proceeding so as to outweigh the importance of maintaining confidentiality. W. Va. Code § 27-3-1(b)(3).

        In response, Defendants John Frame and Commissioner David Kelly filed a motion in which they stated that they "do not have a direct interest in the privacy and confidentiality of the metal hygiene records, and do not wish to interfere with either the interests of the Plaintiff or

---

[1] When a public officer sued in their official capacity for prospective injunctive relief leaves office, the officer's successor "is automatically substituted as a party." Fed. R. Civ. Pro. 25(d). At the time the case was filed, the Acting Commissioner of the Division of Corrections and Rehabilitation was Lance Yardley; on June 2, 2025, David Kelly was appointed as Commissioner.

1

Fayette County Circuit Court." Dkt. No. 54 at 3. Defendants, however, go a step further, arguing that the documents from the state court mental hygiene process are not relevant. *Id*. at 4.

As Plaintiff made clear in his motion, the records regarding his probable cause hearing on May 30, 2025, are highly relevant to this case. This Court ordered that Defendants "effectuate [Plaintiff's] transfer to a state psychiatric hospital." Dkt. No. 40 at 26. Following the probable cause hearing on May 30, 2025, Plaintiff remained at Mt. Olive Correctional Complex. His final commitment hearing was held on June 30, 2025. Despite, upon information and belief, sufficient cause for final commitment being found, Mr. Lowe was returned to and remains at MOCC, where his mental health continues to deteriorate.

The events that occurred during Mr. Lowe's probable cause and final commitment hearings—both of which, upon information and believe, Defendant Frame attended—are clearly relevant. Furthermore, Plaintiff has moved for joinder of Secretary Michael Caruso of the West Virginia Department of Health Facilities (WVDHF) as a necessary party, following the representations made by WVDHF's counsel, Assistant Attorney General Gail Lipscomb,[2] at both Mr. Lowe's probable May 30 probable cause hering and at the status conference in this matter held on June 5, 2025, that Mr. Lowe would not be accepted at Sharpe Hospital. *See* Dkt. No. 47 at 1.

Mr. Lowe remains at MOCC, despite more than a month having passed since this Court ordered that Defendants facilitate his transfer to a psychiatric facility. Upon information and belief, the events that occurred during his probable cause and final commitment hearings have a strong bearing on why this Court's order has not yet been followed.

---

[2] Both Mr. Lowe and, apparently, the mental health commissioner, believed that Ms. Lipscomb appeared at the probable cause hearing as Mr. Frame's counsel. In his response, Defendant Frame notes that he "was not under the belief that Ms. Lipscomb was acting as his counsel, despite how it may have been perceived by the mental hygiene commissioner." Dkt. No. 54 at 3.

2

Undersigned counsel respectfully suggests that the proceedings before the mental hygiene commissioner are directly relevant to the proceedings in this Court, and that their relevance outweighs any potential concerns regarding confidentiality.[3] Accordingly, the undersigned moves this Court for entry of an Order finding that the recordings and/or transcripts of the May 30, 2025, probable cause hearing and the June 30, 2025, final commitment hearing in the matter of *In RE: Involuntary Commitment of Keith William Lowe,* Case No. 25-MH-25-PC, filed in the Circuit Court of Fayette County, West Virginia, and all related documents, are directly relevant to this proceeding, and the relevance outweighs the importance of maintaining confidentiality in this situation.

        Respectfully Submitted,
**KEITH LOWE,**
By his counsel:

/s/ *Lesley M. Nash*
Lydia C. Milnes (WVSB #10598)
Lesley M. Nash (WVSB #14158)
Mountain State Justice, Inc.
1029 University Ave., Ste. 101
Morgantown, WV 26505
Phone: (304) 326-0188
Fax: (304) 326-0189
lydia@msjlaw.org
lesley@msjlaw.org
*Counsel for Plaintiff*

---

[3] Since the filing of his initial motion, Mr. Lowe has executed an authorization for the release of information, specifically including records from the probable cause and final commitment hearings, permitting his counsel to obtain said records.