IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**KEITH LOWE,**

    **Plaintiff,**

v.                                                    **Civ. Act. No: 2:25cv272**
                                                     **Judge Thomas E. Johnston**

**SUPERINTENDENT JOHN FRAME and
COMMISSIONER DAVID KELLY,**

    **Defendants.**

**PLAINTIFF KEITH LOWE'S REPLY IN SUPPORT OF HIS MOTION FOR JOINDER
OF REQUIRED PARTY PURSUANT TO RULE 19 AND TO AMEND COMPLAINT**

    Plaintiff Keith Lowe, by counsel, replies in support of his motion for joinder of a required party, and to amend his complaint. Dkt. No. 47. In this motion, Mr. Lowe moved this Court to enter an order joining Michael Caruso, as Secretary of the West Virginia Department of Health Facilities (WVDHF), as a required party in this matter. Mr. Caruso objects, arguing that Mr. Lowe does not have standing to bring a claim against Mr. Caruso and that Mr. Caruso is not a necessary party. Mr. Lowe strongly disagrees.

    Under Rule 19 of the Federal Rules of Civil Procedure, joinder of parties is required where the party is subject to service of process, their joinder would not deprive the Court of jurisdiction and, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1). Despite his protestations to the contrary, Secretary Caruso is subject to required joinder. At the status conference conducted on June 5, 2025, in this matter, WVDHF appeared by and through its counsel, Assistant Attorney General Gail Lipscomb, and represented to this Court that it was refusing admission of Plaintiff Keith Lowe for psychiatric treatment. Since

1

that status conference, Mr. Lowe's final commitment hearing was held. Despite the mental hygiene commissioner finding final commitment to be appropriate, Mr. Lowe remains at Mt. Olive Correctional Center due to WVDHF's refusal to admit him for treatment.

## I. INTRODUCTION

Mr. Lowe filed this matter in the Kanawha County Circuit Court on April 17, 2025; on April 24, 2025, Defendants removed Mr. Lowe's action to this Court. *See* Dkt. No. 1. Plaintiff concurrently filed a motion for a temporary restraining order and for a preliminary injunction; on May 23, 2025, this Court granted Plaintiff's request for a preliminary injunction in part, ruling that Defendants Frame and Kelly must "effectuate [Plaintiff's] transfer to a state psychiatric facility." Dkt. No 40 at 26.

On May 30, 2025, Mr. Lowe appeared before a mental health commissioner for a probable cause hearing regarding commitment to a psychiatric facility. As Defendants Frame and Kelly noted in their response to Plaintiff's motion for mental hygiene records, "the Circuit Court found probable cause for Plaintiff's commitment." Dkt. No. 54 at 3.

On June 5, 2025, the parties appeared before this Court for an emergency status conference regarding Plaintiff's continued placement at MOCC, now on a mental health unit where he was subjected to continued isolation. During this status conference, WVDHF appeared by and through its counsel, Assistant Attorney General Gail Lipscomb, and represented to this Court that Mr. Lowe would not be accepted for psychiatric treatment. *See*. Dkt. No. 47 at 1.

On June 30, 2025, Mr. Lowe again appeared before the mental health commissioner of the Fayette County Circuit Court. Based on representations from Defendants' counsel on July 1 and 2, 2025, "the final commitment was granted by the mental hygiene commissioner at the conclusion of the hearing;" however, no "appropriate" placement had been found and Mr. Lowe remains at

MOCC, where his mental health has continued to deteriorate. *See Exhibit 1, Email Between Counsel*. Plaintiff's counsel was also informed that an attempted placement at an unknown facility in South Carolina was not successful, and that WVDHF continues to—apparently—search for a facility outside of the state of West Virginia where they can send Mr. Lowe. *Id.*[1] Over a month after this Court's order, and after a finding not only of probable cause but also that final commitment is appropriate, Mr. Lowe remains in solitary confinement at a facility where he has attempted suicide on multiple occasions.

## II.   STANDARD OF REVIEW

Under Rule 19, a Court must undertake "a two-step inquiry: first, whether a party is necessary to a proceeding because of its relationship to the matter under consideration; and second, if a necessary party is unavailable, whether the proceeding can continue in that party's absence." *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918-19 (4th Cir. 1999). A party is necessary to an action if the party is subject to service of process, joinder would not deprive the Court of jurisdiction, and if, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1).

