## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

KEITH LOWE,

                              Plaintiff,

v.                                                      CIVIL ACTION NO.   2:25-cv-00272

SUPERINTENDENT JOHN FRAME, et al.,

                              Defendants.


## MEMORANDUM OPINION AND ORDER

Pending before the Court is plaintiff Keith Lowe's ("Plaintiff") Motion for Joinder of Secretary Michael Caruso ("Secretary Caruso") and Motion to Amend the Complaint.   (ECF No. 47.)   Secretary Caruso opposes the Joinder Motion, arguing that Plaintiff lacks standing to sue him and that he is not a necessary party to this litigation.   (*See* ECF No. 55.)   For the reasons explained below, the Court **GRANTS** Plaintiff's Motions.

### I.      BACKGROUND

On May 23, 2025, the Court granted in part Plaintiff's Motion for a Preliminary Injunction. The general facts of this case can be found in that Memorandum Opinion and Order.   (*See* ECF No. 40 at 2–6.)   In that order, the Court required Defendants to effectuate the transfer of Plaintiff to a state psychiatric facility for stabilization.   (*Id.* at 26.)   That, however, proved more difficult than anticipated.   According to both parties, a series of events prevented Plaintiff from being admitted to any facility for psychiatric care, including Sharpe Hospital.   (ECF No. 42 at 1–2.)

A status conference was held on June 5, 2025, at the parties' request.   At that conference, counsel on behalf of Secretary Caruso appeared on the call.   That attorney represented to the Court that certain state procedures were preventing Plaintiff from being admitted into a facility. Secretary Caruso's department—West Virginia Department of Health Facilities ("WVDHF")—is the entity which would take Plaintiff in for stabilization.   It also became apparent after the call that, despite receiving an initial commitment order under state law, WVDHF was not accepting Plaintiff into a facility.   It seems that Plaintiff remains in similar conditions to those in which he was held prior to this litigation.

Following the call, Plaintiff moved under Federal Rule of Civil Procedure 19 to join Secretary Caruso as a necessary party to the litigation.   (*See* ECF No. 47.)   Plaintiff contends that "WVDHF's refusal to admit [Plaintiff] for treatment directly interferes with this Court's order" to effectuate his transfer to a state psychiatric facility.   (*Id.* at 1.)   He further avers in the proposed amended complaint that representatives of the WVDHF "attended the civil commitment hearing and argued against his commitment."   (ECF No. 47-1 at 13.)   While Plaintiff reasserts much of the same violations of his Eighth Amendment rights, he adds a new count for violations of his due process rights stemming from WVDHF's arbitrary denial of "the benefits otherwise accorded to him under West Virginia law."   (*Id.* at 15.)

Defendants Superintendent John Frame and Commissioner David Kelly ("Defendants") responded to the Motion but took no position on joinder.   (*See* ECF No. 53.)   Secretary Caruso filed a response opposing the Motion, (ECF No. 55), and Plaintiff filed his reply.   (ECF No. 60.) The matter is now ripe for adjudication.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 19 provides for the joinder of required parties.   In considering whether a party must be joined under Rule 19, the Court first determines if the non-joined party is necessary under Rule 19(a).   *See McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 950 (4th Cir. 2020).   If the non-joined party is necessary, the district court must join the party. *Owens-Ill, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999); *see also* Fed. R. Civ. P. 19(a)(2).   If the non-party is both a necessary party and is otherwise not capable of being joined, then the Court must engage in a separate inquiry to determine if the party is indispensable.   *See id.*

For purposes of Rule 19, an individual is a required party if: (1) they are subject to service of process; (2) their joinder will not defeat the subject matter jurisdiction of the Court; and, as pertinent here, (3) the absence of the party means "the court cannot accord complete relief among existing parties."   Fed. R. Civ. P. 19(a)(1)(A).   Courts have emphasized that assessing whether or not a party is necessary is "case specific" and not reducible to a "precise formula for determining whether a nonparty must be joined under Rule 19(a)."   *Black Diamond Girl Scout Council, Inc. v. St. Paul Fire & Marine Ins., Co.*, 621 F. Supp 96, 97 (S.D. W. Va. 1985) (Copenhaver, J.); *see also McKiver*, 980 F.3d at 950 ("Generally, the inquiry contemplated by Rule 19 is a practical one, properly addressed to the sound discretion of the trial court." (quotation omitted).)

