Case 2:25-cv-00272   Document 69-3 *SEALED*   Filed 07/23/25   Page 16 of 51
PageID #: 3190
Ref. Code: 25AYI2Z2X

FILED 6/3/2025 8:52 AM
CC-10-2025-MH-25
Fayette County Circuit Clerk
Travis W. Prince

IN THE CIRCUIT COURT OF _Fayette_ COUNTY, WEST VIRGINIA

IN RE: Involuntary Hospitalization of

RESPONDENT: _Reid William Lowe_     Case No. _25_ - MH - _25_ - PC

---

**INSTRUCTIONS TO THE CIRCUIT CLERK:** Only accept this form with signed verification.

**NICS SUBMISSION VERIFICATION**

I, the undersigned *[check appropriate item]* ☑ mental hygiene commissioner, ☐ circuit judge, or ☐ designated magistrate having entered the order below in this paper form, verify that the order information has been accurately transcribed into the Mental Health Registry/NICs software and electronically submitted.

_6/2/2025_ _____ _8:30_
Date        Time        MENTAL HYGIENE COMMISSIONER/CIRCUIT JUDGE/MAGISTRATE

---

**ORDER:**
**PROBABLE CAUSE FOR INVOLUNTARY HOSPITALIZATION**
[ W.Va. Code: §§ 27-5-2 (f), 27-5-1 (d), And §27-5-4 (p)]

This matter was heard on the _30th_ day of _May_, _2025_ before the Honorable _Evan J. Dove, Esq._, Mental Hygiene Commissioner / Magistrate / Circuit Court Judge of _Fayette_ County, West Virginia. The Applicant in this cause, _Superintendent Jonester Frame, MOCC_, appeared in person [ check appropriate item ] ☐ pro se, or ☑ was represented by _Gail Lipscomb, Esq._, Assistant Attorney General, Assistant/Prosecuting Attorney of _____ County, West Virginia. The Respondent appeared in person and by appointed counsel _Ashley Breed, Esq._. Testimony was also presented by, _Jill Daniel_, Physician/Psychologist/Court-approved Licensed Clinical Social Worker or Advanced Nurse Practitioner with Psychiatric Certification, Licensed Professional Counselor or Physician's Assistant, and also by the following witnesses: _____

**PLAINTIFF'S EXHIBIT**
CASE NO. 2:25cv272
EXHIBIT NO. 3

After hearing the testimony of witnesses, receiving all relevant evidence, examination of the written report and certification of the Examiner, and hearing the arguments of counsel for the parties, the Court makes the following

**FINDINGS :** [ *initial appropriate items* ]

- The Respondent __C__ is _____ is not a resident of the State of West Virginia.
- If the Respondent is a resident of West Virginia, the Respondent resides in __Fayette__ County.
- If the Respondent is not a resident of West Virginia, the Respondent resides in the State of _____.
- The Respondent was found in __Fayette__ County, West Virginia.

The Court further FINDS that there: [ *initial appropriate items* ]

_____ IS PROBABLE CAUSE __C__ IS NO PROBABLE CAUSE to believe the Respondent is addicted.

__C__ IS PROBABLE CAUSE _____ IS NO PROBABLE CAUSE to believe the Respondent is mentally ill.

The Court further FINDS probable cause to believe that the Respondent IS likely to cause serious harm to him/her self and/or others because of such mental illness or addiction if allowed to remain at liberty.

The specific facts upon which these findings of probable cause are based are as follows: __See attached findings.__

___C/___ [ *initial if applicable* ] The Court further finds, if applicable, that this Respondent is to be "committed for treatment of a mental illness" and therefore is to be reported to the Superintendent of the West Virginia State Police for inclusion in the central state mental health registry as required by *West Virginia Code* § 61-7A-3. If the Respondent is to be reported, the Court further finds that:

1) The current address of the Respondent is believed to be

   Address Line 1: __MOCC__

   Address Line 2: _____

   City: __Mt. Olive__   State: __WV__, and

2) The date of birth of the Respondent is believed to be [ *MM/DD/YYY* ] __3__/__8__/__1974__ or ___ unknown, and

3) The place of birth of the Respondent is believed to be [ *state or country* ] _____ or __C/__ unknown, and

