IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**KEITH LOWE,**

      **Plaintiff,**

v.                                                Case No. 2:25-cv-000272

**SUPERINTENDENT JONATHAN FRAME,**
**COMMISSIONER DAVID KELLY,[1] et al.**

      **Defendants.**

**ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED VERIFIED
EMERGENCY COMPLAINT FOR INJUNCTIVE RELIEF**

      Comes now the Defendants Jonathan Frame in his official capacity as Superintendent of Mt. Olive Correctional Complex ("Mt. Olive") and David Kelly, in his official capacity as West Viginia Division of Corrections and Rehabilitation ("WVDCR") Commissioner (collectively, "WVDCR Defendants"), by counsel, Jonathan M. Calhoun, Assistant Attorney General for the State of West Virginia with their Answer to the Second Amended Verified Emergency Complaint for Injunctive Relief (ECF No. 67) and states its affirmative defenses thereto as follows:

1. WVDCR Defendants admit that the Plaintiff is an inmate at Mt. Olive and has been in solitary confinement for approximately twelve and a half years prior to his recent transfer to the mental health unit. WVDCR Defendants further admit that the Plaintiff suffers from a history of mental illness.

---

[1] David Kelly has been named Commissioner of the West Virginia Division of Corrections and Rehabilitation, succeeding Acting Commissioner Lance Yardley. Since Mr. Yardley was named as a defendant in his official capacity as Acting Commissioner, all relevant responses herein will substitute Mr. Kelly for Mr. Yardley.

2. WVDCR Defendants admit that Defendant Frame is Superintendent of MOCC and has all the legal obligations commensurate thereto pursuant to the relevant West Virginia and federal law. WVDCR Defendants deny the allegation contained in Paragraph No. 2 to the extent that it alleges Defendant Frame has "ultimate authority" over the matters described in Paragraph No. 2, as he is subject to the WVDCR chain of command.

3. Paragraph No. 3 contains legal conclusions that do not require a response by way of admission or denial.

4. WVDCR Defendants admit that Defendant Kelly is Commissioner of the WVDR and has all the legal duties and obligations commensurate thereto pursuant to the relevant West Virginia and federal law.

5. This allegation is not directed at the WVDCR Defendants and does not require a response by way of admission or denial.

6. This allegation is not directed at the WVDCR Defendants and does not require a response by way of admission or denial.

7. WVDCR Defendants admit that the Plaintiff has been in Quilliams II Unit at Mt. Olive since approximately July 2012 and presently is considered "3-D" status. WVDCR Defendants deny that the Plaintiff has no path to leaving solitary confinement.

8. Upon information and belief, the WVDCR Defendants admit that the Plaintiff suffers from mental illness. The WVDCR Defendants do not possess sufficient knowledge to fully admit or deny the specifics of the mental illness alleged in Paragraph No. 8.

9. WVDCR Defendants admit that the Plaintiff suffers from mental illness, which is treated, in part, by prescription medication WVDCR Defendants admit that the Plaintiff suffers from mental illness, which is treated, in part, by prescription medication.

10. WVDCR Defendants deny paragraph No. 10 to the extent that the WVDCR is not a healthcare provider and are without the ability to diagnose the Plaintiff of any medical or mental health condition.

11. WVDCR Defendants admit insomuch that the Plaintiff is prescribed medication to treat his mental illness, though the specifics of the mediations prescribed may change based upon the Plaintiff's needs as determined by his medical and mental health providers.

12. WVDCR Defendants are not themselves medical or mental health providers and lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 12.

13. WVDCR Defendants admit to the allegations in Paragraph No. 13.

14. WVDCR Defendants are not medical or mental health providers and lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 14.

15. WVDCR Defendants are not medical or mental health providers and lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 15.

16. WVDCR Defendants are not medical or mental health providers and lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 16.

17. WVDCR Defendants are not medical or mental health providers and lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 17. To the extent a response is deemed necessary, this allegation is denied.

18. Paragraph No. 18 contains legal conclusions which do not require a response by way of admission or denial.

19. WVDCR Defendants deny the allegations contained in Paragraph No. 19.

20. WVDCR Defendants deny the allegations contained in Paragraph No. 20.

21. WVDCR Defendants are without sufficient knowledge to admit or deny the reasons why the Plaintiff may choose not to leave his cell when offered the opportunity.

22. WVDCR Defendants admit that they are aware the Plaintiff has previously engaged in self-harm and attempted suicide.

23. WVDCR Defendants admit to being aware of the incident described in Paragraph No. 23.

24. WVDCR Defendants admit that the Plaintiff has reported hearing voices in his head.

25. WVDCR Defendants admit that the Plaintiff has complained of the effects of solitary confinement and have taken steps to address the Plaintiff's concerns.

