IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**KEITH LOWE,**

      **Plaintiff,**

v.                                                                                                         Case No. 2:25-cv-000272

**SUPERINTENDENT JONATHAN FRAME,**
**COMMISSIONER DAVID KELLY, et al.**

      **Defendants.**

**SECRETARY MICHAEL CARUSO'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED VERIFIED**
<u>**EMERGENCY COMPLAINT FOR INJUNCTIVE RELIEF**</u>

      Comes now the Defendant Michael Caruso in his official capacity as the Cabinet Secretary of the West Virginia Department of Health Facilities ("WVDHF") by counsel, Steven R. Compton, Deputy Attorney General for the State of West Virginia, with his Answer to the Second Amended Verified Emergency Complaint for Injunctive Relief (ECF No. 67) and states his affirmative defenses thereto as follows:

      1.      This allegation is not directed at Sec. Caruso and does not require a response by way of admission or denial. To the extent a response is deemed required, Sec. Caruso admits Keith Lowe was an inmate at Mount Olive Correctional Complex. Sec. Caruso lacks sufficient information or knowledge to admit or deny the remaining allegations and, therefore, denies the same.

      2.      This allegation is not directed at Sec. Caruso and does not require a response by way of admission or denial. To the extent a response is deemed required, Sec. Caruso admits John Frame is the Superintendent of MOCC. Sec. Caruso lacks sufficient

1

information or knowledge to admit or deny the remaining allegations and, therefore, denies the same.

3.     This allegation is not directed at Sec. Caruso and does not require a response by way of admission or denial. To the extent a response is deemed required, Sec. Caruso lacks sufficient information or knowledge to admit or deny the remaining allegations and, therefore, denies the same.

4.     This allegation is not directed at Sec. Caruso and does not require a response by way of admission or denial. To the extent a response is deemed required, Sec. Caruso denies that Lance Yardley is the Acting Commissioner of the West Virginia Division of Corrections and Rehabilitation. Sec. Caruso lacks sufficient information or knowledge to admit or deny the remaining allegations and, therefore, denies the same.

5.     Sec. Caruso admits that he is the Cabinet Secretary of the West Virginia Department of Health Facilities and that he oversees state-owned health care facilities, including William R. Sharpe Jr. Hospital, which is an approximately 200-bed acute care psychiatric facility located in Weston, West Virginia with a designated forensic patient wing. The remaining allegations contained in Paragraph 5 are vague and subject to multiple interpretations; therefore, Sec. Caruso denies the remaining allegations.

6.     Paragraph No. 6 contains legal conclusions that do not require a response by way of admission or denial.

7.     Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No.7 and, therefore, denies the same.

8.     Upon information and belief, the Sec. Caruso admits that the Plaintiff suffers from mental illness. Sec. Caruso does not possess sufficient knowledge to fully admit or deny

the specifics of the mental illness alleged in Paragraph No. 8 and, therefore, denies the same.

9. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 9 and, therefore, denies the same.

10. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No.10. To the extent Sec. Caruso is included in "Defendants," he denies making any diagnoses.

11. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No.11 and, therefore, denies the same.

12. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No.12 and, therefore, denies the same .

13. The allegations in Paragraph No. 13. refer to a docket entry in a federal civil case that speaks for itself and does not require an answer. To the extent an answer is deemed required, Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No.13 and, therefore, denies the same.

14. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 14 and, therefore, denies the same.

15. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 15 and, therefore, denies the same.

16. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No.16 and, therefore, denies the same.

17. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No.17 and, therefore, denies the same.

18. Paragraph No. 18 contains legal conclusions which do not require a response by way of admission or denial.

19. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No.19 and, therefore, denies the same.

20. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 20 and, therefore, denies the same.

21. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 21 and, therefore, denies the same.

22. Upon information and belief, Sec. Caruso admits the Plaintiff has previously engaged in self-harm and attempted suicide.

23. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 23 and, therefore, denies the same.

24. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 24 and, therefore, denies the same.

25. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 25 and, therefore, denies the same.

26. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 26 and, therefore, denies the same.

27. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 27 and, therefore, denies the same.

28. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 28 and, therefore, denies the same.

29. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 29 and, therefore, denies the same.

30. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 30 and, therefore, denies the same.

31. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 31 and, therefore, denies the same.

32. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 32 and, therefore, denies the same.

33. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 33 and all subparts thereto and, therefore, denies the same.

34. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 34 and, therefore, denies the same.

35. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 35 and, therefore, denies the same.

36. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 36 and, therefore, denies the same.

37. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 37 and, therefore, denies the same.

38. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 38 and, therefore, denies the same.

39. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 39 and, therefore, denies the same.

40. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 40 and, therefore, denies the same.

41. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 41 and, therefore, denies the same.

42. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 42 and, therefore, denies the same.

43. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 43 and, therefore, denies the same.

44. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 44 and, therefore, denies the same.

45. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 45 and, therefore, denies the same.

46. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 46 and, therefore, denies the same.

47. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 47 and, therefore, denies the same.

48. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 48 and, therefore, denies the same.

49. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 49 and, therefore, denies the same.

50. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 50 and, therefore, denies the same.

51. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 51 and, therefore, denies the same.

52. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 52 and, therefore, denies the same.

53. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 53 and, therefore, denies the same.

54. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 54 and, therefore, denies the same.

55. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 55 and, therefore, denies the same.

56. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 56 and, therefore, denies the same.

57. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 57 and, therefore, denies the same.

58. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 58 and, therefore, denies the same.

59. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 59 and, therefore, denies the same.

60. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 60 and, therefore, denies the same.

61. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 61 and, therefore, denies the same.

62. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 62 and, therefore, denies the same.

63. Sec. Caruso denies the allegation insofar as it alleges he or WVDHF punished Mr. Lowe. Sec. Caruso lacks sufficient knowledge and information to admit or deny the remining allegations, if any, contained in Paragraph No. 63 and, therefore, denies the same.

64. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 64 and, therefore, denies the same.

65. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 65 and, therefore, denies the same.

66. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 66 and, therefore, denies the same.

67. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 67 and, therefore, denies the same.

68. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 68 and, therefore, denies the same.

69. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 69 and, therefore, denies the same.

70. Sec. Caruso lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 70 and, therefore, denies the same.

71. Sec. Caruso admits that the Court entered an order after a May 23, 2025, hearing on Plaintiff's emergency motion for injunctive relief. The order speaks for itself and does not require any further answer.

72.  Sec. Caruso denies the allegations in paragraph 72.

73.  The allegations in paragraph 73 are vague and do not specify what representations are alleged to have been made, therefore those allegations in paragraph 73 are denied. Additionally, Sec. Caruso denies that WVDHF refused to accept the transfer and commitment of Mr. Lowe.

74.  The allegations in paragraph 74 are vague and do not specify what representations are alleged to have been made. Sec. Caruso admits that counsel for WVDHF attended the civil commitment hearing. The record of that hearing speaks for itself. Further Sec. Caruso denies that WVDHF refused to accept Mr. Lowe for treatment and would further state that WVDHF has provided treatment to Mr. Lowe. Any remaining allegations, if any, are denied.

75.  Sec. Caruso denies the allegation in paragraph 75.

76.  Sec. Caruso incorporates by reference his answers to the previous paragraphs of the complaint.

77.  Sec. Caruso denies the allegation in paragraph 77.

78.  Sec. Caruso denies the allegation in paragraph 78.

79.  Sec. Caruso denies the allegation in paragraph 79.

80.  Sec. Caruso denies the allegation in paragraph 80.

81.  Sec. Caruso denies the allegation in paragraph 81.

82.  Sec. Caruso incorporates by reference his answers to the previous paragraphs of the complaint.

83.  Paragraph No. 83 contains a statement of law which does not require a factual admission or denial.

84. Paragraph No. 84 contains legal conclusions which do not require a factual admission or denial.

85. The order and record of the June 2, 2025 hearing speaks for itself and does not require any further answer.

86. Paragraph No. 86 contains legal conclusions which do not require a factual admission or denial.

87. Sec. Caruso denies the allegation in paragraph 87.

88. Sec. Caruso denies the allegation in paragraph 88.

89. Sec. Caruso denies the allegation in paragraph 89.

90. Paragraph No. 90 contains legal conclusion which do not require a factual admission or denial. To the extent that a factual allegation may be inferred, Sec. Caruso denies any allegation contained in Paragraph No. 90.

91. Plaintiff is not entitled to any of the relief requested in the ad damnum paragraph and all subparts thereto of the complaint.

92. Sec. Caruso denies any and all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Second Amended Complaint fails to state a claim for which relief may be granted and, therefore, it is proper for this Court to enter an Order dismissing the First Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

Sec. Caruso states that at all times relevant to the allegations contained in the Plaintiffs' Second Amended Complaint that Sec. Caruso acted in good faith and in accordance with clearly established law.

## THIRD AFFIRMATIVE DEFENSE

Justification exists at all times during the actions taken by Sec. Caruso.

## FOURTH AFFIRMATIVE DEFENSE

Any and all damages or other injuries incurred by the Plaintiff is the direct and proximate result of his/her own acts or those of third parties and are in no way attributable to any wrongdoing on the part of Sec. Caruso.

