## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA CHARLESTON DIVISION

**KEITH LOWE,**

     **Plaintiff,**

    **v.**　　　　　　　　　　　　　　**Civil Action No. 2:25-CV-00272**
　　　　　　　　　　　　　　　　　**Hon. Thomas E. Johnston, Judge**

**SUPERINTENDENT JOHN FRAME, et al.,**

     **Defendants.**

### DEFENDANT SECRETARY CARUSO'S RESPONSE TO PLAINTIFF'S REQUEST FOR COMPENSATORY CIVIL CONTEMPT SANCTIONS

NOW COMES the Defendant, Cabinet Secretary Michael Caruso, by counsel, Deputy Attorney General Steven R. Compton, and responds in opposition to Plaintiff's Request for Compensatory Civil Contempt Sanctions.

### INTRODUCTION

Plaintiff requests attorney's fees and compensatory sanctions for contempt found by the Court. The State of West Virginia, and thus Secretary Caruso in his official capacity, is entitled to sovereign immunity from any compensatory award. Moreover, the sanctions requested by Plaintiff amount to a damages award that is only appropriate in the criminal contempt context. Therefore, they are inappropriate in this case because the Court found Secretary Caruso in civil contempt.[1]

On July 7, 2025, while at Mount Olive Correctional Complex (MOCC) awaiting a transfer decision from the Federal Bureau of Prisons, Plaintiff cut himself with a razor. Secretary Caruso, the Cabinet Secretary of the Department of Health Facilities (DHF), has no knowledge of the facts

---

[1] Secretary Caruso maintains his objections to the Court's contempt order, which he intends to appeal at the appropriate time.

and circumstances that led to this event. He was not yet a party to this case, and he had never met Plaintiff.

DHF officials had by that time located the United States Medical Center for Federal Prisoners in Springfield, Missouri as a potential placement to meet both the psychiatric and security needs of Plaintiff. This process started on May 30, 2025, after the mental hygiene commissioner ordered DHF to locate a facility. DHF officials attempted to secure placement at a facility in South Carolina, but they could not accept Plaintiff. After researching numerous other facilities and attempting to secure placement at those facilities, Patrick Ryan, the CEO of Sharpe Hospital, located MCFP Springfield. He submitted a referral but was told that the Division of Corrections and Rehabilitation (DCR) had to submit that request. So DHF told DCR, and they submitted the application, which was accepted on July 22, 2025. DHF learned of the acceptance on July 24, 2025. Secretary Caruso understands that Plaintiff was transferred to MCFP Springfield on September 11, 2025.

Plaintiff filed his motion for contempt on July 24, 2025. This Court granted the motion on August 25, 2025. The Court's Order directed Plaintiff and his counsel to "submit a sufficiently detailed accounting of the relevant costs associated with Defendants' contempt" and stated that "Plaintiff and his counsel may also seek compensation for his July suicide attempt." Order, p. 19. Plaintiff's instant motion seeks those sanctions.

## ARGUMENT

Plaintiff's request should be denied for two reasons. First, Secretary Caruso is entitled to sovereign immunity. Second, Plaintiff's request for compensation related to the alleged suicide attempt (or denial/sufficiency of medical care) does not seek compensation for actual losses, so it sounds in criminal contempt. Additionally, to the extent the Court awards sanctions, Plaintiff's

request is excessive, and Plaintiff's request for attorney's fees includes unrelated work. The Court should deny Plaintiff's request for sanctions.

## I. Secretary Caruso is sued in his official capacity and, therefore, is entitled to sovereign immunity from compensatory sanctions.

Plaintiff's request for compensatory sanctions is barred by sovereign immunity. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, (1984). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Here, Plaintiff sues Secretary Caruso in his official capacity only, so Plaintiff's suit is against the State.

"Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Papasan v. Allain*, 478 U.S. 265, 278 (1986) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citation omitted)). And "[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant." *Id.* "This is true if the relief is expressly denominated as damages. It is also true if the relief is tantamount to an award of damages for a past violation of federal law, even though styled as something else." *Id.* (citations omitted). The "substance rather than [] the form of the relief sought" is determinative. *Id.*

Plaintiff's request for compensatory sanctions is a request to compensate a party injured in the past by an action of a state official in his official capacity and is tantamount to an award of

damages for a past violation. Therefore, Secretary Caruso is entitled to sovereign immunity from any compensatory sanctions award.

## II. Plaintiff's request for "compensatory" sanctions for the alleged suicide attempt sounds in criminal contempt, and Plaintiff has not shown any pecuniary loss.

The Court held a civil contempt hearing pursuant to Plaintiff's request for civil contempt. Secretary Caruso neither had notice that he may be held in criminal contempt nor an opportunity to be heard nor any of the other protections afforded parties subject to criminal contempt sanctions. But Plaintiff's request for "compensatory" sanctions is a request for criminal contempt sanctions.

"The basic difference between civil and criminal contempt sanctions is that civil contempt sanctions are intended 'to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained,' while criminal contempt sanctions are intended 'to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct....'" *Bradley v. Am. Household Inc.*, 378 F.3d 373, 378 (4th Cir. 2004) (quoting *Buffington v. Baltimore Cnty, Md.*, 913 F.2d 113, 133 (4th Cir. 1990)). Here, there can be no sanction to coerce compliance because compliance has already been achieved. Plaintiff is currently in an appropriate psychiatric facility. So any civil contempt sanction may only be compensatory.

