IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**KEITH LOWE,**

    **Plaintiff,**

v.                                                              Civ. Act. No: 2:25cv272
                                                                 Judge Thomas Johnston

**SUPERINTENDENT JOHN FRAME, et al.,**

    **Defendants.**

**PLAINTIFF'S REPLY TO DEFENDANTS CARUSO AND FRAME IN SUPPORT OF
REQUEST FOR COMPENSATORY CIVIL CONTEMPT SANCTIONS**

Comes now Plaintiff, by counsel, in reply to Defendant Frame (*see* Defendant Frame's Response, Dkt. No. 108) and Defendant Caruso (*see* Defendant Caruso's Response, Dkt. No. 110) in support of Plaintiff's Request for Compensatory Civil Contempt Sanctions, filed September 24, 2025. *See* Dkt. No. 105.

**LEGAL STANDARD**

Compensatory civil contempt sanctions are designed "to compensate the complainant for losses sustained." *Bradley v. American Household Inc.*, 378 F.3d 373, 378 (4th Cir. 2004); *see also Travelhost, Inc. v. Blandford*, 68 F.3d 958, 962 (5th Cir. 1996). Provided those principles are adhered to, a contemnor can be ordered to pay the Court a fee, *id*. at 378, to compensate for the "actual loss to the complainant caused by the actions of [the contemnor]," *Schwartz v. Rent-A-Wreck America*, 261 F. Supp. 3d 607, 617 (D. Md. 2017); *see also Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 455-56 (1932) ("a proceeding for civil contempt is for the purpose of compensating the injured party"). A party is entitled to compensatory relief constituting attorney's

1

fees incurred in prosecuting a contempt proceeding. *SEC v. Bilzerian*, 613 F. Supp. 2d 66, 77-78 (D.D.C., May 11, 2009).

## ARGUMENT

**I.      Sovereign immunity bars compensatory civil sanctions.**

Though Defendants Caruso and Frame make a variety of arguments leveled at the requested $100,000.00 compensatory civil contempt sanction, Plaintiff believes there is only one that needs to be addressed: Defendant Caruso's argument that the Eleventh Amendment sovereign immunity doctrine prohibits compensatory civil contempt sanctions against him in his official capacity.

Here, it appears that Defendant Caruso is correct that the Eleventh Amendment prohibits the levying of a *compensatory* civil contempt sanction against government officials who are sued, as Defendants Caruso and Frame were in this matter, solely in their official capacities. *See* Sec. Am. Compl., Dkt. No. 67, at ¶¶ 3, 6; *see Papasan v. Allain,* 478 U.S. 265, 278 (1986) (cleaned up). Though Defendant Frame did not raise this argument in his response to Plaintiff's motion, *see* Dkt. No. 108, 3-11, such sovereign immunity would also apply to him in this circumstance. Plaintiff, therefore, withdraws his request for compensatory civil contempt sanctions against Defendants in the amount of $100,000.00.[1]

However, as this Court recognized, Plaintiff *was* harmed by Defendants' contemptuous actions, and a remedy of some kind is appropriate. *See* Dkt. No. 99 at 16. ("It is clear that Plaintiff was harmed as a result of Defendants' violation of the order"). Plaintiff, therefore, requests leave

---

[1] Though there are no coercive civil contempt fines at issue in this matter, sovereign immunity clearly does not bar such fines.

2

of this Court to amend his Complaint, in order to bring damages claims against appropriate parties to remedy the harm.[2]

## II. The attorney fees sought by Plaintiff are appropriate and are related to the contempt proceedings.

Both Defendant Frame and Defendant Caruso also address the attorney fees that Plaintiff seeks as part of the civil contempt sanctions. Though both Defendants admit that "[a]ttorney's fees are an appropriate civil contempt sanction," they argue that Plaintiff has also sought fees for unrelated work. Dkt. No. 108 at 11-12; Dkt. No. 110 at 6. Defendants argue that attorney fees related to work on Plaintiff's joinder motion and motions related to Plaintiff's mental hygiene proceedings cannot "be construed as work related to the contempt proceedings." Dkt. No. 110 at 6. Defendant Frame further challenges certain fees "pertaining to correspondence, meetings, and communications" relating to the work, arguing that these fees are too vague to be awarded. Dkt. No. 110 at 12. Defendant Caruso challenges $5,142.50 of the $26,007.50 attorney fee amount that Plaintiff sought, while Defendant Frame challenges somewhere between $5,142.50 and $6,762.50 of the requested attorney fee amount.