## III.   ARGUMENT

As an initial matter, Secretary Caruso does not argue that he is not subject to service of process, nor does he argue that joinder would deprive this Court of jurisdiction. The only remaining question regarding joinder is, therefore, whether, in Secretary Caruso's absence, the Court can

---

[1] To the extent that the Secretary takes the position that Mr. Lowe is somehow too dangerous to be placed at Sharpe, this Court found that an immediate concern regarding a danger from Mr. Lowe at Sharpe was mitigated due to the "notable gap between Plaintiff's last significant escape attempt and his last suicide attempt;" the "significant gap in [Plaintiff's] write ups" at MOCC; and the fact that "other dangerous criminals are also housed at Sharpe Hospital with apparently little incident." Dkt. No. 40 at 23.

accord complete relief among the parties. Because this Court cannot do so in the absence of Secretary Caruso, Secretary Caruso is a necessary party and joinder is required.

### A. Secretary Caruso is a Necessary Party and Joinder is Required.

Though he claims otherwise, Secretary Caruso is a necessary party in this action. Defendants Frame and Kelly have stated that they are not able to comply with this Court's order to effectuate Mr. Lowe's transfer to a state psychiatric facility, since "the ball is in the Department of Health Facilities' court in terms of Mr. Lowe's placement and treatment at this time." *Ex. 1*. Following hearing on June 30, 2025, at which the Fayette County Circuit Court found that final commitment was appropriate, the mental hygiene commissioner had Mr. Lowe returned to MOCC because WVDHF had made it clear—as it has to *this Court*—that it would refuse to accept Mr. Lowe at its state psychiatric facilities. As a result of WVDHF's refusal to accept Mr. Lowe for treatment, he remains at MOCC in the solitary conditions that have and continue to harm him.

This is a clear example of necessary joinder. In the absence of WVDHF, the Court cannot accord complete relief. Defendants Frame and Kelly claim they have done all that they may do, statutorily, to comply with this Court's May 23, 2025, order. *See* Dkt. No. 54 at 2. This Court's order, however, remains unfulfilled precisely because Secretary Caruso and WVDHF have refused to accept Mr. Lowe for placement and treatment at a state psychiatric facility, despite a finding by the Circuit Court that commitment is appropriate. Secretary Caruso has provided no reasoning for this refusal, violating Mr. Lowe's rights under the Fifth Amendment through the government's arbitrary and capricious actions.

Mr. Lowe has clearly pled a claim against Secretary Caruso in his Second Amended Complaint. Defendants Frame and Kelly have stated that they can take no further action to comply with this Court's order due to the stance of WVDHF. The Secretary is plainly a necessary party.

### B. Plaintiff Has Standing to Bring Suit Against Secretary Caruso.

Secretary Caruso additionally argues that Mr. Lowe may not bring suit against him because Plaintiff lacks Article III standing to sue. Dkt. No. 55 at 6. Secretary Caruso first argues that (1) no alleged injury can be traced to Secretary Caruso and that (2) no alleged injury can be redressed by an injunction against the Secretary. *Id*. at 6, 9. Both arguments are unavailing.

First, Mr. Lowe has clearly alleged that Secretary Caruso and the WVDHF have "refused to accept the transfer and commitment of Mr. Lowe at any of its facilities." Dkt. No. 47-1 at ¶ 72. He has alleged that this refusal has caused the continuation of his placement in conditions "amounting to solitary confinement," and leading him to "deteriorate without access to the treatment he needs." *Id*. at 75. Plaintiff further alleged that:

> Michael Caruso is the Cabinet Secretary of the West Virginia Department of Health Facilities ("WVDHF"). WVDHF coordinates, oversees, and provides direction to state-owned health care facilities, including two acute psychiatric hospitals, including the William R. Sharpe Psychiatric Hospital ("Sharpe"). Sharpe is a 200-bed acute care psychiatric facility located in Weston, West Virginia, that has a designated forensic patient wing, and regularly accepts forensic patients ordered through the judicial system.