## III.    ANALYSIS

Secretary Caruso makes two arguments against joinder.   The first is that joinder of him is improper because the Court would lack subject matter jurisdiction if he were joined.   The second argument is that he is not an indispensable party for the purposes of Rule 19.   Both arguments are meritless.

A.  *Standing*

1.  Traceability

In challenging Plaintiff's standing to sue him, Secretary Caruso first argues that no alleged injury is traceable to him. Secretary Caruso avers that the proposed complaint only states he possesses "general oversight powers" over WVDHF. (ECF No. 55 at 7.) While he does not refute his supervisory authority over WVDHF, Secretary Caruso claims that the proposed complaint's allegation that WVDHF "'refuses' to accept Plaintiff" is "not sufficient to establish traceability" to him. (ECF No. 55 at 8.) He then claims that the Fourth Circuit has rejected "these types of conclusory allegations of a general duty . . . [as] insufficient to establish traceability." (*Id.* at 7.)

Federal courts are only empowered to hear "cases" and "controversies." U.S. Const. art III, § 2. To demonstrate that a case meets the Article III requirements, a Plaintiff must show that their case has "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014) (quotation omitted). The causal connection requirement—also known as traceability—"is established if it is 'likely that the injury was caused by the conduct complained of and not by the independent action of some third party not before the court.'" *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 755 (4th Cir. 2013) (quoting *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000)). However, "the defendant's conduct need not be the last link in the causal chain." *Air Evac EMS, Inc. v. Cheatham*, 910 F.3d 751, 760 (4th Cir. 2018).

Despite Secretary Caruso's claims to the contrary, Plaintiff has met the traceability requirement.   It is true that general oversight powers are insufficient to establish traceability.   *See Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001) ("General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law.").   Thus, it stands to reason that Plaintiff could probably not sue the Governor—who merely possesses general oversight authority—for his failure to be admitted into one of WVDHF's facilities.

That is not the case here.   Instead, Secretary Caruso has specific authority that makes him the very person amenable to this suit.   West Virginia law states that "state hospitals and centers [such as William R. Sharpe, Jr. Hospital] are managed, directed and controlled by the Department of Health Facilities."   W. Va. Code § 27-2-1.   It is Secretary Caruso, as the head of the Department of Health Facilities, who is empowered to "delegate, assign, transfer, or combine responsibilities or duties to or among employees of the department."   W. Va. Code § 16-1-3(b). It is, therefore, Secretary Caruso who has specific oversight authority.   That is what makes the injury traceable to him.

Since this suit is for prospective relief, Secretary Caruso is the defendant who must be named for WVDHF's alleged conduct.   When a cabinet secretary is "the person responsible for assuring that the agency's decisions comply with federal law," then that secretary is "properly named as the defendant" for alleged constitutional violations.   *McCartney v. Cansler*, 382 F. App'x 334, 338 (4th Cir. 2010) (citing *Ogden v. United States*, 758 F.2d 1168, 1177 (7th Cir. 1985)); *see also Ogden*, 758 F.2d at 1177 ("[W]here injunctive, as opposed to monetary relief is sought, no 'direct and personal' involvement is required in order to hold high-level officials

5

responsible for the actions of subordinates and to subject them to the equitable jurisdiction of the court.").  Plaintiff's suit is for prospective relief only.  Since Plaintiff alleges WVDHF violated his constitutional rights, Secretary Caruso is the proper defendant for WVDHF's conduct.

In yet another challenge to traceability, Secretary Caruso claims that the process is "completely out of [Defendant's] control" and, therefore, "Plaintiff hasn't alleged—and can't allege—that Secretary Caruso stopped Defendants Frame and Yardley from effectuating his transfer to a psychiatric facility."  (ECF No. 55 at 8.)  That is a misleading argument.  Plaintiff clearly states in his proposed complaint that "WVDHF has refused to accept the transfer and commitment of Mr. Lowe at any of its facilities."  (ECF No. 47-1 at 13.)  As stated above, Secretary Caruso is the person Plaintiff must sue for the alleged violation.  Thus, Plaintiff has made a proper allegation traceable to Secretary Caruso in his official capacity.