4) The gender of the Respondent is believed to be [ *initial one* ] __C/__ male or ___ female, or ___ unknown, and

5) The race of the Respondent is believed to be [ *initial one* ] ___ American Indian or Alaska Native, ___ Asian, ___ Black or African American, ___ Hispanic or Latino, ___ Native Hawaiian or Other Pacific Islander, __C/__ White, or ___ unknown, and

6) The height of the Respondent is believed to be __6__ feet, and __0__ inches, or ___ unknown, and

7) The natural eye color of the Respondent is believed to be ___ black, ___ blue, ___ brown, ___ gray, ___ green, __C/__ hazel, ___ maroon, ___ multicolored, ___ pink, or ___ unknown.

Accordingly, it is hereby **ORDERED**:

1. That the Respondent, __Keith William Lowe__, be committed to the custody of the Secretary of the Department of Health and Human Resources for initial placement at __William R Sharpe Hospital and divertible to any appropriate normal health facility__ mental health facility, and

2. That the Respondent be further examined and treated as required under the provisions of *West Virginia Code:* § 27-5-3.

The Respondent is hereby remanded to the custody of the Sheriff of this County who shall transport the Respondent to the mental health facility as required by law.

_____ [ *initial if applicable* ] And further, if applicable, it is **ORDERED** pursuant to *West Virginia Code: § 27-5-3(g)* that the Respondent shall be involuntarily hospitalized for addiction only until detoxification is accomplished.

_____ [ *initial if applicable* ] And further, if applicable, it is recommended that the Respondent be closely monitored for possible medical complications pursuant to *West Virginia Code: § 27-5-2(l)* .

_____ [ *initial if applicable* ] And further, if applicable, **the Respondent is a NON-RESIDENT of the State of West Virginia** . The Clerk is thereby directed to immediately transmit an attested copy of this Order to the Secretary of the Department of Health and Human Resources pursuant to the provisions of *West Virginia Code:* § 27-5-4(p). The Secretary of the Department of Health and Human Resources, or his or her designee, shall make appropriate arrangement for transfer of the Respondent to the State of the Respondent's residence, stated herein, which shall be conditioned upon the agreement of the Respondent except as qualified by the interstate compact on mental health.

And further, pursuant to *West Virginia Code:* § 61-7-7(a)(4), **Respondent is hereby notified that all individuals who have been involuntarily committed to a mental institution in West Virginia are required to immediately surrender any firearms in their ownership or possession** . Upon consideration of the testimony available at the probable cause hearing in this matter, it is further determined that the appropriate public or private individual or entity to act as a temporary conservator of such firearm property to be immediately surrendered by Respondent is _____*FCSD*_____ , until such time as this matter may be more fully heard by the Circuit Court of this County.

The Clerk shall enter the foregoing **ORDER** as of the day and date written below and shall transmit three attested copies thereof to the Sheriff of this County, one for delivery with the Respondent to the mental health facility. The Clerk shall also transmit attested copies to counsel of record, to the Respondent, to the Applicant, and to the _William R. Sharpe Hospital_ , _FMRS_ , _Counsel for the Applicant_ . mental health center.

\_5/30/2025\_   \_8:00 pm\_   _____
Date           Time        MENTAL HYGIENE COMMISSIONER/CIRCUIT JUDGE/
                           MAGISTRATE

IN THE MENTAL HYGIENE COURT OF FAYETTE COUNTY, WEST VIRGINIA

In Re: Involuntary Hospitalization of
KEITH WILLIAM LOWE

Case No.: 25-MH-25

### ORDER GRANTING
### PROBABLE CAUSE FINDING FOR INVOLUNTARY HOSPITALIZATION

#### SPECIFIC FINDINGS OF FACT

Respondent, Keith William Lowe, is an incarcerated individual currently housed in the Mount Olive Correctional Complex (MOCC), in Mount Olive, West Virginia. He has recently been held in solitary confinement for approximately twelve (12) years; Mr. Lowe was transferred to the psychological hospital wing of Mount Olive around the time of the filing of this application.