26. WVDCR Defendants admit that the Plaintiff has sought relief from his placement in segregation but otherwise deny the allegations as characterized in Paragraph No. 26.

27. WVDCR deny the allegations contained in Paragraph No. 27.

28. The WVDCR Defendants admit that a report concerning an interview with Dr. Thistlethwaite contains the statements of the Plaintiff alleged in Paragraph No. 28.

29. The WVDCR Defendants admit that a follow-up appointment with Dr. Thistlethwaite was scheduled for 90 days, based upon the information contained in the aforementioned report.

30. The WVDCR Defendants admit to the allegations contained in Paragraph No. 30, based upon the information contained in the aforementioned report.

31. The WVDCR Defendants admit that the Plaintiff made the statement contained in Paragraph No. 31 insomuch as it is contained in the mental health report referenced by the Plaintiff.

32. The WVDCR Defendants admit that the Plaintiff reported the information described in Paragraph No. 32 insomuch as it is contained in the mental health report referenced by the Plaintiff. WVDCR Defendants deny that the Plaintiff has lost thirty pounds as alleged in Paragraph No. 32.

33. The WVDCR Defendants admit that the evaluation in question noted what is described in Paragraph No. 33.

34. The WVDCR Defendants admit that the evaluation in question noted what is described in Paragraph No. 34.

35. WVDCR Defendants admit that the Plaintiff refused to take his medication. WVDCR Defendants lack sufficient knowledge to admit or deny Plaintiff's beliefs as to his medication.

36. WVDCR Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph No. 36.

37. WVDCR Defendants deny the allegations contained in Paragraph No. 37.

38. WVDCR Defendants are without sufficient knowledge to determine if the Plaintiff was suffering from panic attacks, as he alleges. The WVDCR Defendants otherwise deny the allegations as characterized in Paragraph No. 38.

39. WVDCR Defendants deny the allegations contained in Paragraph No. 39, insomuch that April 6, 2025, was a Sunday, and appointments which otherwise would fall on Sunday would typically be conducted on another day of the week. WVDCR Defendants admit an appointment was scheduled for April 8, 2025.

40. WVDCR Defendants deny the allegation contained in Paragraph No. 40.

41. WVDCR Defendants are without sufficient knowledge to know what the Plaintiff's therapist may have informed him, but otherwise deny the allegations contained in Paragraph No. 41.

42. WVDCR Defendants admit that Plaintiff attempted suicide on April 6, 2025, but are without sufficient knowledge to make an admission or denial as to the exact time.

43. WVDCR Defendants admit to the allegations contained in Paragraph No. 43.

44. WVDCR Defendants admit to the allegations contained in Paragraph No. 44.

45. WVDCR Defendants admit to the allegations contained in Paragraph No. 45.

46. WVDCR Defendants admit to the allegations contained in Paragraph No. 46.

47. WVDCR Defendants admit that the Plaintiff was administered oxygen and taken to Montgomery General Hospital, where he refused medical treatment. WVDCR Defendants note that the complaint incorrectly alleges that said hospital is located in Raleigh County, as opposed to Fayette County.

48. WVDCR Defendants admit to the allegations contained in Paragraph No. 48.

49. WVDCR Defendants admit to the allegations contained in Paragraph No 49.

50. WVDCR Defendants admit to the allegations contained in Paragraph No 50.

51. WVDCR Defendants admit to the allegations contained in Paragraph No. 51.

52. WVDCR Defendants admit to the allegations contained in Paragraph No. 52

53. WVDCR Defendants admit to the allegations contained in Paragraph No. 53. The Plaintiff was placed on a constant watch the entire time he was in the medical unit per administration. The Plaintiff did progress through the levels, but a staff member was assigned to his door the entire time.

54. WVDCR Defendants admit to the allegations contained in Paragraph No. 54.

55. WVDCR Defendants admit that the Plaintiff apparently saw Dr. Thistlethwaite on the date in question but is without sufficient knowledge to make an admission or denial as to the contents of the conversation.

56. WVDCR Defendants admit that notes in question state what is alleged.

57. WVDCR Defendants admit to the allegations contained in Paragraph No. 57.

58. WVDCR Defendants deny the characterization set forth in Paragraph No. 58.

59. WVDCR Defendants deny the characterization set forth in Paragraph No. 59, and note that the Plaintiff is not presently in the segregation unit.