## FIFTH AFFIRMATIVE DEFENSE

Sec. Caruso has at all times acted within his legal rights and the conduct of his activities was with just cause.

## SIXTH AFFIRMATIVE DEFENSE

Sec. Caruso pleads all immunities and defenses available to him under Federal and State law including, but not limited to, qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Sec. Caruso asserts all common law immunities including qualified, sovereign, constitutional, statutory and/or other immunities applicable to them.

## EIGHTH AFFIRMATIVE DEFENSE

At all times material herein, Sec. Caruso acted in an objective, reasonable manner and did not violate any legal rights of the Plaintiff which Sec. Caruso knew of or with any exercise of reasonable diligence should have known.

## NINTH AFFIRMATIVE DEFENSE

Sec. Caruso asserts that to the extent that any of the following affirmative defenses are applicable based upon the evidence produced in this matter, the following affirmative defenses are hereby invoked: contributory negligence, comparative negligence, assumption of the risk, sudden emergency; duress, waiver, estoppel, fraud, illegality, laches, license, payment, release, res judicata, acquiescence, running of the statute of limitations, lack of personal jurisdiction, lack of service of process, improper service of process, improper notice, improper venue, and any other matter constituting an avoidance or affirmative defense.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's negligence and/or intentional acts, or those of third parties, were primary in the happening of any incident(s) described in the Plaintiffs' First Amended Verified Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any injuries or damages as alleged in the Second Amended Verified Complaint, of which Sec. Caruso specifically denied, then such injuries and damages were caused or contributed to by reason of negligence and/or intentional acts of the Plaintiff, or those of third parties.

## TWELFTH AFFIRMATIVE DEFENSE

Sec. Caruso reserves the right to file such cross-claims, counterclaims or third-party Complaints and other pleadings as may be relevant to be appropriate to discovery, as well as

reserving the right to seek comparative contribution and/or indemnity as Sec. Caruso may deem appropriate.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

Sec. Caruso did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless, or egregious conduct; consequently, there is no factual basis to support the Plaintiff's claim.

### FIFTEENTH AFFIRMATIVE DEFENSE

Sec. Caruso denies each and every allegation of the Plaintiff's Second Amended Verified Complaint, not specifically admitted herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a convicted and incarcerated felon, the Plaintiff is only entitled to those rights afforded and protected by the Eighth Amendment of the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies prior to initiating suit as required by West Virginia Prisoner Litigation Reform Act, W.Va. Code §25-1A-1 et seq., and/or federal Prison Litigation Reform Act, 42 U.S.C. § 1997e which requires immediate dismissal of this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Sec. Caruso asserts that some or all of the Plaintiffs' claims are moot by virtue of the good faith actions of Defendants undertaken in the regular course of business, release or discharge of

the inmate from custody, and/or transfer of the inmate in the regular course of administration of incarcerated individuals.

**SECRETARY CARUSO HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**WHEREFORE**, having fully responded to the Plaintiff's Second Amended Verified Complaint, Sec. Caruso hereby moves this Court for entry of an Order dismissing the above-captioned matter, with prejudice, and for all other relief that this Court deems just and proper.

Respectfully submitted,

Michael J. Caruso, Secretary
Department of Health Facilities

By Counsel

JOHN B. MCCUSKEY
ATTORNEY GENERAL

/s/Steven R. Compton
STEVEN R. COMPTON
DEPUTY ATTORNEY GENERAL
(W.Va. Bar #6562)
*steven.r.compton@wvago.gov*
812 Quarrier Street, 6th Floor
Charleston, WV 25301
(304) 558-2131
Fax 558-0430

IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**KEITH LOWE,**

    **Plaintiff,**

v.                                                                Case No. 2:25-cv-000272

**SUPERINTENDENT JONATHAN FRAME,**
**COMMISSIONER DAVID KELLY, et al.**

    **Defendants.**

## CERTIFICATE OF SERVICE

    I, Steven R. Compton, Deputy Attorney General, hereby certify that, I electronically filed the foregoing "*ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED VERIFIED EMERGENCY COMPLAINT FOR INJUNCTIVE RELIEF*" via the CM/ECF system, which will send a notification to CM/ECF participants, as follows, to the following on September 19, 2025:

                                    Lydia C. Milnes, Esq.
                                    Lesley M. Nash, Esq.
                                    Sandra K. Brown, Esq.
                                    *Counsel for the Plaintiff*

                                    Anthony D. Eates, Deputy Attorney General
                                    *Counsel for the WVDCR Defendants*