"Generally, a compensatory sanction may not exceed the actual loss to the complainant caused by the actions of respondent, lest the contempt fine become punitive in nature, which is not appropriate in a civil contempt proceeding." *In re General Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995) (cleaned up). Like Plaintiff, Secretary Caruso cannot locate any cases in which a court has provided monetary sanctions for alleged mental or emotional distress. But some courts have specifically stated that civil contempt sanctions may be awarded "to an aggrieved litigant as compensation for the *special* damages he may have sustained by" a party's contempt. *Parker v. U.S.*, 126 F.2d 370, 380 (1st Cir. 1942) (collecting cases) (emphasis added).

Plaintiff's alleged mental and emotional distress would not be special damages because there is no pecuniary loss. They would be general damages, and Plaintiff has not cited any case awarding general damages in a civil contempt proceeding. Plaintiff also asks for monetary sanctions for the alleged actions of Defendants (denial of appropriate medical care and conditions of confinement), rather than compensation for his own actual losses. Such an award would be punitive and thus only available in a criminal contempt proceeding. Therefore, the Court should deny Plaintiff's request for $100,000.

### III. Even if such sanctions could be awarded in civil contempt proceedings, Plaintiff's request is excessive.

Even assuming an award for mental and emotional distress were proper in civil contempt proceedings, Plaintiff's requested amount is excessive. Plaintiff asks the Court to award $100,000. Plaintiff's request is based almost entirely on jury verdicts and settlements, neither of which is applicable here (further supporting Secretary Caruso's preceding argument).

As an initial matter, Plaintiff seeks this award "for the denial and unavailability of appropriate medical care" and "for the conditions amounting to solitary confinement," Pl.'s Mot., p. 5 (ECF 105), but the Court invited a motion for "compensation for the suicide attempt," Order, p. 22 (ECF 99). These allegations are unsupported by the record and, thus, are insufficient to support an award. Those allegations should be proven through a Section 1983 claim tried to a jury.

Regardless, Plaintiff simply states that these allegations had a "mental effect" on him. Pl.'s Mot., p. 5 (ECF 105). Plaintiff has not presented any evidence to prove what this "mental effect" was or whether it caused or contributed to his suicide attempt. And Secretary Caruso has not had an opportunity to present rebuttal evidence, like Plaintiff's mental state prior to initiation of this action. Indeed, the impetus for Plaintiff's suit was a separate suicide attempt.

In light of this uncertainty and lack of evidence, an award of $100,000 is punitive, not compensatory—even assuming Plaintiff suffered an "actual loss." Therefore, if the Court awards sanctions related to Plaintiff's "mental effect," $100,000 goes well beyond compensation, and the award should be much lower.

### IV.    Attorney's fees are an appropriate civil contempt sanction, but Plaintiff's request includes fees for work unrelated to the contempt proceedings.

Assuming *arguendo* that the Court can award compensatory sanctions without implicating sovereign immunity, Plaintiff's fee request should be reduced. Plaintiff requests fees for work unrelated to the contempt proceedings. Ms. Nash's declaration states that she incurred fees totaling $2,340 for work on Plaintiff's joinder motion and his motion related to records from the mental hygiene proceedings. (ECF 105-3). Neither of those motions can be construed as work related to the contempt proceedings, so they cannot compensate Plaintiff for "actual losses" due to the contempt finding. Likewise, Ms. Milnes's declaration states that she incurred fees totaling $2,802.50 for work related to the same motions. (ECF 105-2). For the same reasons, these fees cannot compensate Plaintiff for losses related to the contempt finding. Therefore, any attorney's fees award should exclude those amounts.

Finally, Secretary Caruso intends to appeal the contempt finding following a final judgment in this case. Therefore, he requests that the Court hold any sanctions award in abeyance pending resolution of that appeal or require Plaintiff's counsel to hold the award in their client trust account pending resolution.

**CONCLUSION**

Secretary Caruso respectfully requests that this Honorable Court deny Plaintiff's request

for sanctions.

Respectfully submitted,

Michael J. Caruso, Secretary
Department of Health Facilities

By Counsel

JOHN B. MCCUSKEY
ATTORNEY GENERAL

/s/Steven R. Compton
STEVEN R. COMPTON
DEPUTY ATTORNEY GENERAL
(W.Va. Bar #6562)
*steven.r.compton@wvago.gov*
812 Quarrier Street, 6th Floor
Charleston, WV 25301
(304) 558-2131
Fax 558-0430

**IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**KEITH LOWE,**

      **Plaintiff,**

**v.**                                             **Case No. 2:25-cv-000272**

**SUPERINTENDENT JONATHAN FRAME,
COMMISSIONER DAVID KELLY, et al.**

      **Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

I, Steven R. Compton, Deputy Attorney General, hereby certify that, I electronically

filed the foregoing "**DEFENDANT SECRETARY CARUSO'S RESPONSE TO**

**PLAINTIFF'S REQUEST FOR COMPENSATORY CIVIL CONTEMPT SANCTIONS**"

via the CM/ECF system, which will send a notification to CM/ECF participants, as follows, to the

following on October 8, 2025:


                        Lydia C. Milnes, Esq.
                        Lesley M. Nash, Esq.
                        Sandra K. Brown, Esq.
                        *Counsel for the Plaintiff*

                  Anthony D. Eates, Deputy Attorney General
                      *Counsel for the WVDCR Defendants*

<u>/s/Steven R. Compton</u>
STEVEN R. COMPTON
DEPUTY ATTORNEY GENERAL