As an initial matter, Plaintiff sought attorney fees pertaining to counsel's work on the joinder motion and motions related to mental hygiene proceedings at the explicit instruction of this Court. *See* Dkt. No. 99 at 19. More than this, however, the joinder motion and motions related to Plaintiff's mental hygiene proceedings were necessary *only* because of Defendants' contempt in this case. As this Court noted, Plaintiff moved for joinder and began seeking mental hygiene

---

[2] Plaintiff is preparing an amended complaint to add the appropriate claims and will file a formal motion to amend with the amended complaint as soon as practicable. Because Plaintiff Lowe is incarcerated in Missouri, communication is more limited than it was previously, and it will likely take the undersigned several weeks to prepare the amended complaint and review it with the Plaintiff.

3

proceedings records only after it became apparent "to Plaintiff's counsel in this case that something was amiss" following the mental hygiene probable cause hearing. *Id*. at 6. Plaintiff had to seek joinder of Defendant Caruso to this case after it became clear that the West Virginia Department of Health Facilities ("WVDHF") was acting in concert with Defendant Frame to undermine the Court's preliminary injunction ordering Plaintiff to be transferred to a state psychiatric facility. Indeed, without these contemptuous actions, Defendant Caruso would never have been made part of this case.

Similarly, Plaintiff's counsel only sought records relating to Plaintiff's mental hygiene proceedings after it became clear that Defendants used those proceedings to attempt to subvert the Court's order. Furthermore, Plaintiff had to expend such time on this subject because Defendant Caruso opposed Plaintiff accessing said records, both in state and in federal court.

As this Court recognized, fees related to a motion for joinder and motions for access to records were only required because of the contemptuous conduct in which Defendants Frame and Caruso engaged. As such, fees for this work are properly recoverably through civil contempt.

### III. Attorney fees sought by Plaintiff are ancillary monetary relief that is permitted under the Eleventh Amendment.

Finally, though Plaintiff accepts that compensatory civil contempt sanctions against a government official acting in their official capacity is barred by the Eleventh Amendment, attorney fees are generally considered ancillary monetary relief that is recoverable from the state despite the Eleventh Amendment. As the Supreme Court has held, the "line between retroactive and prospective relief cannot be so rigid that it defeats the effective enforcement of prospective relief." *Hutto v. Finney*, 437 U.S. 678, 679 (1979) (holding that plaintiffs were properly awarded attorney fees, paid for by the state, following the refusal of a party to obey a court order). The Court further held that this attorney fee award was "properly treated as ancillary to the federal court's power to

4

impose injunctive relief." *Id*. at 691; *see also Hedberg v. Darlington County Disabilities & Special Needs Bd.*, 1997 U.S. App. LEXIS 36075, *4 (4th Cir. 1997) (finding that the Eleventh Amendment limited plaintiff "to remedial relief only, i.e., reinstatement, prospective injunctive relief, and attorney's fees").

Plaintiff does not dispute that the compensatory civil contempt sanctions in the amount of $100,000.00 he originally sought are barred by sovereign immunity and submits that the appropriate recourse for the harm done to Plaintiff is through adding damages claims to his complaint. The attorney fees, however, are properly understood as ancillary monetary relief and are *not* prohibited by sovereign immunity. Plaintiff's request for attorney fees should therefore be granted against Defendant Caruso and Defendant Frame.

## CONCLUSION

As this Court has found, Defendants acted in contempt of the Court's May 23, 2025, order, harming Plaintiff. As discussed more fully above, Plaintiff seeks leave of this Court to amend his Complaint to include damages claims. Plaintiff withdraws his request for compensatory civil sanctions in the amount of $100,000.00 but reiterates his request for attorney fees in the full amount of $26,007.50 and costs in the amount of $355.24.

**Respectfully submitted,**
**Keith Lowe,**
By counsel:

/s/ *Lesley M. Nash*
Lesley M. Nash (WVSB #14158)
Lydia C. Milnes (WVSB #10598)
Mountain State Justice, Inc.
1029 University Ave., Ste. 101
Morgantown, WV 26505
Telephone: (304) 326-0188
lesley@msjlaw.org
lydia@msjlaw.org