*Id*. at ¶ 5. Secretary Caruso, as head of WVDHF, is named *only* in his official capacity as the Secretary of WVDHF. *Id*. at 6. WVDHF interfered with Mr. Lowe's ability to obtain treatment, however, by blocking his transfer without due process. Despite a finding by the mental hygiene commissioner both at the probable cause hearing and during the final commitment hearing that commitment and treatment is necessary, WVDHF is refusing to accept Mr. Lowe into their forensic unit for further evaluation and treatment. This unsubstantiated refusal of treatment is arbitrary and capricious and denies Mr. Lowe's procedural due process rights under the Fifth Amendment of the United States Constitution. *That* is Mr. Lowe's claim against the Secretary.

Second, Mr. Lowe's continued confinement in solitary conditions is clearly redressed by an injunction against Secretary Caruso. Secretary Caruso claims that he "lacks statutory authority

to transfer inmates to state psychiatric facilities" and that the Secretary and WVDHF merely comply with the findings of the mental hygiene process regarding if and where an individual is placed. *See* Dkt. No. 55 at 9-10. This argument, however, misstates Plaintiff's allegations against Secretary Caruso and, unfortunately for the Secretary, is belied by information provided to Plaintiff's counsel regarding the final commitment hearing on June 30, 2025.

Plaintiff filed a motion for preliminary injunction alleging that Defendants were deliberately indifferent to his serious medical needs and requesting that he be transferred to a state psychiatric facility for treatment and stabilization, and that Defendants be required to provide him with appropriate mental healthcare. On May 23, 2025, this Court ordered that Defendants Frame and Kelly "effectuate [Plaintiff's] transfer to a state psychiatric facility." Dkt. No 40 at 26. The method through which Defendant Frame determined to comply with the Court's order was, apparently, to initiate the mental hygiene process despite Mr. Lowe not needing *involuntary* commitment. It is the Plaintiff's position that Defendants had other avenues to comply with the Court's order; however, they chose the mental hygiene process, which itself concluded with a finding that commitment was appropriate and necessary. Despite this finding, and in contravention of this Court's order, Mr. Lowe remains at MOCC.

Once Mr. Lowe's probable cause hearing took place and probable cause for commitment was found, WVDHF *did*, as reiterated by Counsel Gail Lipscomb before this Court, refuse to accept Mr. Lowe into a state psychiatric facility. Mr. Lowe's final commitment hearing was held on June 30, 2025. During this hearing, final commitment "was granted by the mental hygiene commissioner at the conclusion of the hearing." *Ex. 1*. However, Mr. Lowe remains at MOCC, while WVDHF searches for an out-of-state facility to which they wish to transport him. *Id*. Counsel

for Defendants Frame and Kelly made clear that "the ball is in the Department of Health Facilities' court in terms of Mr. Lowe's placement and treatment at this time." *Id*.

WVDHF's refusal to accept an individual when final commitment has been found appropriate, leading said individual to languish in solitary conditions and without appropriate treatment already determined by this Court to likely lead to irreparable harm, is a clear injury that would be redressed by an injunction of this Court against the Secretary. As this Court has stated, "this is the United States of America and we have a Constitution that sets certain minimum standards for the treatment of inmates, even disagreeable or dangerous ones." Dkt. No. 40 at 26. Secretary Caruso, like Defendants Frame and Kelly, is not excused from the constitutional duties he and his department have to those in their care simply because he dislikes Mr. Lowe or believes him to be dangerous. An injunction requiring the Secretary to "transfer and accept Mr. Lowe into a state psychiatric facility for treatment and stabilization," Dkt. No. 47-1 at ¶ 90(c), clearly addresses the harms that Mr. Lowe alleges the Secretary has and continues to cause.

## IV.     CONCLUSION

Pursuant to Rule 19 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests an order joining Michael Caruso, in his official capacity as the Secretary of the West Virginia Department of Health Facilities, as a required party in this matter. Because Secretary Caruso would be added as a defendant in this matter, Mr. Lowe additionally respectfully requests that he be permitted to amend his complaint to effectuate such joinder, and requests that the Court order Mr. Lowe's Second Amended Complaint, Dkt. No. 47-1, be entered.

                **Respectfully Submitted,**
                **KEITH LOWE,**
                **By his counsel:**

/s/ *Lesley M. Nash*
Lydia C. Milnes (WVSB #10598)

Lesley M. Nash (WVSB #14158)
Mountain State Justice, Inc.
1029 University Ave., Ste. 101
Morgantown, WV 26505
Phone: (304) 326-0188
Fax: (304) 326-0189
lydia@msjlaw.org
lesley@msjlaw.org
*Counsel for Plaintiff*