Further, Secretary Caruso's claim that the "process is out of [WV]DHF's control" is unpersuasive.  (*See* ECF No. 55 at 8.)  His claim that state law creates barriers and procedures do little to address Plaintiff's allegation that WVDHF refuses to admit him.  Plaintiff claims in his complaint that it is not these procedures that resulted in his non-admission.  Rather, he claims that "WVDHF decided, prior to the civil commitment hearing of [Plaintiff], to refuse to accept [him] for treatment, and counsel for WVDHF attended the civil commitment hearing and argued against his commitment, despite the uncontroverted evidence that Mr. Lowe is suicidal and in desperate need of inpatient treatment."  (ECF No. 47-1 at 13.)  Further, Plaintiff claims that "WVDHF's refusal to accept [Plaintiff] for treatment" has left him "in conditions amounting to solitary confinement, and continues to deteriorate without access to the treatment he needs."  (*Id.*)  Secretary Caruso responds by saying that he "receives a report from a facility's chief medical

officer notifying him of a patient's admission to the facility after the final commitment order is entered and after the patient is admitted to a [WV]DHF facility. So [his] limited, post-order role doesn't—and can't—interfere with Defendants' compliance with this Court's Order." (ECF No. 55 at 9.)

Even aside from the obvious point that Secretary Caruso fails to actually address the allegations made by Plaintiff, the differing accounts strike the Court as factual disputes. Resolution of that kind of dispute is inappropriate at this stage. Plaintiff viably alleges that WVDHF violated his constitutional rights. Whether that is true or not is for summary judgment, but not for this stage.

### 2. Redressability

Secretary Caruso also claims that Plaintiff cannot meet the Article III standing requirements because he has not alleged a redressable injury. Like traceability, redressability is a necessary element of Article III standing. A plaintiff's injury is redressable if it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). However, "no explicit guarantee of redress to a plaintiff is required to demonstrate a plaintiff's standing." *Equity in Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 100 (4th Cir. 2011).

Secretary Caruso claims that he "lacks statutory authority to transfer inmates to state psychiatric facilities" and that those "transfers occur after an order from a circuit court judge commits an inmate to a DHF facility." (*Id.* at 9.) Further, Secretary Caruso asserts that "he lacks authority to unilaterally commit inmates to [WV]DHF facilities" and that he "lacks any statutory power to control its outcome or to 'refuse'" an order of commitment. (*Id.* at 10.) Apparently, an

order "compelling the Secretary to accept Plaintiff would unquestionably require 'act[s]' of 'third persons not party to the litigation'—namely, a qualified psychological evaluator, the mental hygiene commissioner, and a circuit court judge—in order for the claimed injury to be 'cured.'" (*Id.*)

Like traceability, Secretary Caruso misses the point.   Plaintiff's proposed complaint claims that WVDHF's actions were intended to prevent him from being admitted to any facility for stabilization.   The proposed complaint clearly states that "WVDHF coordinates, oversees, and provides direction to state-owned health care facilities, including two acute psychiatric hospitals, including the William R. Sharpe Psychiatric Hospital ('Sharpe')."   (ECF No. 47-1 at 3.)   Again, it is undisputed that Secretary Caruso administers WVDHF.   Thus, any order directing him to admit Plaintiff means it becomes an order to WVDHF.   At best, Secretary Caruso presents evidence that "there is no explicit guarantee" of redressing the harm alleged.[1]   *See Equity in Athletics, Inc.*, 639 F.3d at 100.   Yet no such guarantee is required to establish standing.

*B.   Necessary Party*

Having failed in his challenge of Plaintiff's standing to sue him, Secretary Caruso next denies that he is a necessary party under Rule 19.   Secretary Caruso is a necessary party if the Court cannot "accord complete relief among" Defendants and Plaintiff without the Secretary's presence.   *See* Fed. R. Civ. P. 19(a)(1)(A).   Complete relief means "any relief that will effectively and completely adjudicate the dispute."   *Pettiford v. City of Greensboro*, 556 F. Supp. 2d 512,

---

[1] In fact, it appears that the alleged harms are, in fact, redressable by WVDHF.   Defendants' counsel asserted to Plaintiff's counsel that "[i]t is my [Defendants' counsel] understanding that the Department of Health Facilities is still trying to locate an appropriate placement for [Plaintiff] and he is in the Mt. Olive mental health unit pending an appropriate placement."   (ECF No. 60-1 at 2.)   Further, Defendants' counsel apparently seems to believe that "the ball is in the Department of Health Facilities' court in terms of [Plaintiff's] placement and treatment at this time." (*Id.* at 1.)