Mr. Lowe has a history of violence, non-compliance, and escape attempts that have exasperated his stay at MOCC, which have ultimately led to his lengthy period of stay in solitary confinement; Mr. Lowe is currently serving a sentence of life imprisonment without the possibility of parole for the crime of murder.

On April 6, 2025, the Respondent attempted to commit suicide by overdosing on prescribed medication; this was in addition to three (3) prior attempts at suicide in 2019, 2023, and 2024. This matter was filed over a month after the Respondent's latest attempt by MOCC's Superintendent, on the basis that MOCC was ordered to effectuate outside mental health treatment, by that certain Memorandum Opinion and Order, entered May 23, 2025, by the United States District Court for the Southern District of West Virginia (Case No. 2:25-cv-00272). This is despite the fact that pursuant to W. Va. Code § 27-5-2(b), the Superintendent for MOCC has specifically argued both here and in the Application, that MOCC *can* handle the treatment of the Adult Respondent. This Application was filed to avoid running afoul of the aforementioned Court Order.

Ultimately, this Court finds that the United States District Court for the Southern District of West Virginia has no authority to Order this Court to make a probable cause finding pursuant to W. Va. Code § 27-5-2 *et seq.*, but this Court shall and has considered this Application regardless.

For his part, the Adult Respondent has waived his right to this Hearing, instead arguing through counsel that he *should* be committed. In response, the Applicant, has argued that the Respondent *should not* be committed, as MOCC can handle treatment for the Adult Respondent. This is a matter of first impression for this Court, as there is neither case precedent nor statutory law that has contemplated a situation in which an applicant does not desire a respondent to be committed to an outside mental health facility.

As such, this Court must rely solely on the elements and factors for commitment found in W. Va. Code § 27-5-2(f), testimony presented today, and the advice of the certifier found in the Certificate of Licensed Examiner.

After careful consideration of the facts, this Court finds that the Adult Respondent clearly has attempted to kill himself, and has expressed a further plan and desire to continue his efforts to end his own life. However, the Court will not blindly or naively turn away from the fact that this Adult Respondent could just as likely be attempting to earn himself a free trip to a less secure facility, so that he might try to escape or do harm to the general public. For these reasons, the Court has looked very closely at the probable cause nature of § 27-5-2(f), while balancing the safety interests of the general public.

When examining § 27-5-2(f), there is no statutory authority for this Court to consider whether or not the Adult Respondent will or can remain "at liberty". In fact, the only thing this Court may statutorily due is the following: "At the conclusion of the hearing, the magistrate, mental hygiene commissioner, or circuit court judge <u>shall find and enter an order stating whether or not it is likely that deterioration will occur without clinically necessary treatment, or</u>

2

there is probable cause to believe that the individual, as a result of mental illness or substance use disorder, is likely to cause serious harm to himself or herself or to others."

It is clear that this man will attempt to kill himself again based upon his own admission. For this reason, the Court is left with no other option than to find that there is probable cause that due to his mental illness, it is likely that deterioration will occur without clinically necessary treatment. How that treatment is to be carried out however, is largely left up to the Court through W. Va. Code § 27-5-3.

Because of this, the Court, pursuant to the other sections of this Order, does hereby find that the Respondent will be committed to the custody of the Secretary of the Department of Health and Human Resources (and/or its successor organization), with placement through William R. Sharpe Hospital. However, due to the extremely violent and unique character of this Adult Respondent, William R. Sharpe Hospital simply cannot handle the security needs of this Adult Respondent.

As such, it is the Order of this Court that transport shall be delayed to allow the State of West Virginia two (2) business weeks to seek viable and secure placement for this Adult Respondent. In that two (2) week period, should viable placement be found, and if the Chief Medical Officer of said facility determines that treatment can take place virtually, or with the assistance of staff in the mental health wing of MOCC, then transport of this Adult Respondent to a facility outside of MOCC shall not be required. Should transport to another facility become necessary, than it shall be carried out by the Fayette County Sheriff Department, with the assistance of the West Virginia Department of Corrections.

The objections of the State of West Virginia to this Order are noted and preserved on the record.

3

ENTERED: 5/30/2025

_____
EVAN J. DOVE
FAYETTE COUNTY
MENTAL HYGIENE COMMISSIONER

4