60. WVDCR Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph No. 60.

61. WVDCR Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph No. 61.

62. WVDCR Defendants admit to the extent that the facility was on lockdown on April 11, 2025.

63. WVDCR Defendants deny that the Plaintiff was "punished" for his suicide attempt.

64. WVDCR Defendants admit that all inmates are charged $3.00 if an injury is self-inflicted.

65. WVDCR Defendants deny that the Plaintiff was punished because of an overdose. WVDCR Defendants admit that Plaintiff was disciplined for possession and use of drugs.

66. WVDCR Defendants deny that the Plaintiff was not given an administrative disciplinary hearing, as one was conducted on or about April 28, 2025.

67. WVDCR Defendants deny punishing the Plaintiff in any way because of his mental health condition.

68. WVDCR Defendants deny that staffing issues are a "pretext" to deny mental health treatment to the Plaintiff and further deny that he is being withheld mental health treatment as a form of punishment.

69. WVDCR Defendants deny taking punitive actions that have adversely affected the Plaintiff's mental health as alleged in Paragraph No. 69.

70. WVDCR Defendants deny the allegations contained in Paragraph No. 70.

71. WVDCR Defendants deny the allegations contained in Paragraph No. 71 to the extent that it misquotes this Court's preliminary injunction order entered May 23, 2025.

72. This allegation is not directed at the WVDCR Defendants and does not require a response by way of admission or denial.

73. To the extent this allegation is directed toward the WVDCR Defendants, the allegations in Paragraph No. 73 are denied.

74. This allegation is not directed at the WVDCR Defendants and does not require a response by way of admission or denial.

75. This allegation is not directed at the WVDCR Defendants and does not require a response by way of admission or denial. To the extent an admission or denial is required, the WVDCR Defendants deny the allegations contained in Paragraph No. 75.

76. WVDCR Defendants deny the allegation contained in Paragraph No. 76.

77. WVDCR Defendants deny the allegation contained in Paragraph No. 77.

78. WVDCR Defendants deny the allegation contained in Paragraph No. 78.

79. WVDCR Defendants deny the allegation as characterized in Paragraph No. 79.

80. WVDCR Defendants deny the allegation contained in Paragraph No. 80.

81. WVDCR Defendants deny the allegation contained in Paragraph No. 81.

82. WVDCR Defendants deny the allegation contained in Paragraph No. 82.

83. Paragraph No. 83 contains a statement of law which does not require a factual admission or denial.

84. Paragraph No. 84 contains legal conclusions which do not require a factual admission or denial.

85. WVDCR Defendants deny the allegation contained in Paragraph No. 85, as the WVDCR Defendants have no knowledge of a probable cause hearing being conducted on June 2, 2025.

86. Paragraph No. 86 contains a legal conclusion which does not require a factual admission or denial.

87. WVDCR Defendants deny the allegation contained in Paragraph No. 87.

88. WVDCR Defendants deny the allegation contained in Paragraph No. 88.

89. WVDCR Defendants deny the allegation contained in Paragraph No. 89.

90. Paragraph No. 90 contains legal conclusion which do not require a factual admission or denial. To the extent that a factual allegation may be inferred, the WVDCR Defendants deny any allegation contained in Paragraph No. 90.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' First Amended Verified Complaint fails to state a claim for which relief may be granted and, therefore, it is proper for this Court to enter an Order dismissing the First Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

The WVDCR Defendants state that at all times relevant to the allegations contained in the Plaintiffs' First Amended Complaint that all employees acted in good faith and in accordance with clearly established law.

### THIRD AFFIRMATIVE DEFENSE

Justification exists at all times during the actions taken by the WVDCR Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Any and all damages or other injuries incurred by the Plaintiffs are the direct and proximate result of his/her own acts or those of third parties and are in no way attributable to any wrongdoing on the part of the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

The WVDCR Defendants have at all times acted within their legal rights and the conduct of all their activities and with just cause.

## SIXTH AFFIRMATIVE DEFENSE

The WVDCR Defendants plead all immunities and defenses available to them under Federal and State law including, but not limited to, qualified immunity. Additionally, the Defendants assert all immunity limitations provided by West Virginia Code § 28-A-12-1, *et seq.*

## SEVENTH AFFIRMATIVE DEFENSE

The Defendants assert all common law immunities including qualified, sovereign, constitutional, statutory and/or other immunities applicable to them.

## EIGHTH AFFIRMATIVE DEFENSE

At all times material herein the WVDCR Defendants acted in an objective, reasonable manner and did not violate any legal rights of the Plaintiffs or which the WVDCR Defendants knew or any exercise of reasonable diligence should have known.

## NINTH AFFIRMATIVE DEFENSE

The WVDCR Defendants assert that to the extent that any of the following affirmative defenses are applicable based upon the evidence produced in this matter, the following affirmative defenses are hereby invoked: contributory negligence, comparative negligence, assumption of the risk, sudden emergency; duress, waiver, estoppel, fraud, illegality, laches, license, payment, release, res judicata, acquiescence, running of the statute of limitations, lack of personal jurisdiction, lack of service of process, improper service of process, improper notice, improper venue, and any other matter constituting an avoidance or affirmative defense.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's negligence and/or intentional acts, or those of third parties, were primary in the happening of any incident(s) described in the Plaintiffs' First Amended Verified Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any injuries or damages as alleged in the First Amended Verified Complaint, of which the WVDCR Defendants specifically deny, then such injuries and damages were caused or contributed to by reason of negligence and/or intentional acts of the Plaintiffs, or those of third parties.

## TWELFTH AFFIRMATIVE DEFENSE

The WVDCR Defendants reserve the right to file such cross-claims, counterclaims or third-party Complaints and other pleadings as may be relevant to be appropriate to discovery, as well as reserving the right to seek comparative contribution and/or indemnity as the WVDCR Defendants may deem appropriate.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

The WVDCR Defendants did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless, or egregious conduct; consequently, there is no factual basis to support the Plaintiffs' claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

The WVDCR Defendants deny each and every allegation of the Plaintiff's First Amended Verified Complaint, not specifically admitted herein.

## SIXTEENTH AFFIRMATIVE DEFENSE

The WVDCR Defendants reserve the right to raise any additional affirmative defenses which may arise during discovery of this matter, including comparative fault of unknown third parties.

### SEVENTEENTH AFFIRMATIVE DEFENSE

All actions taken by the WVDCR Defendants are privileged and such privilege bars any claims that the Plaintiff may have against them.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a convicted and incarcerated felon, the Plaintiff is only entitled to those rights afforded and protected by the Eighth Amendment of the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies prior to initiating suit as required by West Virginia Prisoner Litigation Reform Act, W.Va. Code §25-1A-1 et seq., and/or federal Prison Litigation Reform Act, 42 U.S.C. § 1997e which requires immediate dismissal of this action.

### TWENTIETH AFFIRMATIVE DEFENSE

The WVDCR Defendants assert that some or all of the Plaintiffs' claims are moot by virtue of the good faith actions of WVDCR Defendants undertaken in the regular course of business, release or discharge of the inmate from custody, and/or transfer of the inmate in the regular course of administration of incarcerated individuals.

**THE WVDCR DEFENDANTS HEREBY DEMAND A TRIAL BY JURY.**

**WHEREFORE**, having fully responded to the Plaintiff's Second Amended Verified Complaint, the Defendants hereby move this Court for entry of an Order dismissing the above-captioned matter, with prejudice, and for all other relief that this Court deems just and proper.

**SUPERINTENDENT JONATHAN FRAME AND COMMISSIONER DAVID KELLY,**

BY COUNSEL,

JOHN B. McCUSKEY
ATTORNEY GENERAL

*/s/ Jonathan M. Calhoun*

_____
Jonathan M. Calhoun, W.Va. Bar No. 11134
Assistant Attorney General
1900 Kanawha Blvd, East
Building 1, Room E-26
Charleston, WV 25301
Phone: (304) 205-6830
Email: jcalhoun@wvago.gov

IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**KEITH LOWE,**

      **Plaintiff,**

v.                                                Case No. 2:25-cv-000272

**SUPERINTENDENT JONATHAN FRAME,**
**COMMISSIONER DAVID KELLY, et al.**

      **Defendants.**

## CERTIFICATE OF SERVICE

I, Jonathan M. Calhoun, Assistant Attorney General, hereby certify that, I electronically filed the foregoing "*ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED VERIFIED EMERGENCY COMPLAINT FOR INJUNCTIVE RELIEF*" via the CM/ECF system, which will send a notification to CM/ECF participants, as follows, to the following on August 8, 2025:

                Lydia C. Milnes, Esq.
                Lesley M. Nash, Esq.
                Sandra K. Brown, Esq.
                *Counsel for the Plaintiff*

                /s/ *Jonathan M. Calhoun*
                _____
                Jonathan M. Calhoun, W.Va. Bar No. 11134
                Assistant Attorney General
                1900 Kanawha Blvd, East
                Building 1, Room E-26
                Charleston, WV 25301
                Phone: (304) 205-6830
                Email: jcalhoun@wvago.gov