518 (M.D.N.C. 2008) (quotation omitted).   In assessing the ability to accord complete relief, the Court looks to "relief as between the persons already parties, not as between a party and the absent person whose joinder is sought."   *United States v. Arlington County*, 669 F.2d 925, 929 (4th Cir. 1982).

Secretary Caruso claims he is not a necessary party.   He supports this contention by pointing to the Court's preliminary order as affording "complete relief between Plaintiff and Defendant Frame."   (ECF No. 55 at 12.)   He also claims that Plaintiff's "placement in a mental health facility will be determined by the outcome of [a state proceeding] regardless of Secretary Caruso being a party to this federal action."   (*Id.*)

These arguments are not persuasive.   Secretary Caruso's understanding of complete relief is misguided.   To be afforded complete relief, the Court does not examine preliminary relief already entered.   Rather, it looks to the final adjudication.   *See Pettiford*, 556 F. Supp. 2d at 518 ("'Complete relief' is any relief that will effectively and *completely adjudicate* the dispute.") (emphasis added).   Complete relief in this case includes Plaintiff's equitable request for an "injunction requiring Defendants to transfer and accept [Plaintiff] into a state psychiatric facility for treatment and stabilization, until such time as he is no longer suicidal."   (ECF No. 47-1 at 16.) Considering Secretary Caruso is the one who maintains those facilities, he is the one who can be ordered by the Court to admit Plaintiff.

Further, it is evident that Defendants themselves are incapable of achieving admission absent an order against Secretary Caruso.   As Defendants themselves apparently assert, getting Plaintiff transferred to a mental health facility is in WVDHF's hands now.   (*See* ECF No. 60-1 (" . . . [T]he ball is in the Department of Health Facilities' court in terms of [Plaintiff's] placement

and treatment at this time, but DCR will cooperate with Health Facilities to effectuate [his] transfer to an appropriate mental health facility.").)  Since action by Secretary Caruso and WVDHF is necessary to bring about the full relief sought by Plaintiff, he is necessary to this action.

The scope of the Court's previous preliminary order is also no reason to assume Secretary Caruso is not a necessary party.  It is true, as Secretary Caruso states, that the Court "carefully crafted" its previous order to maintain comity with state law.  (*See* ECF No. 55 at 12.)  However, Secretary Caruso's attempt to ascribe talismanic reverence to that finding misses the point.  The comity finding was based on the evidence before the Court at the time the injunction was issued. If it turns out that state law and Plaintiff's constitutional rights cannot co-exist, then the Court is empowered to order a defendant to follow its federal directive.  *See* 18 U.S.C. § 3626(a)(1)(B) ("The court shall not order any prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, *unless* Federal law requires such relief to be ordered in violation of State or local law; the relief is necessary to correct the violation of a Federal right; and no other relief will correct the violation of the Federal right.") (emphasis added).

## IV.    CONCLUSION

The Court is satisfied that Secretary Caruso is a necessary party for this litigation.  The Secretary does not dispute that he is subject to service of process in this district.  (*See* ECF No. 60 at 3 ("As an initial matter, Secretary Caruso does not argue that he is not subject to service of process . . . .")).  Also, as explained above, Secretary Caruso's inclusion within this litigation is needed to accord complete relief between Plaintiff and Defendants.  Finally, as explained above,

the Court is satisfied that the inclusion of Secretary Caruso will not deprive the Court of its subject matter jurisdiction over this case.

For the reasons stated above, Plaintiff's Motion for Joinder of Secretary Caruso is **GRANTED**.  (ECF No. 47.)  Plaintiff's Motion to Amend the Complaint is also **GRANTED**. (*Id.*); *see* Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        July 22, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE